Dorothy A. O'Brien
O'Brien & Marquard, P.L.C.
2322 E. Kimberly Road Ste. 100E
Davenport, IA 52807
Telephone: (563) 355-6060
Fax: (563) 355-6666
Email: dao@emprights.com

Justin M. Swartz (*pro hac vice* motion forthcoming*)*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Fax: (212) 977-4005
E-Mail: jms@outtengolden.com

Gregg I. Shavitz (*pro hac vice* motion forthcoming)
Paolo Meireles (*pro hac vice* motion forthcoming)
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-Mail: pmeireles@shavitzlaw.com

*Attorneys for Plaintiffs and proposed Collective and Class Members*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| MARIA MELLER, DEBRA ANDERSON, CYNTHIA PASH, and EDDIE CAPOVILLA, on behalf of themselves and classes of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF THE WEST, <br><br> Defendant. | Case No.: 3:18-cv-33 <br><br> **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND STATE WAGE AND HOUR LAW** <br><br> **COLLECTIVE ACTION** <br><br> **CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Maria Meller, Debra Anderson, Cynthia Pash, and Eddie Capovilla ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, O'Brien & Marquard, P.L.C., Outten & Golden LLP and Shavitz Law Group, P.A., upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.       This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers who worked as Customer Service Managers ("CSMs") at Bank of the West branch locations in the United States.

2.       Defendant Bank of the West ("Bank of the West" or "Defendant") has over $600 billion in assets and more than 600 bank branch locations in 19 different states.

3.       Defendant employed CSMs, such as Plaintiffs and others similarly situated, at Bank of the West branch locations nationwide.

4.       Bank of the West branch locations are open as many as 10 hours a day.  Many locations are open six, or even seven, days a week.

5.       In order to serve Bank of the West customers during these extended hours, Bank of the West CSMs spent the vast majority of their time performing the same duties as non-exempt hourly tellers and assistant customer service managers.  Specifically, Bank of the West CSMs' primary duties, which occupy the majority of their time, were working on the teller line, selling Bank of the West's products and services, and performing routine audits.  Bank of the West CSMs who were classified as exempt were required to perform this non-exempt work in order to meet the branch locations' staffing needs for its customer service and sales functions.

COMPL. UNDER FLSA & STATE LAW

6.     Throughout the relevant period, it was Defendant's nationwide policy uniformly to classify CSMs as exempt from federal and state overtime provisions and not to pay CSMs any overtime wages.

7.     In order to meet the branches' staffing needs for their customer service, sales, and routine operations functions, Defendant regularly required CSMs to work in excess of 40 hours per week.

8.     The primary duties of CSMs were non-exempt: sales, customer service, and operations.  These primary duties did not vary significantly from one Bank of the West branch to another throughout the United States.

9.     The primary duties of CSMs did not fall under any of the exemptions as defined by federal or state overtime laws.

10.     By the conduct described in this Class and Collective Action Complaint, Defendant has willfully violated the Fair Labor Standards Act ("FLSA"), as well as various state employment laws, by failing to pay CSMs, including Plaintiffs, proper overtime wages as required by law.

11.     Plaintiffs Maria Meller, Debra Anderson, Cynthia Pash, and Eddie Capovilla ("FLSA Plaintiffs") bring this action on behalf of themselves and similarly situated current and former employees of Defendant who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived FLSA Plaintiffs and others similarly situated of their lawfully earned wages.

12.     Plaintiffs Cynthia Pash, Debra Anderson, and Eddie Capovilla (the "California Plaintiffs") also bring this action on behalf of all persons who were employed by Defendant in California as a CSM (hereinafter the "California Class"), at any time from October 1, 2013,

through the date of the final disposition of this action (the "California Class Period"), and who

were, are, or will be improperly classified as exempt from overtime pay under California law.

## THE PARTIES

### *Plaintiffs*

### *Maria Meller*

13.     Plaintiff Maria Meller is an adult individual who is a resident of Riverside, Iowa.

14.     Maria Meller was employed by Defendant from approximately August 2001 to

November 2013.  From approximately September 2003 through November 2013, she worked as a

CSM in the Bank of the West branch located in Coralville, Iowa.

15.     Maria Meller is a covered employee within the meaning of the FLSA.

### *Debra Anderson*

16.     Plaintiff Debra Anderson is an adult individual who is a resident of Rancho

Cucamonga, California.

17.     Anderson was employed by Defendant from approximately July 1990 to February

2014.  Throughout this period, she worked as a CSM in the Bank of the West branch located in

Sierra Madre, California.

