Dorothy A. O'Brien
O'Brien & Marquard, P.L.C.
2322 E. Kimberly Road Ste. 100E
Davenport, IA 52807
Telephone: (563) 355-6060
Fax: (563) 355-6666
Email: dao@emprights.com

Justin M. Swartz (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Fax: (212) 977-4005
E-Mail: jms@outtengolden.com

Gregg I. Shavitz (*pro hac vice* motion forthcoming)
Paolo Meireles (*pro hac vice* motion forthcoming)
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-Mail: pmeireles@shavitzlaw.com

*Attorneys for Plaintiffs and proposed Collective and Class Members*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| MARIA MELLER, DEBRA ANDERSON, CYNTHIA PASH, and EDDIE CAPOVILLA, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF THE WEST,<br><br>Defendant. | Case No.: 18-cv-00033-JAJ-RAW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PROPOSED NOTICES OF SETTLEMENT** |

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

STATEMENT OF FACTS ................................................................................... 1

PROCEDURAL BACKGROUND........................................................................ 2

    I.     Investigation............................................................................ 2

    II.    Mediation and Settlement Negotiations.................................. 2

    III.   The Litigation.......................................................................... 3

SUMMARY OF THE SETTLEMENT TERMS ................................................... 4

    I.     Settlement Payments............................................................... 4

    II.    Settlement Classes .................................................................. 4

    III.   Allocation Formula ................................................................ 4

    IV.   Releases................................................................................... 5

    V.    Attorneys' Fees and Costs ...................................................... 6

    VI.   Settlement Claims Administrator............................................. 6

    VII.  Class Action Settlement Procedure........................................ 6

ARGUMENT ...................................................................................................... 8

    I.     Preliminary Approval of The Proposed Settlement Is Appropriate........................ 8

    II.    The Proposed Settlement Is Fair, Adequate, And Reasonable. ............................ 10

        A.    The Proposed Settlement Is the Product of Extensive, Arm's-Length Negotiations. ................................... 10

        B.    The Settlement Contains No Deficiencies. ................................. 11

        C.    The Reaction of Class Members Has Been Private .................................. 11

        D.    The Settlement Is Substantial in Light of the Risks of Litigation............. 11

    III.   Conditional Certification of The Settlement Classes Is Appropriate.................... 12

A.    The Classes Are So Numerous That Joinder of All Members Is Impracticable...............................................................................13

B.    The Questions of Law and Fact Common to the Classes Predominate Over Questions Affecting Only Individual Class Members. ...................14

C.    Named Plaintiffs' Claims Are Typical of the Claims of the Class Members. ....................................................................................15

D.    Named Plaintiffs Will Fairly and Adequately Protect the Interests of the Class......................................................................................17

E.    A Class Action Is Superior to Other Available Methods.........................18

IV.    Plaintiffs' Counsel Should Be Appointed as Class Counsel...............................19

V.    The Proposed Notice Is Appropriate....................................................................19

CONCLUSION .........................................................................................................20

# TABLE OF AUTHORITIES

**CASES**                                                                                                    **PAGE(S)**

*Ark. Educ. Ass'n. v. Bd. of Educ. of Portland, Ark. Sch. Dist.*,
446 F.2d 763 (8th Cir. 1971) ................................................. 13

*Beckman v. KeyBank, N.A.*,
293 F.R.D. 467 (S.D.N.Y. 2013) ........................................... 17

*Bijoux v. Amerigroup New York*, LLC,
No. 14 Civ. 03891 (E.D.N.Y. Feb. 9, 2016) ........................... 17

*Birge v. Brumbaugh & Quandahl P.C.*, LLO,
No. 13 Civ. 8, 2013 WL 5881425 (D. Neb. Oct. 29, 2013)...... 20

*Burch v. Qwest Commc'ns Int'l, Inc.*,
677 F. Supp. 2d 1101 (D. Minn. 2009) .................................. 18

*Clem v. KeyBank, N.A.*,
No. 13 Civ. 789, 2014 WL 2895918 (S.D.N.Y. June 20, 2014).... 12

*Coley v. Clinton*,
635 F.2d 1364 (8th Cir. 1980) .............................................. 15

*Cullan & Cullan LLC v. M-Qube, Inc.*,
No. 13 Civ. 172, 2016 WL 5394684 (D. Neb. Sept. 27, 2016) ..... 9

*Davis v. Armed Forces Bank, N.A.*,
No. 562015 CA 814 (Fla. Cir. Ct. St. Lucie Cnty., Fla. 2015) ..... 12

*Day v. Celadon Trucking Servs., Inc.*,
827 F.3d 817 (8th Cir. 2016) ............................................... 14

*DeBoer v. Mellon Mortg. Co.*,
64 F.3d 1171 (8th Cir. 1995) ........................................... 15, 18

*Donaldson v. Pillsbury Co.*,
554 F.2d 825 (8th Cir. 1977) .............................................. 16

*Esler v. Northrop Corp.*,
86 F.R.D. 20 (W.D. Mo. 1979) ............................................ 14

*In re Fed. Skywalk Cases*,
97 F.R.D. 380 (W.D. Mo. 1983) .......................................... 12

*Gentry v. C & D Oil Co.*,
102 F.R.D. 490 (W.D. Ark. 1984) ........................................ 14

*Greenwald v. Phillips Home Furnishings Inc.*,
   No. 08 Civ. 1128, 2009 WL 259744 (E.D. Mo. Feb. 3, 2009) ...............................................17

*Harju v. Olson*,
   709 F. Supp. 2d 699 (D. Minn. 2010) ...................................................................................14

*Jaguande v. Banco Popular North America*,
   No. CACE15009939 (Fla. Cir. Ct. Broward Cnty., Fla. Aug. 2015)......................................12

*Johnson v. GMAC Mortg. Grp., Inc.*,
   No. 04 Civ. 2004, 2006 WL 2433474 (N.D. Iowa Aug. 21, 2006) .......................................20

*Jones v. Casey's Gen. Stores, Inc.*,
   266 F.R.D. 222 (S.D. Iowa 2009) .................................................................................. *passim*

*Khov v. HSBC USA, Inc.*,
   No. 9399/2015 (Sup. Ct. Kings Cnty., N.Y. 2017).................................................................12

