## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| MARIA MELLER, DEBRA ANDERSON, CYNTHIA PASH, and EDDIE CAPOVILLA, on behalf of themselves and those similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>BANK OF THE WEST,<br><br>            Defendant. | Case No.: 18-cv-00033-JAJ-RAW<br><br>**DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PROPOSED NOTICES OF SETTLEMENT** |

I, Justin M. Swartz, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

    1.    I am a partner at Outten & Golden LLP ("O&G") in New York, New York, Class Counsel herein, and co-chair of its Class Action Practice Group.  O&G is a 60-plus attorney firm based in New York City, with additional offices in Chicago, San Francisco, and Washington, D.C., that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class action litigation involving wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

    2.    Along with lawyers from Shavitz Law Group, P.A., and O'Brien & Marquard, P.L.C., I am one of the lawyers primarily responsible for prosecuting Plaintiffs' claims on behalf of the Class.

    3.    I make these statements in support of Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notices of Settlement based on personal knowledge and would so testify if called as a witness at trial.

**My Background and Experience**

4. I received a Juris Doctor degree from DePaul University School of Law in 1998 with honors. Since then, I have exclusively represented plaintiffs in employment litigation and other employee rights matters.

5. I was admitted to the bar of the State of Illinois in 1998 and the bar of the State of New York in 2002. I am also admitted to the bars of the Second Circuit Court of Appeals, the United States District Courts for the Western, Eastern, and Southern Districts of New York, and the Northern District of Illinois. I am a member in good standing of each of these bars.

6. From September 1998, through February 2002, I was associated with Stowell & Friedman, Ltd. in Chicago, Illinois, where I represented plaintiffs in class and multi-plaintiff employment discrimination cases. From March 2002 through October 2003, I worked for Goodman & Zuchlewski, LLP in New York City where I represented employees in discrimination cases and other employee rights matters.

7. Since joining O&G in December 2003, I have been engaged primarily in prosecuting wage and hour class and collective actions and class action discrimination cases.

8. I am or was co-lead counsel on several wage and hour cases that district courts have certified as class actions and/or collective actions including *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29. 2006), in which the Court granted summary judgment in favor of Plaintiffs and a class of more than 300 grocery store workers, *see* 628 F. Supp. 2d 447 (S.D.N.Y. Aug. 28, 2008). Others include *Lauture v. A.C. Moore Arts & Crafts, Inc.*, No. 17 Civ. 10219, 2017 WL 6460244, at *1 (D. Mass. June 8, 2017) (approving settlement of nationwide FLSA collective action settlement); *Briggs v. PNC Financial Services Group, Inc.*, No. 15 Civ. 10446, 2016 WL 1043429 (N.D. Ill. Mar. 16, 2016)

(certifying collective of nationwide assistant managers); *Watson v. Jimmy John's, LLC*, No. 15 Civ. 6010, 2015 WL 7180516, at *1 (N.D. Ill. Nov. 13, 2015) (same); *Flood v. Carlson Restaurants Inc.*, No. 14 Civ. 2740, 2015 WL 260436, at *1 (S.D.N.Y. Jan. 20, 2015) (certifying collective of nationwide tipped workers); *Aboud v. Charles Schwab & Co.*, No. 14 Civ. 2712, 2014 WL 5794655, at *2-4 (S.D.N.Y. Nov. 4, 2014) (certifying class and approving settlement of nationwide wage and hour class and collective action); *Perez v. Allstate Ins. Co.*, No. 11 Civ. 1812, 2014 WL 4635745, at *25 (E.D.N.Y. Sept. 16, 2014) (appointing O&G as class counsel); *Clem v. KeyBank*, No. 13 Civ. 789, 2014 WL 2895918, at *2-4 (S.D.N.Y. June 20, 2014) (certifying class and approving settlement of nationwide wage and hour class and collective action); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *2-4 (S.D.N.Y. Oct. 2, 2013) (certifying class action under New York Labor Law and appointing O&G as class counsel); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 472-76 (S.D.N.Y. 2013) (certifying class and approving settlement of nationwide wage and hour class and collective action); *Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 1656920 (S.D.N.Y. May 9, 2012) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1-2 (S.D.N.Y. Mar. 12, 2012) (certifying class and approving settlement of wage and hour class action brought under New York, California, and federal law).

