# Exhibit A

DocuSign Envelope ID: 499ACFB4-70B3-445C-AD33-5E22083D854

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Maria Meller, Eddie Capovilla, Cynthia Pash, and Debra Anderson ("Class Plaintiffs") and Bank of the West ("BOTW") (collectively, the "Parties") hereby enter into this Settlement Agreement and Release (the "Agreement") to resolve the wage and hour claims of the Class Plaintiffs and Class Members (as defined below).

## RECITALS

**A.**    WHEREAS, on May 20, 2014, Class Counsel sent BOTW a letter in which they asserted claims under federal and state wage and hour laws on behalf of themselves and similarly situated Customer Service Managers whom they claimed BOTW misclassified as exempt from overtime, and in which they invited BOTW to engage in an exchange of information and settlement negotiations;

**B.**    WHEREAS, the Parties participated in two all-day mediation sessions on October 16, 2014 and February 12, 2015, with the assistance of an experienced mediator, David Rotman. Although the case did not settle at those mediations, the Parties continued to discuss the possibility of settlement over the course of the next two years. Those conversations were recommenced at the beginning of 2017, and thereafter, the Parties engaged in extensive additional settlement discussions, which were successful;

**C.**    WHEREAS, based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that litigation, if not settled now, might result in a recovery that is less favorable to Class Plaintiffs and Class Members, and that might not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of Class Plaintiffs and Class Members; and

**D.**    WHEREAS, BOTW has denied and continues to deny all of the allegations made by Class Plaintiffs, has denied and continues to deny that the Class Members were misclassified under the Fair Labor Standards Act or California law, has denied and continues to deny that BOTW is liable or owes damages to anyone with respect to the alleged facts or causes of action subject to this Agreement, and has denied and continues to deny that the claims subject to this Agreement are appropriate for class or collective treatment, except for settlement purposes only; but BOTW nonetheless has concluded that litigation could be protracted, distracting, and expensive, and that it is desirable that the claims subject to this Agreement be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement.

**E.**    NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete Settlement of the Litigation (as defined below) on the following terms and conditions:

## 1.    DEFINITIONS

    **1.1.**    Agreement. "Agreement" means this Settlement Agreement and Release.

1.2.  Authorized Claimant. "Authorized Claimant(s)" means a Class Member, or the authorized legal representative of such Class Member, who timely and validly files a Claim Form and therefore is entitled to receive a Settlement Check.

1.3.  Application for Final Approval. "Application for Final Approval" means documents and materials to be filed with the Court pursuant to Section 7, seeking approval of the Settlement.

1.4.  Bar Date. "Bar Date" means sixty (60) days from the initial mailing of Notice and Claim Forms to the Class Members by the Settlement Claims Administrator.

1.5.  BOTW's Counsel. "BOTWs' Counsel" means Andrew R. Livingston, Esq., of Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105.

1.6.  California Class. "California Class" shall consist of all exempt Customer Service Managers employed by BOTW in California at any time between October 1, 2013 and the Preliminary Approval Date, inclusive. A member of the California Class is a "California Class Member." The California Class is an opt-out Class, meaning unless the California Class Member affirmatively submits an Opt-out Statement (as defined below), that individual is bound by the Settlement. California Class Members must timely submit a Claim Form to be eligible to receive an Individual Settlement Payment.

1.7.  California Settlement Class. "California Settlement Class" shall consist of all California Class Members who did not submit a timely Opt-out Statement and thereby become bound by the Settlement.

1.8.  Claim Form. "Claim Form" means the form as approved by the Court, a copy of which is attached to the Notice of Proposed Settlement as Exhibit A, that Class Members (other than the Class Plaintiffs and Individual Plaintiffs) must sign and return by the Bar Date to become Authorized Claimants.

1.9.  Class Counsel. "Class Counsel" or "Plaintiffs' Counsel" shall mean Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, NY 10017, and Shavitz Law Group, P.A, 1515 South Federal Hwy, Suite 404, Boca Raton, FL 33432.

1.10.  Class List. "Class List" means a list of all Class Members, including names, last known addresses, last known telephone numbers, Social Security numbers, dates and locations of employment as Class Members, and Eligible Workweeks of each Class Member, as determined by BOTW's records.

1.11.  Class Members. "Class Members" shall mean all FLSA Collective Members (as defined below) and California Class Members (as defined above).

1.12.  Class Plaintiffs. "Class Plaintiffs" are, collectively, Maria Meller, Eddie Capovilla, Cynthia Pash, and Debra Anderson.

2

**1.13.** Complaint. The "Complaint" is the complaint to be filed in Court in accordance with Section 2 below.

**1.14.** Court. "Court" shall mean the United States District Court in Iowa in which the Litigation is filed.

**1.15.** Day. "Day" means calendar day, unless expressly stated otherwise. If the deadline by which any act to be done falls on a Saturday, Sunday, or federal holiday, the deadline shall be continued (forward or backward, as appropriate) to the next day that is not a Saturday, Sunday, or federal holiday.

**1.16.** Eligible Workweek. "Eligible Workweek" shall mean the numbers of weeks each Class Member was employed by BOTW as a Customer Service Manager between October 1, 2013 and the date of the Preliminary Approval Order, inclusive, computed as follows: (1) Determining the number of days between: (a) the later of (i) the Class Member's start date as a Customer Service Manager or (ii) October 1, 2013 and (b) the earlier of (i) the Class Member's end date as a Customer Service Manager or (ii) the Date of the Preliminary Approval Order; (2) Dividing that number by 7; and (3) Rounding up or down to the nearest integer. BOTW's reasonably available records and calculations regarding the Eligible Workweeks of Class Members shall be presumed to be correct for purposes of this Settlement (notwithstanding the Parties' acknowledgment that those records and calculations may be imperfect), subject to the procedures laid out in Section 9.5 below.

**1.17.** Employee Taxes. "Employee Taxes" means Authorized Claimants' share of all applicable payroll taxes or withholdings related to benefits received under the Settlement. Authorized Claimants bear full responsibility for payment of their portion of any personal income taxes, interest or penalties arising from Individual Settlement Payments.

**1.18.** Employer Payroll Taxes. "Employer Payroll Taxes" means all taxes and withholdings an employer is required to pay on its own behalf on the portion of the Individual Settlement Payments designated as wages in this Litigation, including FICA, FUTA, and SUTA obligations, as set forth in Section 9.6 of this Agreement.

**1.19.** Fairness Hearing. "Fairness Hearing" means the hearing before the Court relating to the Application for Final Approval.

**1.20.** Fee and Expense Award. "Fee and Expense Award" means such award of attorney's fees and costs as the Court may authorize as set forth in Section 9.2 of this Agreement, to be paid to Plaintiffs' Counsel for the services they have rendered to Class Plaintiffs and the Class in the Action, and the actual costs incurred by Plaintiffs' Counsel in the prosecution of the Action.

**1.21.** Final Approval Order. "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this

DocuSign Envelope ID: 409AC5B4-7DB8-4456-A0D3-35F82083B854

Agreement, authorizing distribution of the Settlement Checks, Service Awards, and Fee and Expense Award, and dismissing the Litigation with prejudice.

1.22.   Final Effective Date.  Provided no appeal of the Final Approval Order is timely filed, the "Final Effective Date" means 30 days after the Court has entered a Final Approval Order approving this Agreement as provided in Section 7.  If such an appeal is timely filed, the latest of the following, if applicable, becomes the Final Effective Date: (1) any appeal from the Final Approval Order has been finally dismissed; (2) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form entered by the Court.

1.23.   FLSA Collective.   "FLSA Collective" shall consist of all exempt Customer Service Managers employed by BOTW anywhere in the United States except California at any time between October 1, 2013 and the Preliminary Approval Date, inclusive.  A member of the FLSA Collective is an "FLSA Collective Member." The FLSA Collective is an opt-in class, meaning that unless the FLSA Collective Member timely submits a Claim Form, that individual will not be bound by the Settlement.

1.24.   FLSA Collective Opt-Ins.  "FLSA Collective Opt-Ins" shall consist of all FLSA Collective Members who opt-in to the FLSA Settlement by timely submitting a Claim Form (thereby also becoming Authorized Claimants as defined in Section 4).

1.25.   Gross Class Settlement Amount.  The "Gross Class Settlement Amount" shall mean the remainder of the Maximum Settlement Amount after the Payments to Individual Plaintiffs.

1.26.   Individual Plaintiffs.  In addition to Class Plaintiffs, Class Counsel represents the following "Individual Plaintiffs" who assert claims against BOTW but fall outside of the class as defined: Laura McClellan, Joseph Foran, Lizeth Garfio, Stacey Lussi, Nancy Scott, Glennett Grant, Brittany Hein, Lorenzo Ramirez, Veronica Ramirez, Angelica Cortez Jimenez, and Krystle Becker.

1.27.   Individual Settlement Payment.  "Individual Settlement Payment" means the total gross amount each Authorized Claimant is entitled to receive from the Net Class Settlement Fund under the terms of this Agreement (further subject, however, to Employee Taxes).

1.28.   Litigation.  "Litigation" shall refer to the proceedings initiated by the filing of the Complaint (defined in Section 2 below).

