# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| **MARIA MELLER, DEBRA ANDERSON, CYNTHIA PASH, and EDDIE CAPOVILLA, on behalf of themselves and those similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**BANK OF THE WEST,**<br><br>Defendants. | Case No.: 3:18-CV-00033-JAJ-RAW |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement ("Motion for Preliminary Approval"). After reviewing the Motion for Preliminary Approval, the Memorandum of Law in Support of the Motion for Preliminary Approval (the "Memorandum of Law"), the Declaration of Justin M. Swartz ("Swartz Decl.") and supporting exhibits, the Declaration of Gregg I. Shavitz, and the Declaration of Dorothy A. O'Brien, the Court hereby finds as follows:

A. On April 12, 2018, Plaintiffs Maria Meller, Debra Anderson, Cynthia Pash, and Eddie Capovilla (collectively, "Plaintiffs") filed the Unopposed Motion for Preliminary

Approval with respect to a proposed Settlement Agreement and Release ("Settlement Agreement").

B.  In their Motion, Plaintiffs seek class certification for settlement purposes only under Fed. R. Civ. P. 23 of all individuals who worked as salaried Customer Service Managers ("CSMs") for Defendant Bank of the West in California during the period from October 1, 2013 through the date of this Order.

C.  This Court has considered all of the submissions presented with respect to the Settlement Agreement.

D.  All capitalized terms in this Order with respect to the Settlement Agreement that are not otherwise defined have the same meaning as in the Settlement Agreement.

E.  NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1.  For the reasons set forth in Plaintiffs' Memorandum of Law, this Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met warranting class and collective certification for purposes of effectuating settlement. The Court hereby certifies the following class for settlement purposes only:

> All exempt Customer Service Managers employed by Bank of the West in California at any time between October 1, 2013 and the date of entry of this Order, inclusive.

2.  The Court finds that the Settlement Agreement is fair, reasonable, and adequate and should be preliminarily approved. The settlement will ensure prompt payment to class and collective members and avoid the risks and expense of continued litigation.

3.  The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the release of claims. Based

on its review of the Settlement Agreement, Plaintiffs' Memorandum of Law, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the Parties after Plaintiffs' Counsel and Defendant's Counsel had thoroughly investigated the claims and became familiar with the strengths and weaknesses of the claims. The assistance of a neutral mediator supports the Court's finding that the settlement is not collusive. Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of possible settlement approval such that notice to the Class as set forth in the Settlement Agreement is appropriate.

4. The Court approves Outten & Golden LLP, Shavitz Law Group, P.A., and O'Brien & Marquard, P.L.C. as Class Counsel.

5. The Court approves Rust Consulting, Inc. as the Claims Administrator.

6. The Court has reviewed the proposed Notices to the California Rule 23 Class and the Fair Labor Standards Act Collective,[1] attached as Exhibit A to the Settlement Agreement. The Court finds that these Notices fully and accurately inform the California Rule 23 Class Members and the Fair Labor Standards Act Collective Members of all material elements of the action and the proposed Settlement.

7. The Court finds that the Settlement Agreement satisfies all the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3).

8. The Parties propose to disseminate the Notices to all California Rule 23 Class Members and Fair Labor Standards Act Collective Members via First Class United States Mail to

---

[1] The Fair Labor Standards Act Collective is defined as all exempt CSMs employed by Bank of the West anywhere in the United States except California at any time between October 1, 2013 and the date of entry of this Order, inclusive.

the last known address of each individual, in accordance with Sections 4(B) and 4(C) of the Settlement Agreement. The Settlement Claims Administrator shall also distribute a Reminder Notice 20 days, and again 40 days, after the initial Notice Mailing to any California Rule 23 Class Member and Fair Labor Standards Act Collective Member who has not yet returned a Claim Form. The Court finds that the method of disseminating the Notices is the best notice practicable under the circumstances and fully meets the requirements of federal law.

       9.       Based on the foregoing, the proposed Notices are hereby approved by the Court.

       10.      Within 15 calendar days of the entry of this Order, in accordance with Section 4(A) of the Settlement Agreement, Defendants will provide the Settlement Claims Administrator with the Class List.

       11.      Within 30 calendar days of the entry of this Order, the Claims Administrator will mail the approved Notices and Claim Forms to all California Rule 23 Class Members and Fair Labor Standards Act Collective Members, via First Class United States Mail.

       12.      After 20 days, and again after 40 days, of the initial Notice mailing, the Settlement Claims Administrator shall mail a Reminder notice to any California Rule 23 Class Members and Fair Labor Standards Act Collective Members who have not yet returned a Claim Form.

       13.      For any California Rule 23 Class Members and Fair Labor Standards Act Collective Members whose notices are returned as undeliverable, the Claims Administrator will perform a skip trace.

       14.      Each California Rule 23 Class Member and Fair Labor Standards Act Collective Member shall have 60 days from the initial mailing of the Notice to participate in the Settlement,

and California Rule 23 Class Members will have 60 days from the initial mailing of the Notice to object to or opt out of the Settlement.

15.     The Court will conduct a fairness hearing on _____, 2018, at __ [a.m./p.m.] to address: (a) whether the proposed Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) Class Counsel's application for attorneys' fees and costs; and (c) Plaintiffs' application for service payments.

16.     Plaintiffs shall file their Motion for Final Approval of the California Rule 23 Class Settlement, and approval of the Fair Labor Standards Act Collective Settlement, no later than 14 calendar days prior to the fairness hearing.

17.     The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

Dated this _____ day of _____, 2018.
Des Moines, Iowa

SO ORDERED:

_____
Hon. John A. Jarvey
United States District Judge