18.     Anderson is a covered employee within the meaning of the FLSA and California

law.

### *Cynthia Pash*

19.     Plaintiff Cynthia Pash is an adult individual who is a resident of Stockton,

California.

20.     Pash has been employed by Defendant from approximately January 2013 to

October 2017.  From approximately January 2013 through April 2016, she worked as a CSM at

the Bank of the West branch located in Stockton, California.

Pash is a covered employee within the meaning of the FLSA and California law.

### *Eddie Capovilla*

21.     Plaintiff Eddie Capovilla is an adult individual who is a resident of Hollywood, California.

22.     Capovilla was employed by Defendant from approximately January 2009 to October 2013.  Throughout this period, he worked as a CSM at the Bank of the West branch located in Santa Barbara, California.

23.     Capovilla is a covered employee within the meaning of the FLSA and California law.

24.     FLSA Plaintiffs consent to sue for violations of the FLSA, pursuant to 29 U.S.C. §§ 216(b) and 256.

25.     FLSA Plaintiffs' Consent to Join forms are attached hereto as **Exhibit A.**

### *Defendant Bank of the West*

26.     Defendant Bank of the West is incorporated in California and has its principal place of business in San Francisco, California.

27.     Throughout the relevant period, Bank of the West employed Plaintiffs and similarly situated employees within the meaning of the FLSA and California law.  Bank of the West has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

28.     Bank of the West is a covered employer within the meaning of the FLSA and California law and, at all times relevant, employed Plaintiffs and similarly situated employees.

29.     At all times relevant, Bank of the West maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

30.     Bank of the West applied the same employment policies, practices, and procedures to all CSMs nationwide.

31.     At all times relevant, Bank of the West's annual gross volume of sales made or business done was not less than $500,000.

32.     Bank of the West is the entity listed on Plaintiffs' paystubs and W-2 forms.

<u>**JURISDICTION AND VENUE**</u>

33.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the FLSA, 29 U.S.C. § 216(b).

34.     This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

35.     In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the California Plaintiffs' state law wage and hour claims because those claims derive from a common nucleus of operative fact.

36.     The United States District Court for the Southern District of Iowa has personal jurisdiction over Defendant.  Defendant does business in Iowa and in this District.  In addition, acts complained of and giving rise to the claims alleged occurred in Iowa and in this District.

37.     Venue is proper in this District pursuant 28 U.S.C. § 1391(b)(2) because events or omissions giving rise to the claims occurred in this District.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

38.     Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who elect to opt into this action

who worked for Defendant as CSMs at any Bank of the West branch location in the United States, on or after October 1, 2013 who elect to opt-in to this action (the "FLSA Collective").

39.    All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

40.    As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

41.    Willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

42.    Willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

43.    Willfully failing to record all of the time that their employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendant.

44.    Defendant is aware or should have been aware that federal law required Defendant to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

45.    Plaintiffs and the FLSA Collective all performed the same primary duty.

46.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

*The California Class*

47.    The California Plaintiffs bring the Second, Third, Fourth, Fifth, and Sixth Claims for Relief for violation of California's wage and hour laws as a class action, pursuant to Fed. R. Civ. P. 23 (a) and (b)(3), on behalf of the California Class.

48.    <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)) – The California Class is so numerous that joinder of all members is impracticable.  The California Plaintiffs are informed and believe, and on that basis allege, that during the California Class Period Defendant has employed at least 100 persons who satisfy the definition of the California Class.

49.    <u>Commonality</u> (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

50.    Whether Defendant unlawfully failed to pay overtime compensation to the California Plaintiffs and California Class members in violation of Cal. Wage Order No. 4-2001 and Cal. Labor Code §§ 510, 1194;

51.    Whether Defendant unlawfully failed to keep and furnish the California Plaintiffs and California Class members with records of hours worked in violation of Cal. Wage Order No. 4-2001 and Cal. Labor Code §§ 226, 1174, & 1174.5;

52.    Whether Defendant unlawfully failed to pay CSMs all compensation due upon discharge in violation of Cal. Labor Code §§ 201-203;

53.    Whether Defendant unlawfully failed to provide the California Plaintiffs and California Class members with meal and rest breaks in violation of Cal. Wage Order No. 4-2001 and Cal. Labor Code §§ 226.7, & 512;

54.    Whether Defendant engaged in unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., through its above-mentioned violations of law; and

55.    The proper measure of damages sustained by members of the California Class.

56.     <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – The California Plaintiffs' claims are typical of California Class members' claims.  The California Plaintiffs, like other California Class members, were subjected to Defendant's policy and practice of failing to pay overtime compensation to the California Plaintiffs and California Class members, unlawfully failing to keep and furnish them with records of hours worked, and unlawfully failing to provide them with meal and rest breaks, in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., and the California Labor Code and related regulations, Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194; Cal. Labor Code §§ 226.7, & 512; Cal. Labor Code §§ 226, 1174, & 1174.5; Cal. Labor Code §§ 2698-2699.5.  The California Plaintiffs' job duties and claims were and are typical of those of the California Class members.