*Klug v. Watts Regulator Co.*,
   Nos. 15 Civ. 61, 16 Civ. 200, 2016 WL 7156478 (D. Neb. Dec. 7, 2016).............................9

*Martinez v. Joe's Crab Shack Holdings*,
   231 Cal. App. 4th 362 (2014) ...............................................................................................15

*McCue v. MB Fin., Inc.*,
   No. 15 Civ. 988, 2015 WL 4522564 (N.D. Ill. July 23, 2015)..............................................12

*Mills v. Capital One, N.A.*,
   No. 14 Civ. 1937, 2015 WL 5730008 (S.D.N.Y. Sept. 30, 2015).........................................12

*Morgan v. United Parcel Serv. of Am., Inc.*,
   169 F.R.D. 349 (E.D. Mo. 1996) ...................................................................................13, 17

*Nerland v. Caribou Coffee Co.*,
   564 F. Supp. 2d 1010 (D. Minn. 2007).................................................................................18

*Nienaber v. Citibank (S. Dakota) N.A.*,
   No. 04 Civ. 4054, 2006 WL 2850535 (D.S.D. Sept. 29, 2006)...............................................9

*Olson v. Citibank (N.Y.)*,
   No. 10 Civ. 2992, 2012 WL 1231787 (D. Minn. Apr. 12, 2012) ..........................................13

*Palacio v. E\*Trade Fin. Corp.*,
   No. 10 Civ. 4030, 2012 WL 1058409 (S.D.N.Y. Mar. 12, 2012) .........................................17

*Paxton v. Union Nat'l Bank*,
   688 F.2d 552 (8th Cir. 1982) .........................................................................................13, 15

*Petrovic v. Amoco Oil Co.*,
  200 F.3d 1140 (8th Cir. 1999) ................................................................ *passim*

*Planned Parenthood Ark. & E. Okla. v. Selig*,
  313 F.R.D. 81 (E.D. Ark. 2016) ..................................................................17

*Puglisi v. TD Bank, N.A.*,
  No. 13 Civ. 637, 2015 WL 4608655 (E.D.N.Y. July 30, 2015) ...........................12

*Reyes v. Altamarea Grp., LLC*,
  No. 10 Civ. 6451, 2010 WL 5508296 (S.D.N.Y. Dec. 22, 2010) .........................20

*Rikard v. U.S. Auto Prot., LLC*,
  287 F.R.D. 486 (E.D. Mo. 2012) .................................................................16

*Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*,
  821 F.3d 992 (8th Cir. 2016) .....................................................................13

*Sav-on Drug Stores, Inc. v. Super. Ct.*,
  34 Cal. 4th 319 (2004) ............................................................................15

*U.S. Fid. & Guar. Co. v. Lord*,
  585 F.2d 860 (8th Cir. 1978) .....................................................................14

*Varacallo v. Mass. Mut. Life Ins. Co.*,
  226 F.R.D. 207 (D.N.J. 2005) ....................................................................20

*Wakefield v. Monsanto Co.*,
  120 F.R.D. 112 (E.D. Mo. 1988) .................................................................14

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
  396 F.3d 96 (2d Cir. 2005) ..........................................................................8

*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516 (3d Cir. 2004) .........................................................................8

*White v. Nat'l Football League*,
  822 F. Supp. 1389 (D. Minn. 1993) ........................................................ *passim*

*Wineland v. Casey's Gen. Stores, Inc.*,
  267 F.R.D. 669 (S.D. Iowa 2009) ...............................................................12

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*,
  396 F.3d 922 (8th Cir. 2005) .....................................................................10

*Wright v. Flagstar Bank FSB*,
  No. 13 Civ. 15069 (PJD), ECF No. 33 (E.D. Mich. Sept. 19, 2014) ...................12

vi

*In re Zurn Pex Plumbing Prods. Liab. Litig.,*
   No. 08 MDL 1958, 2012 WL 5055810 (D. Minn. Oct. 18, 2012)......................................9, 10

## STATUTES

Cal. Lab. Code §§ 201, 202, & 203 ...............................................................................................3

Cal. Lab. Code §§ 226, 1174 and 1174.5......................................................................................3

Cal. Lab. Code §§ 226.7 and 512...................................................................................................3

Cal. Cal. Lab. Code §§ 2698-2699.5 .............................................................................................3

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ....................................................................................3

## OTHER AUTHORITIES

Fed. R. Civ. P. 23 ................................................................................................... *passim*

Herbert B. Newberg & William B. Rubenstein, *Newberg on Class Actions*, §§
   13.10 (5th ed. 2013)................................................................................................................7, 9

## INTRODUCTION

Subject to Court approval, Plaintiffs Maria Meller, Debra Anderson, Cynthia Pash, and Eddie Capovilla and Defendant Bank of the West ("Defendant" or "Bank of the West") have entered into a Settlement Agreement and Release ("Agreement")[1] to settle this wage and hour class and collective action for the significant monetary relief of $2,620,000.00.  The proposed settlement resolves federal Fair Labor Standards Act ("FLSA") claims on a collective opt-in basis and California state law claims on a classwide basis.  This settlement satisfies all of the criteria for preliminary settlement approval under the FLSA and the Federal Rules of Civil Procedure.  Accordingly, Plaintiffs respectfully request that the Court: (1) grant preliminary approval of the settlement; (2) conditionally certify the settlement class for settlement purposes only; (3) appoint Outten & Golden LLP ("O&G"), Shavitz Law Group, P.A. ("SLG"), and O'Brien & Marquard, P.L.C. ("O&M") (collectively, "Plaintiffs' Counsel") as Class Counsel; and (4) approve the Notices of Proposed Settlement of Class and Collective Action Lawsuit and Fairness Hearing ("Notices") (attached as Ex. A to the Agreement) and direct their distribution.[2]

## STATEMENT OF FACTS

Plaintiffs, FLSA Collective Members, and California Class Members, as defined herein, are current and former employees of Defendant who have worked as Customer Service Managers ("CSMs") at Bank of the West's over 600 branch locations in Iowa, California, and approximately 17 other states around the country since October 1, 2013.  Compl. ¶¶ 1, 2.