9. I am a member of the National Employment Lawyers Association ("NELA") and formerly served on the Executive Board of its New York Chapter ("NELA/NY"). I am a former co-chair of NELA's Fair Labor Standards Act Committee. I served on the Civil Rights Committee of the New York City Bar Association from 2005 through 2008 and the Committee on Labor and Employment Law from September 2002 until June 2005. I was co-chair of the

American Bar Association Labor and Employment Law Section Ethics and Professional Responsibility Committee from 2006 through 2009, and am a member of its Equal Employment Opportunity Committee.

10. I speak frequently on employment law issues, including wage and hour issues and discrimination issues. I have recently been a faculty member for continuing legal education programs focused on employment law and ethics sponsored by the American Bar Association Section of Labor and Employment Law, the New York State Bar Association Labor and Employment Law Section, the New York City Bar Committee on Labor and Employment Law, NELA, and the Practicing Law Institute, among others.

11. In connection with my work, I regularly read the New York Law Journal, advance sheets, and other literature related to employment law and class action law developments.

12. I attend workshops and seminars at least four times per year sponsored by NELA, NELA/NY, the American Bar Association, and other organizations.

**O&G's Expertise**

13. Courts have repeatedly found O&G to be adequate class counsel in wage and hour class actions. *See, e.g.*, *Bijoux v. Amerigroup New York, LLC*, No. 14 Civ. 03891 (E.D.N.Y. Feb. 9, 2016) (Minute Entry) (appointing O&G as Class Counsel); *Puglisi v. TD Bank*, No. 13 Civ. 637 (E.D.N.Y. July 30, 2015) ("*Puglisi* Tr.")) (attached hereto as Ex. E) (commenting that lawyering by the plaintiffs' counsel—including O&G—was "excellent" and noting "the high level of service that was provided to the class"); *Perez v. Allstate Ins. Co.*, No. 11 Civ. 1812, 2014 WL 4635745, at *25 (E.D.N.Y. Sept. 16, 2014) (appointing O&G as class counsel); *Beckman*, 293 F.R.D. at 477 (noting that O&G "are experienced employment lawyers with good reputations among the employment law bar"); *Yuzary v. HSBC USA, N.A.*, No. 12 Civ. 3693,

4

2013 WL 1832181, at *4 (S.D.N.Y. Apr. 30, 2013) (appointing O&G as class counsel); *Capsolas*, 2012 WL 1656920, at *2 (appointing O&G as class counsel and noting O&G attorneys "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law").

**Factual Allegations**

14. Plaintiffs allege that Bank of the West violated the FLSA and California law by improperly classifying them as exempt employees and failing to pay them and other CSMs overtime wages, and violated other California labor laws.

15. Plaintiffs seek recovery of overtime wages, California penalties and premiums, restitution, attorneys' fees and costs, interest, and liquidated damages.

**Investigation**

16. Prior to filing the present lawsuit, Plaintiffs' Counsel conducted a thorough investigation into the merits of the claims, the proper measure of damages, the legal exemptions that apply to the banking industry, and the likelihood of class and collective certification.

17. Plaintiffs' Counsel conducted in-depth interviews with Plaintiffs and other CSMs to determine the hours that they worked, the wages they were paid, the nature of their duties and responsibilities, and other information relevant to their claims.

18. Plaintiffs' Counsel also obtained and reviewed documents from Plaintiffs and other CSMs related to their employment with Bank of the West.

**Mediation and Settlement Negotiations**

19. In May 2014, Plaintiffs' Counsel initiated communications with Defendant aimed at exploring a potential pre-litigation resolution of these claims.

20. The parties subsequently agreed to attend a pre-suit mediation, in an attempt to settle this matter.

21. Prior to the mediation, Defendant produced summary payroll information for CSMs, which Plaintiffs used to perform damages calculations for the FLSA Collective and California Class Members.