DocuSign Envelope ID:

**1.29.**   Maximum Settlement Amount.   "Maximum Settlement Amount" refers to the maximum amount BOTW is obligated to pay under the terms of the Agreement, not to exceed the total sum of Two Million Six Hundred Twenty Thousand Dollars ($2,620,000.00), which shall be used to pay all amounts to be paid to Authorized Claimants (including Employee Taxes); the Settlement Claims Administrator's fees  and costs; Court-approved attorneys' fees and costs for Class Counsel; Court-approved Service Awards to the Class Plaintiffs; Employer Payroll Taxes; $7,500 to the California Labor and Workforce Development Agency, representing 75% share of the total "penalties" allocated to claims under the California Labor Code Private Attorneys General Act; and Payments to Individual Plaintiffs.

**1.30.**   Net Class Settlement Fund.  "Net Class Settlement Fund" means the remainder of the Gross Class Settlement Amount after deductions for: (1) the Settlement Claims Administrator's fees and costs; (2) Court-approved attorneys' fees and costs for Class Counsel; (3) Court-approved Service Awards to the Class Plaintiffs; (4) Employer Payroll Taxes; (5) and $7,500 to the California Labor and Workforce Development Agency, representing 75% share of the total "penalties" allocated to claims under the California Labor Code Private Attorneys General Act.

**1.31.**   Notice.  "Notice" means the Court-approved Notice of Proposed Settlement of Class and Collective Action Lawsuit, in the same or substantially in the same form attached as Exhibit A, pending approval by the Court.

**1.32.**   Objector.  "Objector" means a California Class Member who has not requested exclusion from the Settlement and who properly files an Objection to this Agreement.

**1.33.**   Opt-out Statement.  "Opt-out Statement" is a written, signed statement that an individual California Class Member timely submits indicating he or she has decided to opt-out and not be included in this Agreement.  In order for the statement to be valid, the California Class Member must include (as laid out below in Section 5): (i) all reasons for objecting to the Settlement or the Agreement, and any supporting documentation; (ii) the name, address and telephone number for the individual making the objection (the "Objector"); (iii) the case name as it appears in the caption of the Complaint and the assigned case number; and (iv) that "I hereby request to exclude myself from the settlement in *Meller v. Bank of the West.*"

**1.34.**   Payments to Individual Plaintiffs.  "Payments to Individual Plaintiffs" refers to a payment that each of the Individual Plaintiffs who enters into an individual settlement with BOTW will receive, in the amount of Eight Thousand Dollars ($8,000.00) plus the same pro rata amount to which they would have been entitled if they were Authorized Claimants under the Settlement.

1.35.   Preliminary Approval Order. "Preliminary Approval Order" means an order entered by the Court: (i) certifying the California Class pursuant to F.R.C.P. 23 solely for the purpose of effectuating the Agreement; (ii) conditionally certifying the FLSA Collective pursuant to 29 U.S.C. § 216(b) solely for the purpose of effectuating the Agreement; (iii) preliminarily approving the terms and conditions of this Agreement; (iv) appointing Class Counsel as defined above; (v) directing the manner and timing of providing Notice to the Class Members; and (vi) setting dates to effectuate the terms of this Agreement, including the Bar Date and the date of the Fairness Hearing.

1.36.   Qualified Settlement Fund or QSF. "Qualified Settlement Fund" or "QSF" means the account established by the Settlement Claims Administrator for the Maximum Settlement Amount paid by BOTW.  The QSF will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement and the Court's Orders for Preliminary Approval and Final Approval.  Interest, if any, earned on the QSF will become part of the Net Class Settlement Fund.

1.37.   Released California Claims. "Released California Claims" means all wage and hour claims under California law arising from California Class Members' employment by BOTW as exempt Customer Service Managers, excluding California Class Members who opt-out of the Settlement, for the period October 1, 2013 through the date of the Preliminary Approval Order, inclusive, including all claims for interest, penalties, liquidated damages, attorneys' fees, costs, and expenses, and claims under the California Private Attorneys General Act.

1.38.   Released Federal Claims. "Released Federal Claims" means all wage and hour claims under federal law arising from the employment by BOTW of Class Members who timely submit a Claim Form (and thus become Authorized Claimants) as exempt Customer Service Managers, for the period October 1, 2013 through the date of the Preliminary Approval Order, inclusive, including all claims for interest, penalties, liquidated damages, attorneys' fees, costs, and expenses.

1.39.   Releasees. "Releasees" shall mean BOTW, its respective affiliates, subsidiaries, predecessors, successors and all other related entities, including but not limited to all of its incumbent and former officers, directors, owners, members, managers, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns, and representatives, in their individual and/or representative capacities.

1.40.   Service Award. "Service Award" means the total amount (if any) to be paid to Class Plaintiffs as incentive and consideration for their efforts as Class Plaintiffs.

1.41.   Settlement.  "Settlement" means the terms and conditions set forth in this Agreement.

1.42.   Settlement Claims Administrator. "Settlement Claims Administrator" means the entity selected pursuant to Sections 3, pending Court approval, to mail the Notice;

DocuSign Envelope ID: 409AC5B1-70B8-4A5D-A933-35E20383B354

administer the calculation, allocation, and distribution of the QSF; and perform any administrative duties pursuant to Section 3. The Settlement Claims Administrator's fees and costs shall be paid from the Gross Class Settlement Amount.

**1.43.** Settlement Checks. "Settlement Checks" means checks issued to Authorized Claimants for their share of the Net Class Settlement Fund calculated in accordance with this Agreement.

## 2. COMPLAINT AND PRELIMINARY APPROVAL MOTION

**A.** **Filing of Complaint and Motion for Preliminary Settlement Approval ("Preliminary Approval Motion").** Within thirty (30) days of the execution of this Agreement, Class Plaintiffs will file a class and collective Complaint in federal court in Iowa, and will file the Preliminary Approval Motion as soon as practicable thereafter (and in no event later than fourteen (14) days after filing the Complaint). The Complaint will allege a Rule 23 California class and a nationwide FLSA collective that carves out the California Class, consistent with the definitions in Sections 1.6 and 1.23 above. The Parties agree that BOTW shall have the opportunity to review and comment on the draft Complaint and Preliminary Approval memorandum of law five (5) business days prior to the filing of those documents, and will provide comments (if any) two business prior to the filing of those documents.

**B.** The Preliminary Approval Motion shall include (1) the proposed Notice and Claim Form, attached hereto as Exhibit A; (2) a proposed Preliminary Approval Order; (3) an executed version of this Agreement; and (4) the necessary documents, memorandum, affidavits and exhibits for the purposes of certifying a Class under F.R.C.P. 23 and a Collective under 29 U.S.C. § 216(b) for settlement purposes only, and for preliminarily approving the Agreement. The Preliminary Approval Motion also will seek the setting of a date for Class Members to submit Claim Forms and/or object to this Agreement, and for California Class Members to opt-out, which date will be sixty (60) days from the initial mailing of Notice and Claim Forms to the Class Members by the Settlement Claims Administrator, and for a Fairness Hearing for Final Approval of the Settlement before the Court at the earliest practicable date thereafter.

## 3. SETTLEMENT CLAIMS ADMINISTRATOR.

**A.** **Retention.** Prior to the filing of a Motion for Preliminary Approval, Class Counsel shall engage Rust Consulting, Inc. as Settlement Claims Administrator.

**B.** **Funding Settlement Claims Administrator.** The Settlement Claims Administrator's costs and expenses shall be paid from the Gross Class Settlement Amount.

**C.** **Confidentiality and Data Protection.** Prior to the engagement described in Section 3(A) above, Class Counsel shall require the Settlement Claims

DocuSign Envelope ID: 00ACFB3-10B8-4456-AD93-35E8208B3B54

Administrator to execute a written contract between Class Counsel and the Settlement Claims Administrator that requires the Settlement Claims Administrator (and its employees, agents, contractors, heirs, and assigns) to treat all information provided to the Settlement Claims Administrator by either BOTW or by Class Counsel, including but not limited to the Class List and information derived from the Class List, as confidential. Such contract must also obligate the Settlement Claims Administrator to ensure that confidential information is not disclosed to any third party (including affiliates) without BOTW's prior written consent. Such contract shall further ensure that the Settlement Claims Administrator shall protect such confidential from unauthorized access, acquisition, theft, modification, destruction or loss using commercially reasonable administrative, technical and physical safeguards and using no less than a reasonable degree of care, but not less than the degree of care the Settlement Claims Administrator uses to safeguard its own confidential or proprietary information.