57.     <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – The California Plaintiffs have no conflicts with California Class members and will fairly and adequately represent and protect the interests of the California Class members.

58.     <u>Adequacy of counsel</u> (Fed. R. Civ. P. 23(g)) – The California Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.  The California Plaintiffs' counsel has litigated numerous class actions on behalf of bank assistant managers asserting overtime misclassification claims under the FLSA and state law.  The California Plaintiffs' counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all California Class members.

59.     <u>Predominance and superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation because

of Defendant's common and uniform policies and practices of unlawfully failing to pay overtime compensation to the California Plaintiffs and California Class, unlawfully failing to keep and furnish them with records of hours worked, unlawfully failing to provide them with meal and rest breaks, and unlawfully failing to pay all wages due upon discharge, in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., and the California Labor Code and related regulations, Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194; Cal. Labor Code §§ 226.7, & 512; Cal. Labor Code §§ 226, 1174, & 1174.5; Cal. Labor Code §§ 2698-2699.5. The damages suffered by individual California Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

60.    <u>Notice</u> (Fed. R. Civ. P 23(c)(2)(B)) – The California Plaintiffs intend to send notice to all members of the California Class to the extent required by Rule 23.

## **COMMON FACTUAL ALLEGATIONS**

61.    Throughout their employment with Defendant as CSMs at Bank of the West branch locations, Plaintiffs and the members of the FLSA Collective and California Class consistently worked more than 40 hours per workweek.

62.    Defendant was aware that Plaintiffs and the members of the FLSA Collective and California Class worked more than 40 hours per workweek, yet Defendant failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek.

63.    Defendant failed to keep accurate records of the hours that Plaintiffs and the members of the FLSA Collective and California Class worked.  That is, their hours were not recorded on paystubs, and they were not required to clock in or out, or otherwise record their time worked.

64.     The primary duties of Plaintiffs and the members of the FLSA Collective and the California Class were not managerial.

65.     The primary duties of Plaintiffs and the members of the FLSA Collective and California Class were non-exempt duties, including performing the same duties of the hourly-paid, non-exempt bank tellers and assistant customer service managers.  These duties included providing customer service to bank patrons and selling bank products and services, and performing routine operational tasks, such as counting money in the teller drawers, and vault. Plaintiffs and the members of the FLSA Collective and California Class spent the vast majority of their time performing these non-exempt duties.

66.     Plaintiffs and the members of the FLSA Collective and the California Class were required to meet sales revenue goals that determined whether they were eligible to receive incentive compensation.  Defendant evaluated the job performance of Plaintiffs and members of the FLSA Collective and California Class, in part, against these sales revenue goals.

67.     Plaintiffs and the members of the FLSA Collective and California Class were closely supervised by their branch managers and their regional managers and did not perform work related to the management or general business operations of Defendant.  Branch managers were responsible for the overall performance of the branches and for coaching and developing bank employees.

68.     Plaintiffs and the members of the FLSA Collective and California Class did not exercise a meaningful degree of discretion or independent judgment with respect to matters of significance in the performance of their duties.  Rather, they were required to follow closely the policies, practices, and procedures set by Defendant, as well as state and federal banking regulations.  Plaintiffs and the members of the FLSA Collective and California Class did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

69.     Plaintiffs and the Class Members did not have authority (a) to create or implement management policies, practices, and procedures for Defendant; (b) to commit Defendant in matters having significant financial impact; (c) to set employees' wages; (d) to determine how many labor hours could be allocated to their branches; or (e) to hire, fire, or promote employees.

### FIRST CLAIM FOR RELIEF
### Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*,
### (Brought by FLSA Plaintiffs on Behalf of Themselves and the FLSA Collective)

70.     FLSA Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

71.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

72.     FLSA Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

73.     At all relevant times, FLSA Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

74.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

75.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

76.     At all times relevant, FLSA Plaintiffs and other similarly situated individuals were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

77.     Defendant has failed to pay FLSA Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

78.     Defendant's violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and other similarly situated current and former employees.