---

[1]     The Settlement Agreement is attached as Exhibit A to the Declaration of Justin M. Swartz ("Swartz Decl.").  Unless otherwise indicated, all exhibits referenced herein are attached to the Swartz Decl., and all defined terms have the same meaning as set forth in the parties' Agreement.

[2]     For the Court's convenience, a proposed Order is attached as Exhibit B.

Plaintiffs allege that Bank of the West violated the FLSA and California law by improperly

classifying them as exempt employees and failing to pay them and other CSMs overtime wages,

and violated other California labor laws.  Swartz Decl. ¶ 14.  Plaintiffs seek recovery of overtime

wages, California penalties and premiums, restitution, attorneys' fees and costs, interest, and

liquidated damages.  *Id*. ¶ 15.

## PROCEDURAL BACKGROUND

### I.      Investigation

Prior to filing the present lawsuit, Plaintiffs' Counsel conducted a thorough investigation

into the merits of the claims, the proper measure of damages, the legal exemptions that apply to the

banking industry, and the likelihood of class and collective certification.  Swartz Decl. ¶ 16.

Plaintiffs' Counsel conducted in-depth interviews with Plaintiffs and other CSMs to determine

the hours that they worked, the wages they were paid, the nature of their duties and

responsibilities, and other information relevant to their claims.  *Id*. ¶ 17.  Plaintiffs' Counsel also

obtained and reviewed documents from Plaintiffs and other CSMs related to their employment

with Bank of the West.  *Id*. ¶ 18.

### II.     Mediation and Settlement Negotiations

In May 2014, Plaintiffs' Counsel initiated communications with Defendant aimed at

exploring a potential pre-litigation resolution of these claims.  *Id*.  ¶ 19.  The parties subsequently

agreed to attend a pre-suit mediation, in an attempt to settle this matter.  *Id.* ¶ 20.  Prior to the

mediation, Defendant produced summary payroll information for CSMs, which Plaintiffs used to

perform damages calculations for the FLSA Collective and California Class Members.  *Id.* ¶ 21.

Plaintiffs' Counsel also conducted an extensive pre-mediation investigation of the claims,

including interviewing Plaintiffs and other FLSA Collective and California Class Members.

On October 16, 2014, the parties participated in a mediation session in San Francisco, California, which was conducted by experienced wage and hour class action mediator David Rotman. *Id.* ¶ 23.   After a full day of extensive arms-length negotiations, the parties were unable to reach an agreement, but they subsequently agreed to participate in another mediation session, which took place on February 12, 2015, also with Mr. Rotman. *Id.* ¶ 24.   After additional negotiations, and with the continued assistance of Mr. Rotman, the parties ultimately reached an accord resulting in the Agreement, which the parties executed on February 27, 2018. *Id.* ¶ 25.

## III.   The Litigation

As contemplated in the Agreement, on March 29, 2018, Plaintiffs filed a Class and Collective Action Complaint against Defendant in the U.S. District Court for the Southern District of Iowa, on behalf of themselves and other similarly situated CSMs, alleging that Defendant violated the FLSA and California law by improperly classifying them and the other FLSA Collective and California Class Members as exempt from overtime requirements, and failing to pay them overtime wages. *See generally* Compl.; Ex. A (Agreement) § 2.   Plaintiffs also allege that Defendant violated California state record-keeping laws,[3] California meal and rest period provisions,[4] California wage payment provisions,[5] the California Unfair Competition Law,[6] and the California Private Attorneys General Act ("PAGA").[7]   Plaintiffs seek recovery of overtime wages, California penalties and premiums, restitution, attorneys' fees and costs, interest, and liquidated damages, on behalf of themselves and all others similarly situated. *Id.*

---

[3]      Cal. Wage Order No. 4-2001; Cal. Lab. Code §§ 226, 1174 and 1174.5.
[4]      Cal. Wage Order No. 4-2001; Cal. Lab. Code §§ 226.7 and 512.
[5]      Cal. Lab. Code §§ 201, 202, & 203.
[6]      Cal. Bus. & Prof. Code §§ 17200, *et seq.*
[7]      Cal. Lab. Code §§ 2698-2699.5.

## SUMMARY OF THE SETTLEMENT TERMS

### I.     Settlement Payments

Defendant has agreed to pay a Maximum Settlement Amount of $2,620,000.00 to resolve FLSA Collective Opt-Ins and California Class Members' claims.  Ex. A (Agreement) § 1.29.  In addition to FLSA Collective Opt-Ins and California Class Member awards, the Maximum Settlement Amount will cover: (1) Court-approved attorneys' fees and costs for Class Counsel; (2) Court-approved Service Awards to Plaintiffs; (3) all payroll taxes and all other applicable taxes, interest, and penalties; (4) payments to certain individuals whose claims were included in the parties' discussions but which have since fallen outside of the class period; (5) the Settlement Claims Administrator's fees and costs and the costs of all notices; and (6) payment to the California Labor and Workforce Development Agency ("LWDA") of a percentage of penalties allocated to claims under the California Labor Code Private Attorneys General Act.  *Id.*

### II.    Settlement Classes

CSMs who are eligible to receive settlement payments include two groups: (1) all individuals employed by Bank of the West as a CSM in any state other than California between October 1, 2013, and the date on which the Court grants preliminary approval ("Preliminary Approval Date") ("FLSA Collective Members"); and (2) all individuals employed by Bank of the West as a CSM in California between October 1, 2013, and the Preliminary Approval date ("California Class Members").  There are approximately 1,100 FLSA Collective Members and approximately 140 California Class Members.  Swartz Decl. ¶ 26.

### III.   Allocation Formula

Each FLSA Collective and California Class Member's proportionate share of the Net

Class Settlement Fund[8] will be calculated based on weeks worked, as reflected in Bank of the West's reasonably available business records, for FLSA Collective and California Class Members from October 1, 2013 through the Preliminary Approval Date who submit Claim Forms to the Settlement Administrator.  In particular, the Settlement Claims Administrator will assign each FLSA Collective Member one point for each eligible week worked as a CSM and each California Class Member three points for each eligible week worked as a CSM.  Ex. A (Agreement) § 9.5(A)(1)-(2).  The method to be used for computing Eligible Workweeks is expressly set forth in the Agreement.  *Id.* § 1.16.  The Settlement Claims Administrator will then add together all points for all FLSA Collective and California Class Members to obtain a "Denominator," divide the number of points for each FLSA Collective and California Class Member by the Denominator to obtain each individual's "Portion of the Net Class Settlement Fund," and multiply that fractional amount by the Net Class Settlement Fund to determine each individual's Net Amount.  *Id.* § 9.5(A)(3).