22. Plaintiffs' Counsel also conducted an extensive pre-mediation investigation of the claims, including interviewing Plaintiffs and other FLSA Collective and California Class Members.

23. On October 16, 2014, the parties participated in a mediation session in San Francisco, California, which was conducted by experienced wage and hour class action mediator David Rotman.

24. After a full day of extensive arms-length negotiations, the parties were unable to reach an agreement, but they subsequently agreed to participate in another mediation session, which took place on February 12, 2015, also with Mr. Rotman.

25. After additional negotiations, and with the continued assistance of Mr. Rotman, the parties ultimately reached an accord resulting in the Agreement, which the parties executed on February 27, 2018.

**Settlement Classes**

26. CSMs who are eligible to receive settlement payments include two groups: (1) all individuals employed by Bank of the West as a CSM in any state other than California between October 1, 2013, and the date on which the Court grants preliminary approval ("Preliminary Approval Date") ("FLSA Collective Members"); and (2) all individuals employed by Bank of the West as a CSM in California between October 1, 2013, and the Preliminary Approval date

("California Class Members").  There are approximately 1,100 FLSA Collective Members and approximately 140 California Class Members.

**Settlement**

27. This settlement is the result of extensive, arm's-length negotiations.

28. Plaintiffs' Counsel conducted a thorough investigation into the merits of the claims, the proper measure of damages, the applicable legal exemptions, and the likelihood of class and collective certification.

29. Plaintiffs' Counsel also conducted in-depth interviews with Plaintiffs and other CSMs to determine the hours that they worked, the wages they were paid, the nature of their duties and responsibilities, and other relevant information.

30. In addition, Plaintiffs' Counsel obtained and reviewed documents from Plaintiffs and other CSMs related to their employment with Bank of the West.

31. Moreover, the parties engaged in two full-day mediation sessions with experienced wage and hour class action mediator David Rotman, and subsequent negotiations to reach the settlement.

32. These negotiations were at all times hard fought and conducted at arm's-length, and they have produced a result that Plaintiffs' Counsel believes to be in the best interests of the Classes in light of the costs and risks of continued litigation.

33. Plaintiffs' Counsel, who have a great deal of experience in the prosecution and resolution of wage and hour class actions, have carefully evaluated the merits of the case and the proposed settlement.

**Exhibits**

34. Attached hereto as **Exhibit A** is a true and correct copy of the Settlement

Agreement and Release.

35.     Attached hereto as **Exhibit B** is a copy of the proposed Order.

36.     Attached hereto as **Exhibit C** is a true and correct copy of *Khov v. HSBC USA, Inc.*, No. 9399/2015 (Sup. Ct. Kings Cnty., N.Y. 2017).

37.     Attached hereto as **Exhibit D** is a true and correct copy of *Davis v. Armed Forces Bank, N.A.,* No. 562015 CA 814 (Fla. Cir. Ct. St. Lucie Cnty., Fla. 2015).

38.     Attached hereto as **Exhibit E** is a true and correct copy of *Jaguande v. Banco Popular North America*, No. CACE15009939, (Fla. Cir. Ct. Broward Cnty., Fla. Aug. 2015).

39.     Attached hereto as **Exhibit F** is a true and correct copy of *Wright v. Flagstar Bank FSB*, No. 13 Civ. 15069 (PJD), ECF No. 33 (E.D. Mich. Sept. 19, 2014).

40.     Attached hereto as **Exhibit G** is a true and correct copy of *Bijoux v. Amerigroup New York,* LLC, No. 14 Civ. 03891 (E.D.N.Y. Feb. 9, 2016).

Dated:  New York, New York
        April 12, 2018

                                        Respectfully submitted,
                                        By:

                                        */s/   Justin M. Swartz*
                                        Justin M. Swartz
                                        **OUTTEN & GOLDEN LLP**
                                        685 Third Avenue, 25th Floor
                                        New York, New York 10017
                                        Tel.: (212) 245-1000

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 12, 2018, the above document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                            By: */s/ Justin M. Swartz*
                                                      Justin M. Swartz