**D.**    **Responsibilities of Settlement Claims Administrator.**  The Settlement Claims Administrator shall be responsible for: (i) preparing, printing and disseminating to Class Members the Notice and Claim Forms and reminder mailings; (ii) performing a skip trace and resending, within one business day of receipt, any Notice and/or Claim Form  returned without a forwarding address or resending to those with a new forwarding address; (iii) responding to inquiries, requests or communications made by the Parties; (iv) preparing, monitoring and maintaining a telephone number with phone answerers until 60 days after the Final Effective Date or the termination of this Agreement, whichever comes first; (v) promptly furnishing to counsel for the Parties copies of any Opt-out Statements and objections from California Class Members that the Settlement Claims Administrator receives; (vi) receiving, retaining and reviewing the Claim Forms submitted by Class Members; (vii) providing counsel for the Parties with copies of all Claim Forms submitted by Class Members; (viii) keeping track of Opt-out Statements, objection or otherwise including maintaining the original mailing envelope in which the request was mailed; (ix) distributing the Settlement Checks to Authorized Claimants and Individual Plaintiffs; (x) preparing, sending, and/or wire-transferring Class Counsel's Fee and Expense Award; (xi) mailing Service Awards (if any) in accordance with this Agreement and the Final Order; (xii) responding to inquiries by Class Members regarding procedures for filing objections, Opt-out Statements, and Claim Forms; (xiii) referring to Class Counsel all inquiries by Class Members or Authorized Claimants regarding matters not within the Settlement Claim Administrator's duties specified herein; (xiv) promptly apprising counsel for the Parties of the activities of the Settlement Claims Administrator; (xv) maintaining adequate records of its activities, including the dates of the mailing of Notices and mailing and receipt of Claim Forms, returned mail and other communications and attempted written or electronic communications with Class Members; (xvi) confirming in writing to Class Counsel, BOTW's Counsel, and the Court its completion of the administration of the Agreement; (xvii) providing all information, documents and calculations necessary to confirm the amount (if any) paid to the Settlement

Claims Administrator by BOTW that will not be used to fund the Gross Class Settlement Amount; (xiii) providing BOTW's Counsel with a redacted photocopy of each endorsed Settlement Check; and (xix) such other tasks as the Parties mutually agree.

E.      **Access to the Settlement Claims Administrator.**  The Parties will have equal access to the Settlement Claims Administrator throughout the claims administration period.  Class Counsel and BOTW shall provide the Settlement Claims Administrator with the Class List as defined in Section 4, to the extent that information is reasonably available, and reasonably assist the Settlement Claims Administrator in locating Class Members or Authorized Claimants.

## 4.      NOTICE AND CLAIM FORMS TO CLASS MEMBERS.

A.      **Class List to Settlement Claims Administrator.** Within fifteen (15) days of the date of the Preliminary Approval Order, BOTW's Counsel shall provide the Settlement Claims Administrator and Class Counsel with the Class List.

B.      **Notice.**  The Notice will include a description of the claims in the Litigation and this Agreement, the approximate gross amount of each Class Member's Settlement Check (which shall be subject to further adjustment once the amount of Employee Taxes and Employer Taxes is known). It will advise California Class Members of the opportunity to opt-out, or to object and appear at the Fairness Hearing. It will advise Class Members of the opportunity to file a Claim Form to become an Authorized Claimant.  Within thirty (30) days of the Preliminary Approval Date, the Settlement Claims Administrator shall send to all Class Members, via First Class United States Mail, the Court-approved Notice, and Claim Form, enclosing a postage pre-paid return envelope.

C.      **Skip Trace and Re-mailing.** The Settlement Claims Administrator will use all commercially reasonable means to confirm Class Member addresses and obtain new addresses as necessary.  In the event that a Notice and/or Claim Form mailed to a Class Member is returned as undeliverable, the Settlement Claims Administrator shall attempt to obtain the correct address of such Class Member, including one skip trace, and shall attempt a re-mailing provided it obtains a more recent address. The Settlement Claims Administrator shall also send a Notice and/or Claim Form to any Class Member who contacts the Settlement Claims Administrator or Class Counsel during the time period between the initial mailing of the Class Notice and the Bar Date and requests a Notice and/or Claim Form. The Settlement Claims Administrator will notify Class Counsel and BOTW's Counsel of the number of Notices and/or Claim Forms that are returned as undeliverable, including after any subsequent mailing(s) as set forth in this Agreement.

D.      **Reminder Mailing.**  The Settlement Claims Administrator shall send a reminder postcard by mail to each Class Member who has not returned a Claim Form or

DocuSign Envelope ID: A0A6FB47D88-44EP0AD3-35B2282B354

opted-out twenty (20) days after the initial mailing of the Notice, and again forty (40) days after the initial mailing of the Notice.

E. **Bar Date.** Class Members that send their Claim Forms by the Bar Date will be deemed Authorized Claimants. To be effective for the purposes of becoming an Authorized Claimant, a Claim Form must be postmarked, faxed, emailed, or otherwise received by the Settlement Claims Administrator by the Bar Date and include a signature in the designated area. To the extent a mailed Claim Form does not bear a postmark, the Claim Form will be deemed timely if the Settlement Claims Administrator receives it within three (3) days of the Bar Date.

F. For purposes of this Agreement, Class Plaintiffs are deemed to be Authorized Claimants, and are not required to file a Claim Form.  Individual Plaintiffs are not required to file a Claim Form.

5. **CALIFORNIA CLASS MEMBER OPT-OUTS.**

A. California Class Members who choose to opt-out of the Settlement as set forth in this Agreement must complete and mail via First Class United States Mail an Opt-out Statement, stating that he or she is opting out of the Settlement, and including his or her name, address, and telephone number. To be effective, an Opt-out Statement must be post-marked by the Bar Date (or, if not postmarked, received by the Settlement Claims Administrator within three (3) days of the Bar Date).

B. The Settlement Claims Administrator will stamp the received date on the original of each Opt-out Statement that it receives and shall serve copies of each Opt-out Statement on Class Counsel and BOTW's Counsel not later than three (3) days after receipt.  The Settlement Claims Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities under this Agreement.

C. Only California Class Members will be given an option to opt-out of the Settlement, as set forth in the Notice in accordance with Section 5 above. California Class Members who wish to receive an Individual Settlement Payment must not submit an Opt-out Statement and must timely submit a Claim Form. FLSA Collective Members, by contrast, must submit a Claim Form to participate in the Settlement and receive an Individual Settlement Payment; if an FLSA Class Member does not submit anything, he/she will be excluded from the Settlement and will not receive an Individual Settlement Payment.

6. **CALIFORNIA CLASS MEMBER OBJECTIONS TO SETTLEMENT.**

A. California Class Members who have not opted-out are eligible to present objections to the Settlement at the Fairness Hearing.  Objections must first be submitted in writing.  To be considered, such Objection must be mailed to the Settlement Claims Administrator via First-Class United States Mail and postmarked by the Bar Date or received by the Settlement Claims Administrator

within three (3) days of the Bar Date. The Objection must include (i) all reasons for objecting to the Settlement or the Agreement, and any supporting documentation; (ii) the name, address and telephone number for the individual making the objection (the "Objector"); and (iii) the case name as it appears in the caption of the Complaint and the assigned case number. The Settlement Claims Administrator will stamp the date received on the original and send copies of each Objection, supporting documents, as well as a copy of the notice and share form mailed to the Objector, to Class Counsel and BOTW's Counsel by email no later than three (3) days after receipt of the objection. A California Class Member who opts out is no longer a participant in the Settlement and thus may not object.

**B.** An Objector has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing should state his or her intention to do so in writing on his or her written Objection at the time he or she submits his or her written Objection. An Objector may withdraw his or her Objection at any time.

**C.** The Parties may file with the Court written responses to any filed Objections no later than three (3) days before the Fairness Hearing.

**D.** A California Class Member who fails to file and serve a written objection or appear at the Final Approval Hearing in the manner specified above shall have waived any objections and shall be foreclosed from making any objection to the Settlement, whether by appeal or otherwise.

**7. FAIRNESS HEARING AND APPLICATION FOR FINAL APPROVAL AND DISMISSAL.**

**A.** After the Bar Date, in accordance with the schedule set by the Court in the Preliminary Approval Order and in advance of the Fairness Hearing, Class Counsel shall file supporting documents and materials for Final Approval of the Settlement ("Application for Final Approval"). The Application for Final Approval will include a compliance affidavit from the Settlement Claims Administrator (including all objections) and supporting affidavit and documents from Class Counsel regarding the fairness, adequacy and reasonableness of the Settlement or any aspect related to this Agreement, and a proposed Final Approval Order. BOTW shall have the opportunity to review and comment on the draft memorandum of law in support of Final Approval within five (5) business days prior to the filing of the Application, and will provide comments (if any) two business prior to the filing of those documents.

**B.** Class Counsel will separately file an application for attorneys' fees, costs, and service awards and all required supporting documents concurrently with the Application for Final Approval, noticed to be heard on the same date as the Fairness Hearing.