79.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

80.     As a result of Defendant's willful violations of the FLSA, FLSA Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

81.     As a result of the unlawful acts of Defendant, FLSA Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*,**
**Brought by the California Plaintiffs on Behalf of themselves**
**and the California Class)**

82.     The California Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

83.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

84.     Beginning at a date unknown to the California Plaintiffs, but at least as long ago as four years ago, Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.  Defendant's conduct as herein alleged has injured the California Plaintiffs and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to the California Plaintiffs and California Class members.

85.     Defendant engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

        a)  The Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.;

        b)  California Labor Code § 1194;

        c)  California Labor Code §§ 201-203, 226, 226.7, and 512;

        d)  California Labor Code § 1174; and

        e)  California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

86.     Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute separate and independent violations of the UCL.  Defendant's conduct described herein violated the policy or spirit of such laws or otherwise significantly threatened or harmed competition.

87.     The unlawful and unfair business practices and acts of Defendant, described above, have injured the California Class in that they were wrongfully denied the payment of earned overtime wages.

88.     The California Plaintiffs, on behalf of themselves and the California Class, seek restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

89.     The California Plaintiff, on behalf of themselves and the California Class, seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218.5 and 1194.

### THIRD CLAIM FOR RELIEF
### (Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194, Brought by the California Plaintiffs on Behalf of Themselves and the California Class)

90.     The California Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

91.     California law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per week, or over eight per day.

92.     The California Plaintiffs and California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

93.     Throughout the California Class Period, the California Plaintiffs and California Class members worked in excess of eight hours in a workday and/or 40 hours in a workweek.

COMPL. UNDER FLSA & STATE LAW

The California Plaintiffs and certain California Class members also worked in excess of 12 hours in a workday.

94.     During the California Class Period, Defendant misclassified the California Plaintiffs and California Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

95.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Plaintiffs and California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### FOURTH CLAIM FOR RELIEF
### (California Record-Keeping Provisions, Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226, 1174, & 1174.5, Brought by the California Plaintiffs on Behalf of Themselves and the California Class)

96.     The California Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

97.     Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to the California Plaintiffs and California Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused injury to the California Plaintiffs and the California Class members, by among other things, impeding them from knowing the amount of wages to they were and are entitled.  At all times relevant herein, Defendant has failed to maintain records of hours worked by the California Plaintiffs and California Class members as required under Labor Code § 1174(d).

98.     The California Plaintiffs and California Class members are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and

further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period.

**FIVE CLAIM FOR RELIEF**
**(California Meal and Rest Period Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226.7, & 512,**
**Brought by the California Plaintiffs on Behalf of Themselves**
**and the California Class)**

99.     The California Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

100.     The California Plaintiffs and the California Class members regularly work and/or have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, and more than 10-hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001, § 11(a).

101.     In addition, the California Plaintiffs and California Class members regularly work and have worked without being afforded at least one 10-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by Labor Code §§ 226.7 and Wage Order No. 4-2001, § 12.

102.     As a result of Defendant's failure to afford proper meal periods, Defendant is liable to the California Plaintiffs and California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

103.     As a result of Defendant's failure to afford proper rest periods, Defendant is liable to the California Plaintiffs and California Class members for one hour of additional pay at the

regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 12(b).

## SIXTH CLAIM FOR RELIEF
### (California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203, Brought by the California Plaintiffs on Behalf of Themselves and the California Class)

104.    The California Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

105.    California Labor Code §§ 201 and 202 require Defendant to pay all compensation due and owing to former CSMs immediately upon discharge or within 72 hours of their termination of employment. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for such "waiting time" penalties in the form of continued compensation up to 30 work days.

106.    Defendant willfully failed to pay the California Plaintiffs and California Class Members who are no longer employed by Defendant compensation due upon termination as required by California Labor Code §§ 201 and 202.  As a result, Defendant is liable to the California Plaintiffs and former employee California Class members waiting time penalties provided under California Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## SEVENTH CLAIM FOR RELIEF
### (Cal. Labor Code §§ 2698-2699.5 – PAGA Claims for Civil Penalties (Brought on behalf of Plaintiff Pash and Other Aggrieved Employees)

107.    Plaintiff Pash re-alleges and incorporates by reference all allegations in the preceding paragraphs.

108.    Under the California Private Attorneys General Act ("PAGA") of 2006, Cal. Labor Code §§ 2698-2699.5, an aggrieved person can bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and

Industrial Welfare Commission Wage Orders.  These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved person, pursuant to Cal. Labor Code § 2699.