## IV.  Releases

All California Class Members who do not opt out of the settlement will release state law wage and hour claims arising out of their employment as a CSM, relating back to the full extent of the applicable statutes of limitations through the Preliminary Approval Date, regardless of whether they return a Claim Form.  *Id.* § 10.1(A).  In addition, all FLSA Collective Opt-Ins and California Class Members who timely return a Claim Form will release all federal wage and hour claims arising out of their employment as a CSM, from October 1, 2013 through the Preliminary

---

[8]     The Net Class Settlement Fund means the remainder of the Gross Class Settlement Amount, after deductions for settlement administration fees and costs, attorneys' fees and costs, employer payroll taxes, Service Awards to Named Plaintiffs, payment to Individual Plaintiffs, and payment to the California LWDA.

5

Approval Date.  *Id.* § 10.1(B).

## V.      Attorneys' Fees and Costs

Plaintiffs' Counsel will apply for up to one-third of the Maximum Settlement Amount as attorneys' fees.  Plaintiffs' Counsel also will seek reimbursement for their reasonable litigation costs and expenses from the Gross Class Settlement Amount.  *Id.* § 9.2.  Plaintiffs will submit an application for attorneys' fees with the Application for Final Approval of the settlement.

## VI.     Settlement Claims Administrator

The parties have agreed to retain Rust Consulting, Inc., an experienced wage and hour claims administrator, to administer the settlement.  *Id.* § 3(A).  As the Settlement Claims Administrator, Rust Consulting, Inc. will be responsible for administering the notice process; calculating the individual settlement payment to be paid to each FLSA Collective and California Class Member; calculating the taxes to be withheld from the settlement payment paid to each FLSA Collective and California Class Member; cutting and sending out the settlement checks to be paid to each FLSA Collective and California Class Member and approved attorneys' fees and costs to Plaintiffs' Counsel; tendering payment to the California LWDA; withholding FLSA Collective and California Class Members' share of taxes to be paid on their behalf and remitting such payments to the appropriate taxing authorities; calculating and paying the employer's share of taxes; and reporting to Defendant's Counsel and Plaintiffs' Counsel regarding these activities. *Id*. §§ 1.42, 3(C), D, 9.5(C).   The Settlement Claims Administrator's fees will be paid from the Gross Class Settlement Amount.  *Id*. § 1.29.

## VII.    Class Action Settlement Procedure

Settlement approval under Federal Rule of Civil Procedure 23 is a three-step process:

1.      Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval;

2. Dissemination of mailed and/or published notice of settlement to all affected class members; and

3. A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*See* Fed. R. Civ. P. 23(e); Herbert B. Newberg & William B. Rubenstein, *Newberg on Class Actions* ("Newberg"), §§ 13.10, et seq. (5th ed. 2013).  This process safeguards class members' procedural due process rights and enables the Court to fulfill its role as the guardian of the class's interests.

The Parties respectfully submit the following proposed schedule for final resolution of this matter for the Court's consideration and approval:

1. Within 15 days of entry of the Preliminary Approval Order, Defendant will provide the Claims Administrator with the contact information for FLSA Collective Members and California Class Members.  Ex. A (Agreement) ¶ 4(A).

2. Within 30 days of entry of the Preliminary Approval Order, the Settlement Claims Administrator will mail the Notices and Claim Forms to all FLSA Collective Members and California Class Members, via First Class United States Mail, to their last known address with an enclosed postage pre-paid return envelope addressed to the Settlement Claims Administrator.  *Id.* ¶ 4(B), (C).  Any Notice returned as undeliverable shall be traced by the Settlement Claims Administrator using reasonable means to obtain a new address or addresses and re-mailed by First Class United States Mail.  *Id.*

3. Within 20 days, and again after 40 days, of the mailing of the Notices and Claim Forms, the Claims Administrator will mail the Court-approved Reminder Notice. *Id.* ¶ 4(D).

4. Notice recipients will have 60 days after the initial mailing of the Notices and Claim Forms to submit a Claim Form.  *Id.* ¶ 2(B).  California Class Members will have 60 days after the initial mailing of the Notices and Claim Forms to submit an Opt-Out Request or object.  *Id.* ¶¶ 5; 6.

5. A Final Fairness hearing will be held as soon as is convenient for the Court after the end of the opt-out period but in no event earlier than ninety (90) days from the date the Preliminary Approval Order is signed in accordance with the Class Action Fairness Act.

6.      No later than 15 days before the Fairness Hearing, Plaintiffs will submit an Application for Final Approval.

7.      After the Fairness Hearing, if the Court grants Application for Final Approval of the Settlement, the Court will issue an Order Granting Final Approval of the Settlement ("Final Approval Order"). *Id.* ¶ 1.22.  If no appeal is taken from the Court's Final Approval Order, the Final Effective Date of the Settlement is the date 30 days after entry of the Court's Final Approval Order. *Id.* ¶ 1.22.  If an individual or party timely appeals the Court's Final Approval Order, the Final Effective Date shall be the date on which all such appeals are resolved in favor of final approval. *Id.*

8.      Within five days of the Final Effective Date, Defendant will deposit all the Maximum Settlement Amount into a Qualified Settlement Fund ("QSF"). *Id.* ¶ 9.1(c).

9.      Within 10 days after the Final Effective Date, the Claims Administrator will mail Settlement Checks to all FLSA Collective Members and California Class Members who timely submitted Claim Forms (all "Authorized Claimants"). *Id.* ¶ 9.7.  Participating FLSA Collective Members and California Class Members will have 120 days to cash their Settlement Checks. *Id.* ¶ 9.1(D).