DocuSign Envelope ID: A00A6FB47938-44B7-A493-35B2209SB354

**C.**     At the Fairness Hearing and through the Application for Final Approval, the Class Plaintiffs shall request that the Court, among other things: (1) finally certify the California Class and settlement for purposes of Settlement only; (2) approve the Settlement and Agreement as fair, reasonable, adequate, and binding on all California Class Members who have not timely opted out of the Settlement and all FLSA Collective Opt-Ins; (3) order the Settlement Claims Administrator to distribute Settlement Checks to the Authorized Claimants, including Service Awards, if any; (4) order Fee and Expense Award to be paid from the QSF; (5) order the dismissal with prejudice of all Released California Claims and Released Federal Claims as defined above in Sections 1.37-1.38, including the claims of all California Class Members who did not opt out and all FLSA Collective Opt-Ins; (6) order entry of the Final Approval Order in accordance with this Agreement; and (7) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

## 8.     TERMINATION OF AGREEMENT.

**A.     Grounds for Settlement Termination.   Either Party may terminate the Agreement if the Court declines to enter the Preliminary Approval Order or Final Approval Order, except if the Court declines to enter the Preliminary Approval Order or Final Approval Order due solely to the amount of attorneys' fees sought by Class Counsel.  This Agreement is not contingent upon approval by the Court of Class Counsel's application for attorneys' fees, and if the Court approves the Settlement payment amount allocated to the Authorized Claimants as set forth in this Agreement, but not the application for attorneys' fees, (i) the Agreement may not be terminated, and (ii) any Court-required reduction of the attorneys' fees will be reallocated to pay Authorized Claimants from the Net Class Settlement Fund.  BOTW will not oppose (a) an application for attorneys' fees of up to one-third of the Maximum Settlement Amount, plus litigation costs, to be paid out of the Gross Class Settlement Amount, (b) a motion for reconsideration of such application if it is initially denied in whole or in part, and/or (c) an appeal regarding Class Counsel's application for attorneys' fees.  For the purpose of this Agreement, the parties stipulate that the estimated total number of Class Members is approximately 1,100. If the number of Class Members on the Class List provided to the Settlement Claims Administrator is materially greater, defined as more than an increase of four percent (4%) of the parties' estimate, then Class Plaintiffs may terminate this Agreement.**

B.     Procedures for Termination.  To terminate this Agreement, the terminating Party shall give written notice to the other Party via email and overnight mail.

C.     Effect of Termination.  Termination shall have the following effects:

DocuSign Envelope ID: 00A6FB47088A4FF0A9D9 35B2203DB354

1.   The Agreement shall be terminated as to all Parties and shall have no force or effect.

2.   BOTW shall have no obligation to make any payments to any party, Class Member, Authorized Claimant, or Class Counsel.  However, the parties shall share equally (i) the costs and fees associated with the Settlement Claims Administrator subsequent to the signing of this Agreement, and (ii) the costs and expenses of the Settlement Claims Administrator associated with the mailing of termination notice and advising Class Members of the Settlement termination, if any.

3.   If the Court grants preliminary approval but not final approval, the Settlement Claims Administrator will provide a Court-approved notice to Class Members that the Agreement did not receive Final Approval and that, as a result, no payments will be made to Class Members under the Agreement.  Such notice shall be sent by the Settlement Claims Administrator via First Class United States Mail.

4.   The Parties may jointly or individually seek reconsideration of a ruling by the Court declining to enter the Preliminary Approval Order or Final Approval Order in the form submitted by the Parties, or may seek Court approval of a renegotiated settlement.

5.   The Litigation will resume as if no settlement had been attempted and the Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the action prior to the date on which this Agreement was fully executed.  The Preliminary Order approving the Settlement and certifying the class for settlement purposes only shall be null and void.

6.   To the extent this Settlement is deemed void, BOTW does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including without limitation the ability to challenge class, collective, and representative action treatment on any grounds, as well as asserting any and all other potential defenses or privileges.  Class Plaintiffs and Plaintiffs' Counsel agree that BOTW retains and reserves these rights. Specifically, Class Plaintiffs and Plaintiffs' Counsel agree not to argue or present any argument that, in the event this Settlement is not approved in full, BOTW could not file a later motion for de-certification, contest any class action or collective action certification on any grounds, or assert any other potential defenses and privileges if the Litigation were to proceed. Class Plaintiffs and Plaintiffs' Counsel hereby waive such arguments and agree they will not take a position contrary to this provision.

DocuSign Envelope ID: C0A6FB47938A44B7A9D9-3FB220935354

9.      **SETTLEMENT TERMS.**

    9.1.    **Settlement Amount.**

        **A.**    BOTW agrees to pay a Maximum Settlement Amount of Two Million Six Hundred Twenty Thousand Dollars ($2,620,000.00).

        **B.**    **Treatment of Individual Plaintiffs.**  BOTW will enter into individual settlement agreements with Individual Plaintiffs.  Individual Plaintiffs who enter into individual settlement agreements with Defendant will receive a flat payment of $8,000 each, plus approximately the same pro rata amount to which they would be entitled if they were Authorized Claimants.  The amount of any Payments to Individual Plaintiffs shall be paid from the Maximum Settlement Amount.

        **C.**    **Funding.**  BOTW shall pay the Maximum Settlement Amount into the Qualified Settlement Fund within five (5) days of the Final Effective Date.

        **D.**    **Treatment of Uncashed Settlement Checks.**  Any uncashed Settlement Checks and all other amounts unclaimed or otherwise remaining in the QSF one-hundred twenty (120) days after Settlement Checks are mailed will not be used to fund the Gross Class Settlement Amount.  Authorized Claimants who do not timely negotiate their checks with 60 days of mailing will be sent a reminder postcard by the Settlement Claims Administrator.

    9.2.    **Attorneys' Fees, Expenses and Costs.**

        **A.**    At the Fairness Hearing and through the Application for Final Approval, Class Counsel will petition the Court for an award of attorneys' fees of no more than one-third of the Maximum Settlement Amount, plus reimbursement of their actual litigation expenses and costs up to a maximum of $40,000 to be paid from the QSF.  BOTW agrees not to oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.

        **B.**    The substance of Class Counsel's application for costs and fees is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement of the Litigation.  The outcome of any proceeding related to Class Counsel's application for costs and fees shall not terminate this Agreement or otherwise affect the Court's ruling on the Application for Final Approval. Any amount not approved by the Court will become part of the Net Class Settlement Fund to be distributed to Authorized Claimants.

        **C.**    The Releasees shall have no responsibility for, and no liability with respect to, payment of any Class Member's attorneys' fees, costs, or expenses to any other individual, law firm, or other entity.  The Released

DocuSign Envelope ID: 400A6FB47938-44B7-AD29-35B229S2B354

Parties shall also have no responsibility for, and no liability with respect to, the fee allocation among Plaintiffs' Counsel or any disputes regarding such allocation.   Plaintiffs' Counsel agrees to indemnify and hold harmless all of the Releasees in connection with any such claim or dispute.

**9.3.    Service Awards.**

    **A.**    In return for services rendered to the Class Members, Class Plaintiffs will apply to the Court to receive up to Eight Thousand Dollars ($8,000.00) each as Service Awards from the Gross Class Settlement Amount.

    **B.**    The application for Service Awards is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement of the Litigation.   The outcome of the Court's ruling on the application for Service Awards will not terminate this Agreement or otherwise affect the Court's ruling on the Application for Final Approval, Final Approval Order or the fairness or reasonableness of this Agreement.   BOTW may not oppose Class Plaintiffs' application for Service Awards.   Any amount not approved by the Court will become part of the Net Class Settlement Fund to be distributed to Authorized Claimants.

    **C.**    Class Plaintiffs for whom the above Service Awards are approved and paid shall provide BOTW with the general release set forth in Section 10.1.

**9.4.**    Private Attorneys General Act Payment.   The Parties agree that Ten Thousand Dollars ($10,000.00) of the Gross Class Settlement Amount shall be allocated as settlement of claims under the California Private Attorneys General Act ("PAGA").   Seventy-five percent (75%) of that total, or Seven Thousand Five Hundred Dollars ($7,500.00), shall be paid to California's Labor and Workforce Development Agency pursuant to the provisions of PAGA.   The remaining twenty-five percent (25%), or Two Thousand Five Hundred Dollars ($2,500.00), shall be distributed consistent with the methodology set forth in Section 9.5.

**9.5.    Net Settlement Fund and Allocation to Class Members.**

    **A.**    Each Class Member's estimated proportionate share of the Net Class Settlement Fund shall be determined by the Settlement Claims Administrator pursuant to the following formula:

        1.    FLSA Collective Members will receive one (1) point for each Eligible Workweek;

        2.    California Class Members will receive three (3) points for each Eligible Workweek;

        3.    To calculate each Class Member's proportionate share:

      a)      Add all points for all FLSA Collective Members and all California Class Members together to obtain the "Denominator";

      b)      Divide the number of points for each Class Member by the Denominator to obtain each Class Member's "Portion of the Net Class Settlement Fund";

      c)      Multiply each Class Member's Portion of the Net Class Settlement Fund by the Net Settlement Fund to determine each Class Member's Net Amount;

4.      For each Authorized Claimant, their Net Amount will be the amount of their Settlement Check. The Individual Settlement Payments paid to Authorized Claimants and the Service Payments (if any) paid to Class Plaintiffs shall not be deemed to be "pensionable" earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (e.g. vacations, holiday pay, retirement plans, etc.) of the Class Plaintiffs or Class Members. The Parties agree that any Individual Settlement Payment or Service Payment paid under the terms of this Agreement does not represent any modification of any Authorized Claimant's previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Sephora. Further, any Individual Settlement Payment or Service Payment paid hereunder shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan, employee welfare benefit plan, employee bonuses, or employee past, current, or future compensation levels.