109.    Pursuant to Cal. Labor Code § 2699, Defendant's failure to pay overtime wages to Plaintiff Pash and other aggrieved employees, failure to provide Plaintiff Pash and other aggrieved employees with appropriate meal and rest breaks, failure to keep and furnish them with records of hours worked, and failure to pay them all wages due immediately upon discharge and within the time required by law, were unlawful and constitute violations of the California Labor Code, each actionable under PAGA.

110.    Plaintiff Pash alleges, on behalf of herself and other aggrieved employees, as well as the general public, that Defendant has violated the following provisions of the California Labor Code that are actionable through the California Labor Code and PAGA, as previously alleged herein: Cal. Labor Code §§ 510, 1194, 226, 1174, 1174.5, 226.7, 512, and 201-203.  Each of these violations entitles Plaintiff Pash, as a private attorney general, to recover the applicable statutory civil penalties on his own behalf, on behalf of all those aggrieved, and on behalf of the general public.

111.    Cal. Labor Code § 2699(a), which is part of PAGA, provides in pertinent part:

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in § 2699.3.

Cal. Labor Code § 2699(f), which is part of PAGA, provides in pertinent part:

For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as

follows: ... (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

112.    Plaintiff Pash is entitled to civil penalties, to be paid by Defendant and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(a) for Defendant's violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is already specifically provided by law.  Further, Plaintiff Pash is entitled to civil penalties, to be paid by Defendant and allocated as PAGA requires, pursuant to Cal. Labor Code § 2699(f) for Defendant's violations of the Cal. Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

113.    On January 9, 2017, Plaintiff Pash provided written notice to the California Labor & Workforce Development Agency ("LWDA") through the LWDA website, and to Defendant via certified mail, of the legal claims and theories of this case.

114.    As of March 15, 2017, sixty-five (65) days had elapsed since the date of Plaintiff's notice to the LWDA.  Plaintiff Pash has not received notice of the LWDA's intent to investigate Plaintiff's PAGA complaint. Accordingly, Plaintiff Pash may assert this claim pursuant to Labor Code § 2699.3(a)(2)(A).

115.    Under PAGA, Plaintiff Pash and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and Wage Orders that are alleged in this Class Action and Collective Action Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the FLSA Collective, request the following relief:

A.      Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of

COMPL. UNDER FLSA & STATE LAW

the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert

timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29

U.S.C. § 216(b);

B.      An award of damages, according to proof, including liquidated damages, to be

paid by Defendant;

C.      Costs of action incurred herein, including expert fees;

D.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

E.      Post-judgment interest, as provided by law; and

F.      Such other relief as this Court deems necessary, just, and proper.

**WHEREFORE**, the California Plaintiffs, on behalf of themselves and all California Class

members they seek to represents, request the following relief:

A.      Certification of this action as a class action on behalf of the California Class;

B.      Designation of the California Plaintiffs as Representatives of the California Class

they seek to represent;

C.      Designation of the California Plaintiffs' counsel of record as Class Counsel for the

California Class;

D.      Appropriate statutory penalties;

E.      An award of damages, liquidated damages, and restitution to be paid by Defendant

according to proof;

F.      Pre-judgment and post-judgment interest, as provided by law;

G.      A reasonable incentive award to compensate the California Plaintiffs for the time

they have spent attempting to recover wages for the California Class members and for the risks

they took in doing so;

H.      Such other relief as the Court may deem just and proper; and

I.      Attorneys' fees and costs of suit, including expert fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.

Respectfully submitted,

Dated:  March 29, 2018                    By:  */S/Dorothy A. O'Brien*
                                                   Dorothy A. O'Brien

Dorothy A. O'Brien
O'Brien & Marquard, P.L.C.
2322 E. Kimberly Road Ste. 100E
Davenport, IA 52807
Telephone: (563) 355-6060
Fax: (563) 355-6666
Email: dao@emprights.com

Justin M. Swartz (*pro hac vice* motion forthcoming)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Fax: (212) 977-4005
E-Mail: jms@outtengolden.com

Gregg I. Shavitz (*pro hac vice* motion forthcoming)
Paolo C. Meireles (pro *hac vice* motion forthcoming)
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-Mail: gshavitz@shavitzlaw.com
E-Mail: pmeireles@shavitzlaw.com

*Attorneys for Plaintiffs and the Proposed Class and Collective*

COMPL. UNDER FLSA & STATE LAW