## ARGUMENT

## I.      Preliminary Approval of The Proposed Settlement Is Appropriate.

The law favors compromise and settlement of class action suits.  *See Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1148 (8th Cir. 1999) ("'[a] strong public policy favors [settlement] agreements'"); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) ("strong judicial policy" particularly favors class action settlements); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ("there is an overriding public interest in settling class action litigation, and it should therefore be encouraged."); *White v. Nat'l Football League,* 822 F. Supp. 1389, 1416 (D. Minn. 1993) (policy favoring "settlement is particularly strong in the class action context."); *see also* Newberg, § 13:14 n.3 ("'[i]f the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and

appears to fall within the range of possible approval,'" the court should permit notice of the

settlement to be sent to class members (quoting *In re Vitamins Antitrust Litig.*, MDL No. 1285,

2001 WL 856292, at *4 (D.D.C. July 25, 2001)).

     The court's focus at the preliminary approval stage is to ensure the proposed settlement

lacks "'any glaring substantive or procedural deficiencies.'" *Cullan & Cullan LLC v. M-Qube,*

*Inc.*, No. 13 Civ. 172, 2016 WL 5394684, at *6 (D. Neb. Sept. 27, 2016); *see also Nienaber v.*

*Citibank (S. Dakota) N.A.*, No. 04 Civ. 4054, 2006 WL 2850535, at *2 (D.S.D. Sept. 29, 2006)

(preliminary approval granted because settlement "appears to have been negotiated at arms-

length" without obvious deficiencies).

     The notice of a class action settlement "need only satisfy the 'broad "reasonableness"

standards imposed by due process.'" *Petrovic*, 200 F.3d at 1153 (quoting *Grunin v. Int'l House*

*of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975)).  Notice is adequate if it is "reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the action

and afford them an opportunity to present their objections." *Id.* To grant preliminary approval,

the Court need only make "a preliminary evaluation of the fairness of the settlement, prior to

notice." *Klug v. Watts Regulator Co.*, Nos. 15 Civ. 61, 16 Civ. 200, 2016 WL 7156478, at *6

(D. Neb. Dec. 7, 2016) (citing Manual for Complex Litigation § 21.632 (4th ed. 2004)).  At this

stage, the Court merely needs to determine whether the proposed settlement is within the "'range

of reasonableness,'" thereby warranting notice to the Class and the scheduling of a fairness

hearing. *Id.* (citing *Newberg on Class Actions* § 11.26 (4th ed. 2002)).

     Preliminary approval is the first step in the settlement process.  It simply allows notice to

issue and for class members to object to or opt out of the settlement.  *See In re Zurn Pex*

*Plumbing Prods. Liab. Litig.*, No. 08 MDL 1958, 2012 WL 5055810, at *5 (D. Minn. Oct. 18,

2012) ("Conditionally certifying a class in connection with preliminary approval allows notice to the class."). After notice issues, the Court will be able to evaluate the settlement with the benefit of class members' input.

## II.     The Proposed Settlement Is Fair, Adequate, And Reasonable.

### A.     The Proposed Settlement Is the Product of Extensive, Arm's-Length Negotiations.

Federal Rule of Civil Procedure 23(e) requires the court "merely to ensure that [a class action settlement] agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005). "There is usually a presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for approval." *In re Zurn*, 2012 WL 5055810, at *6. The Court "should not substitute [its] own judgment as to optimal settlement terms for the judgment of the litigants and their counsel." *Petrovic*, 200 F.3d at 1148-49.

This settlement is the result of extensive, arm's-length negotiations. Swartz Decl. ¶ 27. As discussed above, Plaintiffs' Counsel conducted a thorough investigation into the merits of the claims, the proper measure of damages, the applicable legal exemptions, and the likelihood of class and collective certification. *Id*. ¶ 28. Plaintiffs' Counsel also conducted in-depth interviews with Plaintiffs and other CSMs to determine the hours that they worked, the wages they were paid, the nature of their duties and responsibilities, and other relevant information. *Id*. ¶ 29. In addition, Plaintiffs' Counsel obtained and reviewed documents from Plaintiffs and other CSMs related to their employment with Bank of the West. *Id*. ¶ 30.

Moreover, the parties engaged in two full-day mediation sessions with experienced wage and hour class action mediator David Rotman, and subsequent negotiations to reach the

settlement. *Id*. ¶ 31. These negotiations were at all times hard fought and conducted at arm's-length, and they have produced a result that Plaintiffs' Counsel believes to be in the best interests of the Classes in light of the costs and risks of continued litigation. *Id.* ¶ 32.

**B.     The Settlement Contains No Deficiencies.**

The proposed settlement has no deficiencies. The proposed settlement was reached only after protracted, arm's-length negotiations between the parties and their counsel, who considered the advantages and disadvantages of continued litigation. *Id*. ¶ 27. Plaintiffs' Counsel believes that this settlement achieves all of the objectives of the litigation, namely a substantial monetary settlement to FLSA Collective Members and California Class Members who were subjected to Defendant's allegedly unlawful compensation policies. Plaintiffs' Counsel, who have a great deal of experience in the prosecution and resolution of wage and hour class actions, have carefully evaluated the merits of the case and the proposed settlement. *Id*. ¶ 33.

**C.     The Reaction of Class Members Has Been Positive.**

At this early stage, the fact that all Named Plaintiffs have expressed their support for the settlement by signing the Agreement, Ex. A, weighs in favor of preliminary approval. After notice issues and Class Members have an opportunity to participate, object, or opt out, the Court will be in a better position to assess the extent of the support from Class Members.

**D.     The Settlement Is Substantial in Light of the Risks of Litigation.**

Plaintiffs recognize the substantial risks of the litigation, including the possibility that the lawsuit, if not settled now, might not result in any recovery or might result in a recovery less favorable to the Classes. Plaintiffs would have to overcome the defense that they were subject to the executive exemption and other possible exemptions to overtime coverage. Moreover, Plaintiffs are aware that if this lawsuit continued, any recovery may not occur for several years. While Plaintiffs believe that they would ultimately prevail, the settlement eliminates these risks

and will allow all Class and Collective Members to recover now.