**B.**      The calculation of Eligible Workweeks shall be based on BOTW's reasonably available business records. BOTW's records and calculations regarding the Eligible Workweeks of Class Members shall be presumed to be correct for purposes of this Settlement (notwithstanding the Parties' acknowledgment that those records may be imperfect). If a Class Member wishes to dispute Eligible Workweeks, he or she can submit document(s) to the Settlement Claims Administrator, who will make a final and binding determination of whether or not to accept the dispute.

**C.**      The Employer's Payroll Taxes will be paid out of the Gross Class Settlement Amount. Any portion of the Employer's Payroll Taxes on any Settlement Check amounts that are not claimed by Class Members by the timely submission of a Claim Form, will not be used to fund the Gross Class Settlement Amount.

      D.     BOTW and the Settlement Claims Administrator shall exchange such information as is necessary for the Settlement Claims Administrator to make proper tax withholdings and comply with tax reporting obligations as described in Section 9.6.

**9.6.    Tax Characterization.**

      A.     For tax purposes, 50% of payments to Authorized Claimants pursuant to Section 9.5 shall be treated as W-2 wage payments and 50% of such payments shall be treated as 1099 non-wage income as liquidated damages, statutory penalties, and interest.

      B.     Payments treated as W-2 wages shall be made net of all applicable Employee Taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. Payments treated as liquidated damages, statutory penalties, and interest shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099. Payments of attorneys' fees and costs pursuant to Section 9.2 shall be made without withholding. Class Counsel will receive a Form 1099 for this payment. Payment of Service Awards pursuant to Section 9.3 will be reported as deemed appropriate by the Settlement Claims Administrator.

      C.     It shall be the responsibility of the Settlement Claims Administrator or its designee to timely and properly withhold from Individual Settlement Payments to Authorized Claimants all applicable Employee Taxes and to prepare and deliver the necessary tax documentation for signature by all necessary parties and, thereafter, to cause the appropriate deposits of withholdings and information and other tax return filing to occur.

      D.     Employee Taxes shall not be BOTW's responsibility. Any tax responsibility for the non-wage portion of the payments to Authorized Claimants shall not be BOTW's responsibility.

**9.7.  Timing of Payments.**

      The Settlement Claims Administrator will mail Settlement Checks to Authorized Claimants, Service Awards to Class Plaintiffs, and the PAGA penalty to the LWDA, and shall wire Fee and Expense Award to Class Counsel ten (10) days after the Final Effective Date.

DocuSign Envelope ID: A90A6FB4-7038-44FD-AAD3-35B22983B354

10.    **RELEASE**

10.1    **Release of Claims.**

A.    By operation of the entry of the Final Approval Order, each California Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases, on his or her behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, BOTW and all Releasees from the Released California Claims (as defined in Section 1.37 above).  California Class Members who are also Authorized Claimants will also release the Releasees from the Released Federal Claims (as defined in Section 1.38 above).

B.    By operation of the entry of the Final Approval Order, each FLSA Collective Opt-In forever and fully releases, on his or her behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, BOTW and all Releasees from the Released Federal Claims (as defined in Section 1.38 above).  FLSA Collective Opt-Ins will also release the Releasees from any and all applicable state law wage and hour claims arising from their employment by BOTW as exempt Customer Service Managers, for the period October 1, 2013 through the date of the Preliminary Approval Order, inclusive, including all claims for interest, penalties, liquidated damages, attorneys' fees, costs, and expenses.

C.    In addition to the waiver and release contained in Sections 10.1(A) and (B) above, and in consideration for the Service Awards, if approved and paid under Section 9.3 above, Class Plaintiffs, their heirs, executors, administrators, successors and assigns, voluntarily release and forever discharge BOTW and all Releasees of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; the Immigration Reform and Control Act, as amended; the Workers Adjustment Retraining Notification Act, as amended; the Family and Medical Leave Act; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any contract (whether oral or written, express or implied) or tort laws; any claim arising under the common law; any other claim for unpaid wages, employment discrimination, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent

infliction of emotional distress; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against BOTW or any of the Releasees, based upon any conduct occurring up to and including the date of each respective Plaintiff's execution of this Agreement.

**10.2    Denial of Wrongdoing.**

BOTW specifically and generally denies any and all liability or wrongdoing of any sort with regard to any and all of the allegations set forth in Class Counsel's May 20, 2014 letter or those to be asserted in the Litigation, and makes no concessions or admissions of liability of any sort. BOTW maintains that for any purpose other than settlement, the Lawsuit is not appropriate for class action treatment pursuant to Federal Rule of Civil Procedure 23, and that had this matter proceeded, BOTW would oppose class and collective action certification.

**11.    ADDITIONAL PROVISIONS**

11.1    Cooperation Between the Parties; Further Acts.   The Parties shall reasonably cooperate with each other and shall make reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.

11.2    No Assignment.   Class Counsel and Class Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

11.3    Entire Agreement.   This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

11.4    Binding Effect.   This Agreement shall be binding upon the Parties, except as set forth in the termination provisions in Section 8.

11.5    Arms' Length Transaction; Materiality of Terms.   The Parties have negotiated all the terms and conditions of this Agreement at arms' length.   All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

11.6    Captions.   The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

11.7    Governing Law.   This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Iowa, without regard to choice of

law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

11.8    Disputes Regarding Agreement.  The Parties agree to have mediator David Rotman seek to resolve any and all disputes that may arise in connection with interpreting the terms of the Settlement.

11.9    Continuing Jurisdiction.  The Parties shall request that the Court retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby. The Parties shall not petition the Court to modify the terms of the Agreement or to increase BOTW's payment obligations hereunder.

11.10   Class Action Fairness Notice.  Within ten (10) business days following the filing of the Motion for Preliminary Approval, BOTW, through the Claims Administrator, shall serve notice of the proposed Settlement upon the required governmental officials pursuant to the Class Action Fairness Action of 2005, 28 U.S.C. § 1715 (with a copy to Plaintiffs' Counsel).

11.11   Waivers, Modification or Amendments to Be in Writing.  No waiver, modification, or amendment of any of the terms of this Agreement, whether purportedly made before or after the Court's approval of the Settlement memorialized in this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval.  Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

11.12   When Agreement Becomes Effective; Counterparts.  This Agreement shall become effective upon its full execution.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

11.13   Facsimile, Electronic, and Email Signatures.  Any party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile, email, or other electronic means to counsel for the other party.  Any signature made and transmitted by facsimile, email, or other electronic means for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

11.14 Construction.  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

AGREED AND APPROVED:

Dated: _2/27_____, _2018_            Bank of the West

                                     By: _____
                                          Angela Perez

Dated: _____, ____

                                     _____
                                     Maria Meller

Dated: _____, ____

                                     _____
                                     Eddie Capovilla

Dated: _____, ____

                                     _____
                                     Cynthia Pash

Dated: _____, ____

                                     _____
                                     Debra Anderson


APPROVED AS TO FORM:

Dated: _2/27_____, _2018_            Counsel for Bank of the West

                                     By: _____

Dated: _____, ____              Counsel for Plaintiffs


                                     By: _____


21

DocuSign Envelope ID: EA0F9C72-7E02-462A-B851-76F084DF2932

11.14  Construction.  The determination of the terms and conditions of this Agreement
has been by mutual agreement of the Parties.  Each party participated jointly in
the drafting of this Agreement, and therefore the terms and conditions of this
Agreement are not intended to be, and shall not be, construed against any party by
virtue of draftsmanship.

AGREED AND APPROVED:

Dated: _____ __, _____          Bank of the West

                                  By:_____

Dated: 2/23/2018 __, _____        [signature]

Dated: _____ __, _____          _____
                                  Eddie Capovilla

Dated: _____ __, _____          _____
                                  Cynthia Pash

Dated: _____ __, _____          _____
                                  Debra Anderson


APPROVED AS TO FORM:

Dated: _____ __, _____          Counsel for Bank of the West

                                  By:_____

Dated: February 26, 2018          Counsel for Plaintiffs

                                  By:_____

DocuSign Envelope ID: 400A6FB47038-44B7-A023-35B230S2B354

11.14  Construction.  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.


AGREED AND APPROVED:

Dated: _____ __, ____            Bank of the West

                                     By:_____

Dated: _____ __, ____             _____
                                     Maria Meller

Dated: 2/24/2018                      _____
_____ __, ____                     Eddie Capovilla

Dated: _____ __, ____              _____
                                     Cynthia Pash

Dated: _____ __, ____              _____
                                     Debra Anderson


APPROVED AS TO FORM:

Dated: _____ __, ____            Counsel for Bank of the West

                                     By:_____

Dated: _____ __, ____            Counsel for Plaintiffs

                                     By:_____

11.14   Construction.  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

AGREED AND APPROVED:

Dated: _____ __, ____          Bank of the West

                                   By:_____

Dated: _____ __, ____           _____
                                   Maria Meller

Dated: _____ __, ____            _____
                                   Eddie Capovilla

Dated: _____ __, ____     2/23/2018     _____
                                   Cynthia Pash

Dated: _____ __, ____            _____
                                   Debra Anderson

APPROVED AS TO FORM:

Dated: _____ __, ____          Counsel for Bank of the West

                                   By:_____

Dated: _____ __, ____          Counsel for Plaintiffs

                                   By:_____

21

11.14 Construction. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

AGREED AND APPROVED:

Dated: _____ __, ____          Bank of the West

                                    By:_____

Dated: _____ __, ____            _____
                                    Maria Meller

Dated: _____ __, ____             _____
                                    Eddie Capovilla

Dated: _____ __, ____             _____
                                    Cynthia Pash

Dated: _____ __, ____             _____
       2/23/2018                    Debra Anderson

APPROVED AS TO FORM:

Dated: _____ __, ____          Counsel for Bank of the West

                                    By:_____

Dated: _____ __, ____          Counsel for Plaintiffs

                                    By:_____

21

# EXHIBIT A

**U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA**

*Meller, et al. v. Bank of the West*, Case No. [**insert**]

**Please read this Notice carefully.  If you worked for Bank of the West ("BOTW") as a Customer Service Manager, you may be entitled to a payment from a class and collective action lawsuit settlement.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- On [PRELIMINARY APPROVAL DATE], the Honorable [insert] of the United States District Court for the Southern District of Iowa granted preliminary approval of a proposed class and collective action settlement in the above-referenced Litigation.  The Court has authorized the dissemination of this Notice to inform you of your options under the Settlement.