## III.    Conditional Certification of The Settlement Classes Is Appropriate.

For settlement purposes, Plaintiffs seek to certify two non-overlapping Classes of CSMs,

one under Federal Rule of Civil Procedure 23(e) and one under the FLSA.  As discussed below, the

settlement class meets all of requirements for class certification, and Defendant does not oppose

certification for settlement purposes only.  Ex. A (Agreement) §§ 2(B); *see also Jones v. Casey's

Gen. Stores*, *Inc.*, 266 F.R.D. 222, 226 (S.D. Iowa 2009) (conditional certification of assistant

managers in FLSA misclassification class for settlement purposes); *Wineland v. Casey's Gen.

Stores, Inc.*, 267 F.R.D. 669, 673 (S.D. Iowa 2009) (court had conditionally certified FLSA class

for settlement); *In re Fed. Skywalk Cases,* 97 F.R.D. 380, 382 (W.D. Mo. 1983) (parties jointly

moved for conditional certification of class action settlement and approval of notice).[9]

Settlement class certification and appointment of class counsel have several practical

purposes, including avoiding the costs of litigating class status while facilitating a global

---

[9]     Numerous federal and state courts have certified similar classes for settlement purposes
in assistant manager misclassification cases, as we are requesting here.  *See, e.g.*, *Khov v. HSBC
USA, Inc.*, No. 9399/2015 (Sup. Ct. Kings Cnty., N.Y. 2017) (attached as Ex. C) ($4.25 million
classwide settlement involving branch service managers; final approval motion pending); *Mills v.
Capital One, N.A.*, No. 14 Civ. 1937, 2015 WL 5730008, at *1, 2, 18 (S.D.N.Y. Sept. 30, 2015)
(granting final approval of $3 million classwide settlement involving assistant branch managers);
*Puglisi v. TD Bank, N.A.,* No. 13 Civ. 637, 2015 WL 4608655, at *1 (E.D.N.Y. July 30, 2015)
(granting final approval of $9.9 million classwide settlement involving assistant managers);
*McCue v. MB Fin., Inc.*, No. 15 Civ. 988, 2015 WL 4522564, at *1, 4 (N.D. Ill. July 23, 2015)
(granting final approval of $800,000 classwide settlement involving bank customer service
managers); *Davis v. Armed Forces Bank, N.A.*, No. 562015 CA 814 (Fla. Cir. Ct. St. Lucie Cnty.,
Fla. 2015) (attached as Ex. D) (approving $2.1 million collective settlement involving assistant
banking center managers); *Jaguande v. Banco Popular North America*, No. CACE15009939,
(Fla. Cir. Ct. Broward Cnty., Fla. Aug. 2015) (attached as Ex. E) (granting final approval of
$800,000 collective settlement involving assistant branch managers); *Wright v. Flagstar Bank
FSB*, No. 13 Civ. 15069 (PJD), ECF No. 33 (E.D. Mich. Sept. 19, 2014) (attached as Ex. F)
(approving $1.335 million collective settlement involving assistant managers); *Clem v. KeyBank,
N.A.*, No. 13 Civ. 789, 2014 WL 2895918, at *1, 4 (S.D.N.Y. June 20, 2014) (granting final
approval of $3.5 million classwide settlement involving bank client service managers).

settlement, ensuring notification of the terms of the settlement, and setting the date and time of the final approval hearing. *See, e.g., Olson v. Citibank (N.Y.)*, No. 10 Civ. 2992, 2012 WL 1231787, at *1-2 (D. Minn. Apr. 12, 2012) (provisionally certifying settlement class, approving notice to class, and setting final approval hearing); *White*, 822 F. Supp. at 1402 ("[t]he requirements for class certification are more readily satisfied in the settlement context").

Under Rule 23, a class action may be maintained if all of the prongs of Rule 23(a) are met, as well as one of the prongs of Rule 23(b).  Rule 23(a) requires that:

(1)     the class is so numerous that joinder of all members is impracticable;

(2)     there are questions of law or fact common to the class;

(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  Rule 23(b)(3) requires the court to find that:

"[Q]uestions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  *Id*. at (b)(3).

### A.     The Classes Are So Numerous That Joinder of All Members Is Impracticable.

While there are no arbitrary rules regarding the size of the class necessary to meet the numerosity requirement, *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982), the proposed settlement class of approximately 140 California Class Members is well within the realm of courts' interpretations of "numerous."  *See e.g.*, *id.* at 560-61 (affirming certification of a class of 74 persons); *Ark. Educ. Ass'n. v. Bd. of Educ. of Portland, Ark. Sch. Dist.*, 446 F.2d 763, 765-766 (8th Cir. 1971) (20 class members); *Morgan v. United Parcel Serv. of Am., Inc.*,

13

169 F.R.D. 349, 355 (E.D. Mo. 1996) (class of 500 potential members satisfied the numerosity requirement); *Esler v. Northrop Corp.*, 86 F.R.D. 20, 34 (W.D. Mo. 1979) ("the rule contains no explicit numerical limitations.  It has been suggested, however, that generally classes of forty or more persons have been certified").

"Impracticable" does not mean that joinder must be impossible, but instead "extremely difficult or inconvenient to join all the members of the class." *Gentry v. C & D Oil Co.*, 102 F.R.D. 490, 493 (W.D. Ark. 1984).  In the case at bar, joinder would be both impracticable and undesirable, and the "numerosity" requirement has clearly been satisfied.

**B.    The Questions of Law and Fact Common to the Classes Predominate Over Questions Affecting Only Individual Class Members.**

To establish commonality and predominance, there must be "issues common to the class that predominate," even though other matters such as damages or individual affirmative defenses may need to be tried separately.  *Day v. Celadon Trucking Servs., Inc.*, 827 F.3d 817, 833 (8th Cir. 2016).  If the same evidence suffices for each class member to make a prima facie showing, a common question is established.  *See Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *see also U.S. Fid. & Guar. Co. v. Lord*, 585 F.2d 860, 872 (8th Cir. 1978) (class certification for settlement purposes appropriate where there is a "common nucleus of operative facts . . . [e]ven if certain factual disparities exist[] within the class") (citation and internal quotation marks omitted).