- Former BOTW Customer Service Managers filed a lawsuit against BOTW alleging that BOTW misclassified them and other BOTW Customer Service Managers as employees "exempt" from overtime and failed to pay BOTW Customer Service Managers overtime compensation for the hours they worked in excess of forty hours per week.  These employees filed the lawsuit as a class action under state law and as a collective action under the Fair Labor Standards Act ("FLSA").

- You have received this notice because BOTW's records indicate that you were employed as a Customer Service Manager in the United States on or after October 1, 2013.

- BOTW has denied and continues to deny the factual and legal allegations in the Litigation and believes that it has valid defenses to Plaintiffs' claims.  By agreeing to settle, BOTW is not admitting either liability on any of the factual allegations or claims in the Litigation or that the Litigation can or should proceed as a class or collective action.  The Settling Parties entered into this settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.  The Court has not made any final ruling on the merits of the claims, and no party has prevailed in this action.

- Under the allocation formula created by the Settlement, your Settlement Payment is estimated to be approximately $_____.  Half of the Settlement Payment will be subject to payroll deductions for applicable taxes and withholdings, like any other paycheck, for which you will receive a W-2, and the other half will not be subject to deductions and will be reported on a 1099.

- You have a choice to make now, which will affect your legal rights:

| NON-CALIFORNIA COLLECTIVE MEMBERS<br>YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM AND OBTAIN A PAYMENT** | If you wish to participate in the Settlement and be eligible to receive a Settlement Payment, complete and mail back the enclosed "Claim Form", to the Claims Administrator, as discussed in Section 8 below.  The Claim Form must be postmarked by or otherwise received on or before **[INSERT DATE 60 DAYS FROM NOTICE MAILING]**.<br><br>If you choose to participate in the settlement, you will release the Released Federal Law Claims and Released State Claims discussed in Section 10 below. |
| **DO NOTHING** | If you do nothing and the Court grants final approval of the Settlement, you will not be eligible to receive a Settlement Payment.  You will retain your right to file your own legal action against BOTW under federal law and some state laws, should you choose, assuming that the time period to sue has not expired.  . |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Settlement Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this notice?

The Court ordered that you be sent this notice because you have a right to know about the proposed class and collective action settlement of the Litigation, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections and appeals are heard, Settlement Payments will be mailed to Authorized Claimants who returned Claim Forms.

This notice explains the lawsuit, the Settlement, your legal rights, and what benefits are available.

The Court overseeing this case is the United States District Court for Southern District of Iowa. The Litigation is *Meller, et al. v. Bank of the West*, [insert the rest of the caption].

### 2. Am I covered by this Settlement?

BOTW's records state that you were employed by BOTW as an exempt (i.e., salary paid) Customer Service Manager anywhere in the United States except California at any time between October 1, 2013 and the Preliminary Approval Date (if you are in this group, you are considered a "**Collective Members**"). Some aspects of the Settlement are different for Customer Service Managers who worked in California as opposed to other states in the United States; the

information contained in this Notice is specific to Collective Members from states/jurisdictions other than California.

## 3. What is the Litigation about?

The Litigation is about whether BOTW misclassified BOTW Customer Service Managers as exempt from federal and state overtime protections and failed to pay BOTW Customer Service Managers all of their wages, including overtime compensation for the hours they worked in excess of 40 hours per week.

BOTW denies these allegations and believes that its BOTW Customer Service Managers were properly classified and received all wages, including overtime compensation, to which they were entitled.  The Parties have entered into this Settlement solely with the intention to avoid further dispute and litigation with the attendant inconvenience and expense.

The Court has not made any ruling on the merits of the claims, and no party has prevailed in this action.

## 4. Why is this a class/collective action?

In a class action, one or more people called "class representatives" sue not only for themselves, but on behalf of other people who have similar claims.  The people are called "class members" and together are the "class." Similarly, in a collective action, one or more people can seek to represent a "collective" of similarly situated people.  The individuals who initiated this class/collective action are called the "Plaintiffs."  In a class/collective action, the Plaintiffs ask the court to resolve the issues for every member the class and collective.

## 5. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or BOTW.  Both sides believe they will prevail in the Litigation, but there was no decision in favor of either party.  Instead, the Parties have agreed to resolve this matter solely in order to avoid the burden, expense and risks associated with continued litigation.  The Plaintiffs and Class Counsel think the settlement is in the best interests of all Class Members.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 6. What does the Settlement provide?

BOTW has agreed to pay a total of up to $2,620,000.00 (the "Maximum Settlement Amount"). The Maximum Settlement Amount will be used to pay:  (1) the Authorized Claimants; (2) Class Counsel's approved attorneys' fees of up to $873,333.33 (one-third of the Maximum Settlement Amount) and costs of approximately $40,000; (3) awards of $8,000 each to the four Class Representatives and 11 Individual Plaintiffs; (4) $7,500 to the California Labor and Workforce Development Agency; and (5) the Claims Administrator's fees and costs of approximately [$TBD].

**7.  How much will my Settlement Payment be?**

Based on the formula that has been preliminarily approved by the Court, your Settlement Payment is estimated to be $_____, half of which is subject to payroll deductions for applicable taxes and withholdings like any other paycheck, for which you will receive a W-2, and half of which is not subject to deductions and will be reported on a 1099.  Neither Class Counsel nor BOTW's counsel can advise you regarding the tax consequences of the Settlement.  You may wish to consult with your own personal tax advisor in connection with the Settlement.

The formula that has been approved by the Court and used to calculate your Settlement Payment considers the number of weeks you worked and whether you worked in California.  The Settlement Agreement contains the exact allocation formula.  You may obtain a copy of the Settlement Agreement by contacting the Claims Administrator at (XXX) XXX-XXXX.

The Claims Administrator used information from BOTW's records to calculate your payment.  If you have questions about your calculation, you may contact the Claims Administrator at (XXX) XXX-XXXX or using the information in Section 8 below.  If you dispute BOTW's records and/or the calculation of your Settlement Payment, you must note your dispute on the Claim Form and provide written documentation supporting your dispute in connection with submitting your Claim Form.  BOTW's records are presumed to be correct unless you prove otherwise with documentary evidence.  The Claims Administrator will evaluate the information you provide and will make the final decision as to any dispute.

**Settlement checks that are not cashed within 120 days will be null and void**.

# HOW YOU GET A PAYMENT

**8.  How can I get my payment?**

You must sign and return the enclosed Claim Form by the deadline to be eligible to receive a Settlement Payment.  Your Claim Form must be postmarked by, or otherwise received on or before, **[INSERT DATE 60 DAYS FROM NOTICE MAILING]**.

The Claims Administrator is Rust Consulting, Inc.  You may return the Claim Form in the pre-stamped return envelope or by mailing, emailing, or faxing it to:

[INSERT CLAIMS ADMINISTRATOR CONTACT]

To be effective, the Claim Form must be completed in full and signed.

If you do not submit a Claim Form or submit an incomplete or invalid Claim Form, your Settlement Payment will remain with BOTW.

**9.  When will I get my Settlement Payment?**

The Court will hold a hearing on _____, at _____ to determine whether to give final approval to the Settlement.  If the Court approves the Settlement, and there are no appeals,

settlement checks will be mailed within 10 days after the expiration date of the time for an appeal to have been filed.  If there is an appeal, settlement checks will be mailed within 10 days after the date of the final affirmance on appeal of the Settlement or after the date of final dismissal of the appeal, whichever is later.  Please be patient.

**10.  What am I giving up by releasing my claims?**

Releasing your claims means that you cannot sue, continue to sue, or be part of any other legal action against BOTW based on alleged violations of federal and/or various state wage and hour laws and related laws with regard to your work as a BOTW  salary-paid Customer Service Managers from October 1, 2013 up through [INSERT PRELIMINARY APPROVAL DATE]. The full language of the release is included on the final page of this Notice.