Commonality is not required on every issue, but rather is satisfied "'when the legal question linking the class members is substantially related to the resolution of the litigation.'" *Harju v. Olson*, 709 F. Supp. 2d 699, 735 (D. Minn. 2010); *see also Coley v. Clinton*, 635 F.2d 1364, 1378-79 (8th Cir. 1980) (factual differences not fatal to maintenance of class action if common questions of law exist); *Wakefield v. Monsanto Co.*, 120 F.R.D. 112, 116 (E.D. Mo.

14

1988) (commonality met by common policies pervading the class members' claims).

Commonality is met "where the questions linking the class members are substantially related to the resolution of the litigation even though the individuals are not identically situated." *White*, 822 F. Supp. at 1403 (internal quotation marks omitted).  Generalized evidence which proves or disproves an element on a classwide basis typically suffices to establish predominance, such as "a policy and practice of failing to properly document and compensate [Defendant's] Assistant Managers for all hours worked . . . ." *Jones*, 266 F.R.D. at 228-29.

Here, for settlement purposes, Named Plaintiffs and FLSA Collective Members and California Class Members are unified by common factual allegations, namely that Defendant uniformly violated the FLSA and California state laws by failing to pay CSMs the proper overtime compensation for hours worked over forty per workweek, and violated California record-keeping, wage payment and break provisions.  *See id.* at 227-229 (commonality and predominance met in FLSA action challenging the exempt status and practice of failing to properly document and compensate assistant managers); *Martinez v. Joe's Crab Shack Holdings*, 231 Cal. App. 4th 362, 380 (2014), *as modified on denial of reh'g* (Dec. 3, 2014) (citing *Brinker Rest. Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1034 (2012) (misclassification of managerial employees as exempt is "'by nature a common question eminently suited for class treatment[]'")); *Sav-on Drug Stores, Inc. v. Super. Ct.*, 34 Cal. 4th 319, 324, 329-340 (2004) (finding commonality and predominance in California misclassification action involving managers and assistant managers).

### C.     Named Plaintiffs' Claims Are Typical of the Claims of the Class Members.

The essence of typicality is that the representative party must have an individual cause of action and that the representative's interest must be closely identified with those of the class members.  *See DeBoer*, 64 F.3d at 1174 ("The burden of demonstrating typicality is fairly easily

met so long as other class members have claims similar to the named plaintiff[]").

Typicality is generally satisfied when the class representatives' claims "are based on the same legal or remedial theory." *Paxton*, 688 F.2d at 561–62 (internal quotation marks omitted). When the representatives' claims arise from the same practice, course of conduct and legal theory, factual variations are insufficient to preclude class action treatment. *See id.* at 831; *Rikard v. U.S. Auto Prot.*, *LLC*, 287 F.R.D. 486, 490-91 (E.D. Mo. 2012) (typicality shown despite factual differences, based on the same legal theory and uniform course of conduct).

In this case, the Named Plaintiffs' claims are typical of the claims of the FLSA Collective Members and California Class Members they seek to represent, for settlement purposes.  The Named Plaintiffs and FLSA Collective Members and California Class Members all worked for Defendant as CSMs at Bank of the West during the same proposed class period.  Named Plaintiffs allege that Defendant failed to pay them and all FLSA Collective Members and California Class Members overtime wages at time-and-a-half their regular hourly wage for hours worked over 40 per workweek.  Named Plaintiffs who worked for Bank of the West in California further allege that Defendant violated California's provisions relating to record-keeping, meal and rest periods, and timing of wage payments with respect all California Class Members.

Typicality is present because the (i) claims of Named Plaintiffs and FLSA Collective Members and California Class Members arise from the same conduct; (ii) Named Plaintiffs and FLSA Collective Members and California Class Members suffered from the same wrong committed by Defendant for which Defendant is liable; and (iii) Named Plaintiffs' and FLSA Collective Members and California Class Members claims are based on the same legal theory. *See Jones,* 266 F.R.D. at 227-28 (typicality "easily met" with allegation that class representatives and members "were injured by Defendants' course of conduct in improperly calculating and

compensating employees for all hours worked."); *Greenwald v. Phillips Home Furnishings Inc.,* No. 08 Civ. 1128, 2009 WL 259744, at *5 (E.D. Mo. Feb. 3, 2009) ("an allegation that an employer improperly classified certain employees as exempt does not require further proof of a company policy: the classification scheme itself is the policy[]"); *Martinez*, 231 Cal. App. 4th at 376 (citing *Sav-On*, 34 Cal. 4th at 336-37 (finding assistant managers' California overtime claims and potential defenses typical)).

### D.   Named Plaintiffs Will Fairly and Adequately Protect the Interests of the Class.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Courts in the Eighth Circuit find adequacy where (1) the class representatives share common interests with the Class Members, and (2) the class representatives "'will vigorously prosecute the interests of the class through qualified counsel.'"  *Planned Parenthood Ark. & E. Okla. v. Selig*, 313 F.R.D. 81, 89 (E.D. Ark. 2016) (quoting *Paxton*, 688 F.2d at 562-63) (finding adequacy where the class representatives share common issues with the class, do not appear to have antagonistic interests to the class, and "have demonstrated a willingness to prosecute the interests of the class through qualified counsel[]").  Courts presume that class counsel is competent and sufficiently experienced in the absence of proof to the contrary.  *Morgan*, 169 F.R.D. at 357.

Here, Named Plaintiffs have selected counsel capable of adequately representing the class's interests.  *See, e.g.*, *Bijoux v. Amerigroup New York,* LLC, No. 14 Civ. 03891 (E.D.N.Y. Feb. 9, 2016) (appointing O&G as Class Counsel) (attached as Ex. G); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 477 (S.D.N.Y. 2013) (noting that O&G and SLG "are experienced employment lawyers with good reputations among the employment law bar[]"); *Palacio v. E*Trade Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *2 (S.D.N.Y. Mar. 12, 2012)

(appointing O&G and SLG as Class Counsel based on their experience in "numerous wage and hour class and collective actions"); *see also* Swartz Decl. ¶¶ 4-13; Decl. of Gregg Shavitz ("Shavitz Decl.") ¶ 11; Decl. of Dorothy A. O'Brien ("O'Brien Decl.") ¶¶ 1-2.