## THE LAWYERS REPRESENTING YOU

**13.  Do I have a lawyer in this case?**

The Court has decided that the lawyers at the law firms of Outten & Golden LLP and Shavitz Law Group, P.A. are qualified to represent you and all class members.  These lawyers are called "Class Counsel."  You will not be charged for these lawyers.  You do not need to retain your own attorney in order to participate as a Class Member.  If you do not opt out of the class and want to be represented by your own lawyer, you may hire one at your own expense.

**14.  How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to one-third of the Maximum Settlement Amount ($873,333.33) for their attorneys' fees.  These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  Class Counsel will also ask the Court to approve payment of up to $40,000 for the out-of-pocket costs they incurred litigating the case.  The Court may award less than these amounts.  BOTW has agreed not to oppose the fee and cost requests provided the request is consistent with the Settlement Agreement.

## THE COURT'S FAIRNESS HEARING

**17.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Fairness Hearing on _____ at _____, at the  United States District Court for Iowa ___.  At the hearing, the Court will determine whether the settlement is fair, adequate, and reasonable.

**18.  Do I have to come to the Fairness Hearing?**

No.  Class Counsel will attend to answer questions the Court may have.  But, you are welcome to come at your own expense.  You may also pay your own lawyer to attend, but it is not necessary.

# GETTING MORE INFORMATION

| **19.  Are there more details about the Settlement?** |
|---|

This notice summarizes the proposed settlement.  More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from the Claims Administrator or Class Counsel using the contact information below.

| **20.  How do I get more information?** |
|---|

If you have other questions about the settlement, you can contact the Claims Administrator at:

[CLAIMS ADMINISTRATOR CONTACT]

You can also contact Class Counsel at the addresses and/or telephone numbers below.

Justin M. Swartz
Outten & Golden LLP
695 Third Avenue, 25th Floor
New York, NY 10017
Telephone:  (212) 245-1000
BOTWFALawsuit@outtengolden.com

-or-

Gregg I. Shavitz
Paolo C. Meireles
Shavitz Law Group, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, FL 33432
shavitz@shavitzlaw.com

DATED:            _____, 20__

## Do not contact the Court directly for any reason.

## RELEASE LANGUAGE

### *Meller, et al. v. Bank of the West*

### Settlement Agreement and Release

(You can get a complete copy of the Settlement Agreement from the Claims Administrator or Class Counsel.)

### Section 1.38

Released Federal Claims.  "Released Federal Claims" means all wage and hour claims under federal law arising from the employment by BOTW of Class Members who timely submit a Claim Form (and thus become Authorized Claimants) as exempt Customer Service Managers, for the period October 1, 2013 through the date of the Preliminary Approval Order, inclusive, including all claims for interest, penalties, liquidated damages, attorneys' fees, costs, and expenses.

### Section 10.1(B)

By operation of the entry of the Final Approval Order, each FLSA Collective Opt-In forever and fully releases, on his or her behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, BOTW and all Releasees from the Released Federal Claims (as defined in Section 1.38 above).  FLSA Collective Opt-Ins will also release the Releasees from any and all applicable state law wage and hour claims arising from their employment by BOTW as exempt Customer Service Managers, for the period October 1, 2013 through the date of the Preliminary Approval Order, inclusive, including all claims for interest, penalties, liquidated damages, attorneys' fees, costs, and expenses.

**U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA**

*Meller, et al. v. Bank of the West*, Case No. [**insert**]

**Please read this Notice carefully. If you worked for Bank of the West ("BOTW") in California as a Customer Service Manager, you may be entitled to a payment from a class and collective action lawsuit settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- On [PRELIMINARY APPROVAL DATE], the Honorable [insert] of the United States District Court for the Southern District of Iowa granted preliminary approval of a proposed class and collective action settlement in the above-referenced Litigation. The Court has authorized the dissemination of this Notice to inform you of your options under the Settlement.

- Former BOTW Customer Service Managers filed a lawsuit against BOTW alleging that BOTW misclassified them and other BOTW Customer Service Managers as employees "exempt" from overtime and failed to pay BOTW Customer Service Managers overtime compensation for the hours they worked in excess of forty hours per week. These employees filed the lawsuit as a class action under state law and as a collective action under the Fair Labor Standards Act ("FLSA").

- You have received this notice because BOTW's records indicate that you were employed as a Customer Service Manager in the state of California on or after October 1, 2013.

- BOTW has denied and continues to deny the factual and legal allegations in the Litigation and believes that it has valid defenses to Plaintiffs' claims. By agreeing to settle, BOTW is not admitting either liability on any of the factual allegations or claims in the Litigation or that the Litigation can or should proceed as a class or collective action. The Settling Parties entered into this settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense. The Court has not made any final ruling on the merits of the claims, and no party has prevailed in this action.

- Under the allocation formula created by the Settlement, your Settlement Payment is estimated to be approximately $_____. Half of the Settlement Payment will be subject to payroll deductions for applicable taxes and withholdings, like any other paycheck, for which you will receive a W-2, and the other half will not be subject to deductions and will be reported on a 1099.

- You have a choice to make now, which will affect your legal rights:

| CALIFORNIA CLASS MEMBERS<br>YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM AND OBTAIN A PAYMENT** | If you wish to participate in the Settlement and be eligible to receive a Settlement Payment, complete and mail back the enclosed "Claim Form", to the Claims Administrator, as discussed in Section 8 below.  The Claim Form must be postmarked by or otherwise received on or before **[INSERT DATE 60 DAYS FROM NOTICE MAILING]**.<br><br>If you choose to participate in the settlement, you will release the Released Federal Law Claims and Released State Claims discussed in Section 10 below. |
| **DO NOTHING** | If you do nothing and the Court grants final approval of the Settlement, you will not be eligible to receive a Settlement Payment.  You will retain your right to file your own legal action against BOTW under federal law, should you choose, assuming that the time period to sue has not expired.  However, you will not retain your right to sue BOTW for any Released State Law Claims as discussed in Section 10 below and listed in the Claim Form unless you properly and timely exclude yourself from the Settlement and forgo your Settlement Payment (as discussed in Sections 11 and 12 below). |
| **EXCLUDE YOURSELF** | If you do not want to participate in the Settlement and want to retain your right to sue BOTW for unpaid wages under not only federal law but also under California state law, you must submit a written Opt-Out Request to the Claims Administrator, as discussed in Section 11 below.  If you submit an Opt-Out Request, you will not be eligible to receive a Settlement Payment. |
| **OBJECT** | If you have not submitted an Opt-Out Request, you may write to the Court about why you object to the Settlement. More information about objecting is set forth in Section 15 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Settlement Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

# BASIC INFORMATION

## 1. Why did I get this notice?

The Court ordered that you be sent this notice because you have a right to know about the proposed class and collective action settlement of the Litigation, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after

any objections and appeals are heard, Settlement Payments will be mailed to Authorized Claimants who returned Claim Forms.

This notice explains the lawsuit, the Settlement, your legal rights, and what benefits are available.

The Court overseeing this case is the United States District Court for Southern District of Iowa. The Litigation is *Meller, et al. v. Bank of the West*, [insert the rest of the caption].

## 2. Am I covered by this Settlement?

BOTW's records state that you were employed by BOTW as an exempt (i.e., salary paid) Customer Service Manager in California sometime between October 1, 2013 and [insert Preliminary Approval Date], and are thus considered a **"California Class Member."**  Some aspects of the Settlement are different for Customer Service Managers who worked in California as opposed to other states in the United States; the information contained in this Notice is specific to California Class Members.

## 3. What is the Litigation about?

The Litigation is about whether BOTW misclassified BOTW Customer Service Managers as exempt from federal and state overtime protections and failed to pay BOTW Customer Service Managers all of their wages, including overtime compensation for the hours they worked in excess of 40 hours per week.

BOTW denies these allegations and believes that its BOTW Customer Service Managers were properly classified and received all wages, including overtime compensation, to which they were entitled.  The Parties have entered into this Settlement solely with the intention to avoid further dispute and litigation with the attendant inconvenience and expense.

The Court has not made any ruling on the merits of the claims, and no party has prevailed in this action.

## 4. Why is this a class/collective action?

In a class action, one or more people called "class representatives" sue not only for themselves, but on behalf of other people who have similar claims.  The people are called "class members" and together are the "class."  Similarly, in a collective action, one or more people can seek to represent a "collective" of similarly situated people.  The individuals who initiated this class/collective action are called the "Plaintiffs."  In a class/collective action, the Plaintiffs ask the court to resolve the issues for every member the class and collective.

## 5. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or BOTW.  Both sides believe they will prevail in the Litigation, but there was no decision in favor of either party.  Instead, the Parties have agreed to resolve this matter solely in order to avoid the burden, expense and risks associated with continued litigation.  The Plaintiffs and Class Counsel think the settlement is in the best interests of all Class Members.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 6. What does the Settlement provide?