In addition, Named Plaintiffs have the same interests and seek the same relief as all other FLSA Collective Members and California Class Members—to receive the overtime compensation allegedly owed to them.  *See DeBoer*, 64 F.3d at 1175 (adequacy satisfied where there was no evidence that named plaintiffs' and class members' interests were at odds or that the claims were not vigorously pursued).  Thus, for the purposes of this settlement, the adequacy requirement is satisfied.

### E.      A Class Action Is Superior to Other Available Methods.

Federal Rule of Civil Procedure 23(b)(3) outlines the criteria for class action superiority:

(1)      individual interest of class members in controlling prosecution of the action;
(2)      the extent of similar, separate litigation commenced by members of the class;
(3)      the desirability of concentrating the litigation in a particular forum; and
(4)      the difficulties of managing the class action.

The class action device is superior in this case because FLSA Collective Members and California Class Members have limited financial resources to prosecute individual actions. Employing the class device here will achieve economies of scale, conserve the resources of the judicial system, and avoid the waste and delay of repetitive proceedings and inconsistent adjudications of similar issues and claims.  *See, e.g., Burch v. Qwest Commc'ns Int'l, Inc.,* 677 F. Supp. 2d 1101, 1123 (D. Minn. 2009) ("[t]he class action serves to conserve the resources of the court and the parties by permitting an issue that may affect every class member to be litigated in an economical fashion[]")*; Nerland v. Caribou Coffee Co.,* 564 F. Supp. 2d 1010, 1025 (D. Minn. 2007) ("[t]he purposes of a collective action is to 'allow[ ] . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources.'  For many plaintiffs, a

18

collective action is the only practical method of adjudicating their FLSA claims.").

Finally, "manageability" need not be considered in deciding whether to certify a class for settlement purposes only, as the litigation would not proceed on the basis of the certified settlement class if settlement is unsuccessful. *Jones*, 266 F.R.D. at 229 ("Because the class sought to be certified is for settlement purposes only, the Court need not concern itself with questions of manageability that would arise were this action to proceed in litigation.").

## IV.    Plaintiffs' Counsel Should Be Appointed as Class Counsel.

Plaintiffs' Counsel have done substantial work identifying, investigating, prosecuting, and settling the claims; have substantial experience prosecuting and settling wage and hour class actions; are well-versed in wage and hour and class action law; and are well-qualified to represent the interests of the class. *See* Swartz Decl. ¶¶ 16-25. Moreover, courts have found Plaintiffs' Counsel to be adequate class counsel in wage and hour class and collective actions. Swartz Decl. ¶¶ 4-13; *see also* Shavitz Decl. ¶¶ 4-11; O'Brien Decl." ¶ 2.

## V.    The Proposed Notice Is Appropriate.

The Notice complies with Federal Rule of Civil Procedure 23(c)(2)(B), which states that the notice to members of a class certified per Rule 23(b)(3) must include:

(a)    the nature of the action;
(b)    the definition of the class certified;
(c)    the class claims, issues, or defenses;
(d)    that a class member may enter an appearance through an attorney if the member so desires;
(e)    that the court will exclude from the class any member who requests exclusion;
(f)    the time and manner for requesting exclusion; and
(g)    the binding effect of a class judgment on members under Rule 23(c)(3).

The Notice here clearly encompasses these criteria. Ex. A (Settlement Agreement, Ex. A (Notices). The Notice is written in plain English and is organized and formatted so as to be as

19

clear as possible.  It is based on the model notice forms provided by the Federal Judicial Center ("FJC") on its website (www.fjc.gov).  See *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2010 WL 5508296, at *2 (S.D.N.Y. Dec. 22, 2010) (approving FLSA collective action notice based on FJC model); *Varacallo v. Mass. Mut. Life Ins. Co*., 226 F.R.D. 207, 224-25 (D.N.J. 2005) (same regarding class settlement notice).  The Notice also describes the allocation formula, the estimated amount to which the Class Members are entitled, the opt-in process, the scope of the release, the fees and costs that Plaintiffs' Counsel will seek and the proposed Service Awards to Named Plaintiffs.  *Id*. at ¶ 6.  The Notice provides contact information for Plaintiffs' Counsel and will disclose the date, time, and place of the Fairness Hearing.  *Id*. at ¶¶ 17, 20.  *See Birge v. Brumbaugh & Quandahl P.C.,* LLO, No. 8:13 Civ. 8, 2013 WL 5881425, at *2 (D. Neb. Oct. 29, 2013) (approving notice of class action settlement that complied with Rule 23(c)(2)(B)); *Johnson v. GMAC Mortg. Grp., Inc.,* No. 04 Civ. 2004, 2006 WL 2433474, at *4 (N.D. Iowa Aug. 21, 2006) (approving notice and opt-in form that met the requirements of Rules 23(c)(2)(B), 23(e) and 23(h)(1) (advising of attorneys' fees)).

The Settlement Claims Administrator will take reasonable steps to obtain the correct addresses of any FLSA Collective Members and California Class Members whose notice is returned as undeliverable and will attempt up to two re-mailings.  Ex. A (Agreement) ¶ 4.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion for Preliminary Approval of the Class Action Settlement, Conditional Certification of the Settlement Class and Collective, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notices of Settlement, and enter the Proposed Order.

Dated: New York, New York
      April 12, 2018

Respectfully submitted,

/s/ *Justin M. Swartz*

OUTTEN & GOLDEN LLP
Justin M. Swartz (admitted *pro hac vice*)
685 Third Ave., 25th Floor
New York, NY 10017
(212) 245-1000
jms@outtengolden.com

Dorothy A. O'Brien
O'Brien & Marquard, P.L.C.
2322 E. Kimberly Road Ste. 100E
Davenport, IA 52807
Telephone: (563) 355-6060
Fax: (563) 355-6666
Email: dao@emprights.com

SHAVITZ LAW GROUP, P.A.
Gregg I. Shavitz (*pro hac vice* motion
forthcoming)
Paolo C. Meireles (*pro hac vice* motion
forthcoming)
1515 S. Federal Hwy., Suite 404
Boca Raton, FL 33486
(561) 447-8888
gshavitz@shavitzlaw.com
pmeireles@shavitzlaw.com

*Attorneys for Plaintiffs and the Putative
Collective and Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 12, 2018, the above document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By: */s/ Justin M. Swartz*
Justin M. Swartz