BOTW has agreed to pay a total of up to $2,620,000.00 (the "Maximum Settlement Amount"). The Maximum Settlement Amount will be used to pay: (1) the Authorized Claimants; (2) Class Counsel's approved attorneys' fees of up to $873,333.33 (one-third of the Maximum Settlement Amount) and costs of approximately $40,000; (3) awards of $8,000 each to the four Class Representatives and 11 Individual Plaintiffs; (4) $7,500 to the California Labor and Workforce Development Agency; and (5) the Claims Administrator's fees and costs of approximately [$TBD].

## 7.  How much will my Settlement Payment be?

Based on the formula that has been preliminarily approved by the Court, your Settlement Payment is estimated to be $_____, half of which is subject to payroll deductions for applicable taxes and withholdings like any other paycheck, for which you will receive a W-2, and half of which is not subject to deductions and will be reported on a 1099. Neither Class Counsel nor BOTW's counsel can advise you regarding the tax consequences of the Settlement. You may wish to consult with your own personal tax advisor in connection with the Settlement.

The formula that has been approved by the Court and used to calculate your Settlement Payment considers the number of weeks you worked and whether you worked in California. The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement by contacting the Claims Administrator at (XXX) XXX-XXXX.

The Claims Administrator used information from BOTW's records to calculate your payment. If you have questions about your calculation, you may contact the Claims Administrator at (XXX) XXX-XXXX or using the information in Section 8 below. If you dispute BOTW's records and/or the calculation of your Settlement Payment, you must note your dispute on the Claim Form and provide written documentation supporting your dispute in connection with submitting your Claim Form. BOTW's records are presumed to be correct unless you prove otherwise with documentary evidence. The Claims Administrator will evaluate the information you provide and will make the final decision as to any dispute.

**Settlement checks that are not cashed within 120 days will be null and void**.

# HOW YOU GET A PAYMENT

## 8.  How can I get my payment?

You must sign and return the enclosed Claim Form by the deadline to be eligible to receive a Settlement Payment. Your Claim Form must be postmarked by, or otherwise received on or before, **[INSERT DATE 60 DAYS FROM NOTICE MAILING]**.

The Claims Administrator is Rust Consulting, Inc. You may return the Claim Form in the pre-stamped return envelope or by mailing, emailing, or faxing it to:

[INSERT CLAIMS ADMINISTRATOR CONTACT]

To be effective, the Claim Form must be completed in full and signed.

If you do not submit a Claim Form or submit an incomplete or invalid Claim Form, your Settlement Payment will remain with BOTW.

## 9.  When will I get my Settlement Payment?

The Court will hold a hearing on _____, at _____ to determine whether to give final approval to the Settlement.  If the Court approves the Settlement, and there are no appeals, settlement checks will be mailed within 10 days after the expiration date of the time for an appeal to have been filed.  If there is an appeal, settlement checks will be mailed within 10 days after the date of the final affirmance on appeal of the Settlement or after the date of final dismissal of the appeal, whichever is later.  Please be patient.

## 10.  What am I giving up by releasing my claims?

Releasing your claims means that you cannot sue, continue to sue, or be part of any other legal action against BOTW based on alleged violations of federal and/or California wage and hour laws and related laws with regard to your work as a BOTW  salary-paid Customer Service Managers from October 1, 2013 up through [INSERT PRELIMINARY APPROVAL DATE].  The full language of the release is included on the final page of this Notice.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not wish to release your California state law claims, then you must take steps to exclude yourself.  This is sometimes referred to as "opting out" of the settlement.

## 11.  How do I opt out of the Settlement?

If you wish to exclude yourself from the Settlement, you must submit a written Opt-Out Request to the Claims Administrator, stating: (i) your name, address and telephone number; and (ii) that "I hereby request to exclude myself from the settlement in *Meller v. Bank of the West.*"  The Opt-out Request must be postmarked by or otherwise received on or before [INSERT DATE 60 DAYS FROM NOTICE MAILING].

If you submit an Opt-Out Request, you will not be eligible to receive a Settlement Payment.  You will retain the right to bring your own legal action against BOTW based on the claims that are covered by this Settlement, should you choose.  You should be aware that your claims are subject to a statute of limitations, which means that they will expire on a certain date.

If you ask to be excluded, you cannot object to the settlement.

## 12.  If I exclude myself, can I get money from this Settlement?

No.  If you exclude yourself, you will not be eligible to receive a Settlement Payment.

# THE LAWYERS REPRESENTING YOU

| 13. Do I have a lawyer in this case? |
|---|

The Court has decided that the lawyers at the law firms of Outten & Golden LLP and Shavitz Law Group, P.A. are qualified to represent you and all class members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. You do not need to retain your own attorney in order to participate as a Class Member. If you do not opt out of the class and want to be represented by your own lawyer, you may hire one at your own expense.

| 14. How will the lawyers be paid? |
|---|

Class Counsel will ask the Court to approve payment of up to one-third of the Maximum Settlement Amount ($873,333.33) for their attorneys' fees. These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment of up to $40,000 for the out-of-pocket costs they incurred litigating the case. The Court may award less than these amounts. BOTW has agreed not to oppose the fee and cost requests provided the request is consistent with the Settlement Agreement.

# OBJECTING TO THE SETTLEMENT

As a California Class Member, you can tell the Court that you do not agree with the settlement or some part of it.

| 15. How do I tell the Court that I disapprove of the Settlement? |
|---|

If you are a California Class Member and have not submitted an Opt-Out Request, you can object to any portion of the Settlement with which you disapprove. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object to the Settlement, send a letter to the Claims Administrator saying that you object to the Settlement which includes all of the following: (i) all reasons for objecting to the Settlement, and any supporting documentation; (ii) your name, address and telephone number; and (iii) the case name as it appears in the caption of the Complaint and the assigned case number.

As an objector, you also have the right to appear at the Fairness Hearing before the Court (explained in Sections 17 and 18 below) either in person or through your own counsel. If you wish to appear at the Fairness Hearing, you should state your intention to do so in your letter to the Claims Administrator.

Objections should be mailed to the Claims Administrator at:

[CLAIMS ADMINISTRATOR CONTACT]

Your objection must be postmarked by or otherwise received on or before **[INSERT DATE 60 DAYS FROM NOTICE MAILING]**.

**16.  What's the difference between objecting and opting out?**

Objecting is telling the Court that you do not like something about the Settlement and asking the Court not to approve the Settlement as is.  You can object only if you are a California Class Member and only if you stay in the Class.

Opting out (also known as excluding yourself) is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.  If you submit both an objection and an Opt-Out Request, the Claims Administrator will attempt to contact you to determine whether you intended to object or exclude yourself.  If the Claims Administrator cannot reach you, it will be presumed that you intended to exclude yourself, and your objection will not be considered.

# THE COURT'S FAIRNESS HEARING

**17.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Fairness Hearing on _____ at _____, at the United States District Court for Iowa ____.

At the hearing, the Court will determine whether the settlement is fair, adequate, and reasonable and will consider any properly submitted objections.

**18.  Do I have to come to the Fairness Hearing?**

No.  Class Counsel will attend to answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court in person.  As long as you have not excluded yourself and have mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

# GETTING MORE INFORMATION

**19.  Are there more details about the Settlement?**

This notice summarizes the proposed settlement.  More details are in a Settlement Agreement.  You can get a copy of the Settlement Agreement from the Claims Administrator or Class Counsel using the contact information below.

**20.  How do I get more information?**

If you have other questions about the settlement, you can contact the Claims Administrator at:

[CLAIMS ADMINISTRATOR CONTACT]

You can also contact Class Counsel at the addresses and/or telephone numbers below.

Justin M. Swartz
Outten & Golden LLP
695 Third Avenue, 25th Floor
New York, NY 10017
Telephone:  (212) 245-1000
BOTWFALawsuit@outtengolden.com

-or-

Gregg I. Shavitz
Paolo C. Meireles
Shavitz Law Group, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, FL 33432
shavitz@shavitzlaw.com


DATED:      _____, 20__


**Do not contact the Court directly for any reason.**

## RELEASE LANGUAGE

### *Meller, et al. v. Bank of the West*

**Settlement Agreement and Release**

(You can get a complete copy of the Settlement Agreement from the Claims Administrator or Class Counsel.)

**Section 1.37**

Released California Claims.  "Released California Claims" means all wage and hour claims under California law arising from California Class Members' employment by BOTW as exempt Customer Service Managers, excluding California Class Members who opt-out of the Settlement, for the period October 1, 2013 through the date of the Preliminary Approval Order, inclusive, including all claims for interest, penalties, liquidated damages, attorneys' fees, costs, and expenses, and claims under the California Private Attorneys General Act.

**Section 1.38**

Released Federal Claims.  "Released Federal Claims" means all wage and hour claims under federal law arising from the employment by BOTW of Class Members who timely submit a Claim Form (and thus become Authorized Claimants) as exempt Customer Service Managers, for the period October 1, 2013 through the date of the Preliminary Approval Order, inclusive, including all claims for interest, penalties, liquidated damages, attorneys' fees, costs, and expenses.

**Section 10.1(A)**

By operation of the entry of the Final Approval Order, each California Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases, on his or her behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, BOTW and all Releasees from the Released California Claims (as defined in Section 1.37 above).  California Class Members who are also Authorized Claimants will also release the Releasees from the Released Federal Claims (as defined in Section 1.38 above).