# Exhibit C

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF IOWA**

**EASTERN DIVISION**

|  |  |
|---|---|
| MARIA MELLER, DEBRA ANDERSON, CYNTHIA PASH, and EDDIE CAPOVILLA, on behalf of themselves and those similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>BANK OF THE WEST,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.:  3:18-cv-00033-JAJ-RAW

**DECLARATION OF PATRICK HUGHES FOR RUST CONSULTING, INC.**

I, Patrick Hughes, declare as follows:

1.      I am a Project Manager for Rust Consulting, Inc. ("Rust").  My business address is 625 Marquette Avenue, Suite 880, Minneapolis, Minnesota 55402-2469.  My telephone number is (612) 359-2902.  I am over twenty-one years of age and am authorized to make this declaration on behalf of Rust and myself.

2.      Rust has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, property damage, employment discrimination, employment wage and hour, product liability, insurance and consumer issues.  We have provided notification and/or claims administration services in more than 6,000 cases.  Of these, more than 2,300 were Labor & Employment cases.

3.      Rust was engaged by Counsel for the Plaintiffs and Counsel for the Defendants (collectively the "Parties") to provide notification services in the *Meller, et al. v. Bank of the West*

DECLARATION OF PATRICK HUGHES FOR RUST CONSULTING, INC.

Settlement ("Settlement").  Duties included: a) preparing, printing and mailing of the *Notice of Proposed Settlement of Class and Notice Collective Action Lawsuit* (known as the "Notices") and *Claim Form* ("Claim Form") (collectively known as the "Notices") (copies of the Notices are attached hereto as Exhibits A and B); b) receiving and tracking of Claim Forms; c) receiving and tracking of Requests for Exclusion; d) receiving and tracking of Objections; e) drafting and mailing Settlement Award checks to Class Members; and f) for such other tasks as the Parties mutually agree or the Court orders Rust to perform.

4.      Rust obtained a mailing address of Meller v Bank of the West, c/o Rust Consulting - 6097, PO Box 54, Minneapolis, Minnesota 55440-0054 to receive Claim Forms, Requests for Exclusion, undeliverable Notice Packets and other communications regarding the Settlement.

5.      Rust obtained a toll-free telephone number of (877) 625-9429 for Class Members to call with questions regarding the Settlement.

6.      A facsimile number was included in the Notices for receiving Claim Forms, written requests for Exclusion and other communications about the proposed Settlement. The facsimile number included in the Notices was (877) 740-6991.

7.      An email address was included in the Notices for receiving Claim Forms, written requests for Exclusion and other communications about the proposed Settlement. The email address included in the Notices was Info@BOTWsettlement.com.

8.      On or about April 23, 2018, Rust received text for both the California Class and non-California Collective Notices from Counsel.  Drafts of the formatted Notices were prepared by Rust and approved by the Parties.

9.      On or about May 1, 2018, Counsel for the Defendants provided Rust with a mailing list containing the Class Members' names, last known addresses, home phone number, cell phone number, dates of employment, location of employment, the number of workweeks during the class period and social security numbers (the "Class List").  The Class List contained data for 943 potential Class Members.

10.      During the analysis of the Class List, Rust identified 19 duplicative records which were subsequently rolled up, bringing the total number of Class Members to 924.

11.     The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service.  The NCOA contains requested changes of address filed with the U.S. Postal Service.  In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Notices.

12.     On May 16, 2018, Notices were mailed to 924 Class Members, including 351 California Class Members and 573 FLSA Collective Members, contained in the Class List via First Class mail.  The Notices advised Class Members that they could submit a Claim Form, and advised California Class Members that they could submit a written request for Exclusion or Objection postmarked by July 15, 2018.

13.     As of this date, 38 Notices have been returned as undeliverable.  Of the 38 Notices returned as undeliverable, Rust performed 38 address traces on Notices returned as undeliverable for the first time. The address trace utilizes the Class Member's name, previous address and Social Security Number for locating a current address.  Of the 38 traces performed 31 more current addresses were obtained and Notices were promptly re-mailed to those Class Members via First Class mail.  Of the 31 re-mailed Notices, one (1) was returned as undeliverable a second time. Of the 38 traces performed, Rust did not obtain updated addresses for seven (7) undeliverable Notices.  As of this date, eight (8) Notices remain undeliverable.  Of these, three (3) were addressed to California Class Members and five (5) were addressed to FLSA Collective Members.

14.     As of this date, one (1) Notice was returned by the Post Office with forwarding addresses attached. Rust promptly re-mailed the Notice to the forwarding address provided.

15.     On June 4, 2018, Rust mailed reminder postcards to 665 Class Members who had not yet returned a Claim Form.

16.     On June 25, 2018, Rust mailed a second reminder postcard to 492 Class Members who had not yet returned a Claim Form.

17.     As of this date, Rust received 604 Claim Forms, including 260 Claim Forms from California Class Members and 344 Claim Forms from FLSA Collective Members.

18.     Of the 604 Claim Forms received, 8 were received after the postmark date of July 15, 2018. Of the 8 late Claim Forms received, five (5) are from California Class Members and three (3) are from FLSA Collective Members.

19.     As of this date, Rust received zero (0) objections from Federal or State authorities regarding the CAFA Notice.

20.     As of this date, Rust received zero (0) Requests for Exclusion.

21.     As of this date, Rust received one (1) objection from an FLSA Collective Member who did not timely submit a Claim Form. A copy of the objection is attached hereto as Exhibit C.

22.     As of this date, the FLSA Collective Member who submitted the objection to the Settlement has not filed or returned a Claim Form.

23.     The total cost for the administration of this Settlement, including fees incurred and future costs for completion of the administration is estimated to be $22,000.

24.     I declare under penalty of perjury under the laws of the State of Iowa and the United States that the above is true and correct to the best of my knowledge and that this Declaration was executed this 25th day of July 2018, at Minneapolis, MN.

PATRICK HUGHES

DECLARATION OF PATRICK HUGHES FOR RUST CONSULTING, INC.

# EXHIBIT A

MELLER V. BANK OF THE WEST
C/O RUST CONSULTING INC – 6097
PO BOX 54
MINNEAPOLIS MN 55440-0054

**IMPORTANT LEGAL MATERIALS**

FOR OFFICIAL USE ONLY

01

Page 1 of 1

*CLMNT IDNO* - UAA - <<SequenceNo>>

<<Name 1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

# CLAIM FORM

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF IOWA

MARIA MELLER, EDDIE CAPOVILLA, CYNTHIA PASH,
and DEBRA ANDERSON, individually and on behalf of
all others similarly situated,

         Plaintiffs,

v.

BANK OF THE WEST,

         Defendant.

**CIVIL ACTION NO.**
3:18-CV-00033-JAJ-RAW

I hereby consent to join and participate as a plaintiff for settlement purposes in the above-captioned lawsuit (the "Litigation") against Bank of the West, and to be bound by any adjudication in the Litigation. I further agree that the Plaintiffs in the Litigation shall act as my agents and make all decisions on my behalf concerning the Litigation, including the settlement thereof. I also agree to be bound by the class and collective action settlement described in the accompanying Notice. I hereby designate the law firms Outten & Golden LLP and Shavitz Law Group, P.A. to represent me in the Litigation.

Signature: _____   Date: ____ ____ / ____ ____ / ____ ____

Full Legal Name (print): _____

Maiden or other names worked under: _____

StreetAddress*:_____

City*: _____   State*: ____ ____   Zip*: ____ ____ ____ ____ ____

Home Telephone Number*: (____ ____ ____) ____ ____ ____ - ____ ____ ____ ____

Cell Phone*: (____ ____ ____) ____ ____ ____ - ____ ____ ____ ____

E-mail Address*: _____

*This information will be redacted and will not be filed in the public record. This information will be used solely for Plaintiffs' Counsel to communicate with you.





**U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA**

*Meller, et al. v. Bank of the West*, Case No. 3:18-cv-00033-JAJ-RAW

**Please read this Notice carefully. If you worked for Bank of the West ("BOTW") in California as a Customer Service Manager, you may be entitled to a payment from a class and collective action lawsuit settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- On April 16, 2018, the Honorable John A. Jarvey of the United States District Court for the Southern District of Iowa granted preliminary approval of a proposed class and collective action settlement in the above-referenced Litigation. The Court has authorized the dissemination of this Notice to inform you of your options under the Settlement.

- Former BOTW Customer Service Managers filed a lawsuit against BOTW alleging that BOTW misclassified them and other BOTW Customer Service Managers as employees "exempt" from overtime and failed to pay BOTW Customer Service Managers overtime compensation for the hours they worked in excess of forty hours per week. These employees filed the lawsuit as a class action under state law and as a collective action under the Fair Labor Standards Act ("FLSA").

- You have received this notice because BOTW's records indicate that you were employed as a Customer Service Manager in the state of California on or after October 1, 2013.

- BOTW has denied and continues to deny the factual and legal allegations in the Litigation and believes that it has valid defenses to Plaintiffs' claims. By agreeing to settle, BOTW is not admitting either liability on any of the factual allegations or claims in the Litigation or that the Litigation can or should proceed as a class or collective action. The Settling Parties entered into this settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense. The Court has not made any final ruling on the merits of the claims, and no party has prevailed in this action.

- Under the allocation formula created by the Settlement, your Settlement Payment is estimated to be approximately $<<EstimatedAward>>. Half of the Settlement Payment will be subject to payroll deductions for applicable taxes and withholdings, like any other paycheck, for which you will receive a W-2, and the other half will not be subject to deductions and will be reported on a 1099.

- You have a choice to make now, which will affect your legal rights:

| CALIFORNIA CLASS MEMBERS<br>YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM AND OBTAIN A PAYMENT** | If you wish to participate in the Settlement and be eligible to receive a Settlement Payment, complete and mail back the enclosed "Claim Form", to the Claims Administrator, as discussed in Section 8 below. The Claim Form must be postmarked by or otherwise received on or before **July 15, 2018**.<br><br>If you choose to participate in the settlement, you will release the Released Federal Law Claims and Released State Claims discussed in Section 10 below. |
| **DO NOTHING** | If you do nothing and the Court grants final approval of the Settlement, you will not be eligible to receive a Settlement Payment. You will retain your right to file your own legal action against BOTW under federal law, should you choose, assuming that the time period to sue has not expired. However, you will not retain your right to sue BOTW for any Released State Law Claims as discussed in Section 10 below unless you properly and timely exclude yourself from the Settlement and forgo your Settlement Payment (as discussed in Sections 11 and 12 below). |
| **EXCLUDE YOURSELF** | If you do not want to participate in the Settlement and want to retain your right to sue BOTW for unpaid wages under not only federal law but also under California state law, you must submit a written Opt-Out Request to the Claims Administrator, as discussed in Section 11 below. If you submit an Opt-Out Request, you will not be eligible to receive a Settlement Payment. |
| **OBJECT** | If you have not submitted an Opt-Out Request, you may write to the Court about why you object to the Settlement. More information about objecting is set forth in Section 15 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Settlement Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this notice?

The Court ordered that you be sent this notice because you have a right to know about the proposed class and collective action settlement of the Litigation, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections and appeals are heard, Settlement Payments will be mailed to Authorized Claimants who returned Claim Forms.

This notice explains the lawsuit, the Settlement, your legal rights, and what benefits are available.

The Court overseeing this case is the United States District Court for Southern District of Iowa. The Litigation is *Meller, et al. v. Bank of the West*, Case No. 3:18-cv-00033-JAJ-RAW.

### 2. Am I covered by this Settlement?

BOTW's records state that you were employed by BOTW as an exempt (i.e., salary paid) Customer Service Manager in California sometime between October 1, 2013 and April 16, 2018, and are thus considered a "**California Class Member**." Some aspects of the Settlement are different for Customer Service Managers who worked in California as opposed to other states in the United States; the information contained in this Notice is specific to California Class Members.

### 3. What is the Litigation about?

The Litigation is about whether BOTW misclassified BOTW Customer Service Managers as exempt from federal and state overtime protections and failed to pay BOTW Customer Service Managers all of their wages, including overtime compensation for the hours they worked in excess of 40 hours per week.

BOTW denies these allegations and believes that its BOTW Customer Service Managers were properly classified and received all wages, including overtime compensation, to which they were entitled. The Parties have entered into this Settlement solely with the intention to avoid further dispute and litigation with the attendant inconvenience and expense.

The Court has not made any ruling on the merits of the claims, and no party has prevailed in this action.

### 4. Why is this a class/collective action?

In a class action, one or more people called "class representatives" sue not only for themselves, but on behalf of other people who have similar claims. The people are called "class members" and together are the "class." Similarly, in a collective action, one or more people can seek to represent a "collective" of similarly situated people. The individuals who initiated this class/collective action are called the "Plaintiffs." In a class/collective action, the Plaintiffs ask the court to resolve the issues for every member the class and collective.

### 5. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or BOTW. Both sides believe they will prevail in the Litigation, but there was no decision in favor of either party. Instead, the Parties have agreed to resolve this matter solely in order to avoid the burden, expense and risks associated with continued litigation. The Plaintiffs and Class Counsel think the settlement is in the best interests of all Class Members.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6. What does the Settlement provide?

BOTW has agreed to pay a total of up to $2,620,000.00 (the "Maximum Settlement Amount"). The Maximum Settlement Amount will be used to pay: (1) the Authorized Claimants; (2) Class Counsel's approved attorneys' fees of up to $873,333.33 (one-third of the Maximum Settlement Amount) and costs of approximately $40,000; (3) awards of $8,000 each to the four Class Representatives and 11 Individual Plaintiffs; (4) $7,500 to the California Labor and Workforce Development Agency; and (5) the Claims Administrator's fees and costs of approximately $22,000.00.

### 7. How much will my Settlement Payment be?

Based on the formula that has been preliminarily approved by the Court, your Settlement Payment is estimated to be $<<EstimatedAward>>, half of which is subject to payroll deductions for applicable taxes and withholdings like any other paycheck, for which you will receive a W-2, and half of which is not subject to deductions and will be reported on a 1099. Neither Class Counsel nor BOTW's counsel can advise you regarding the tax consequences of the Settlement. You may wish to consult with your own personal tax advisor in connection with the Settlement.

The formula that has been approved by the Court and used to calculate your Settlement Payment considers the number of weeks you worked and whether you worked in California. The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement by contacting the Claims Administrator at 1-(877)-625-9429.

The Claims Administrator used information from BOTW's records to calculate your payment. If you have questions about your calculation, you may contact the Claims Administrator at 1-(877)-625-9429 or using the information in Section 8 below. If you dispute BOTW's records and/or the calculation of your Settlement Payment, you must note your dispute on the Claim Form and provide written documentation supporting your dispute in connection with submitting your Claim Form. BOTW's records are presumed to be correct unless you prove otherwise with documentary evidence. The Claims Administrator will evaluate the information you provide and will make the final decision as to any dispute.

**Settlement checks that are not cashed within 120 days will be null and void.**

## HOW YOU GET A PAYMENT

### 8. How can I get my payment?

You must sign and return the enclosed Claim Form by the deadline to be eligible to receive a Settlement Payment. Your Claim Form must be postmarked by, or otherwise received on or before, **July 15, 2018**.

The Claims Administrator is Rust Consulting, Inc. You may return the Claim Form in the pre-stamped return envelope or by mailing, emailing, or faxing it to:

Meller v. Bank of the West
c/o Rust Consulting, Inc. – 6097
P.O. Box 54
Minneapolis, MN 55440-0054
Facsimile: (877) 740-6991
Phone: (877) 625-9429
Email: Info@BOTWsettlement.com

To be effective, the Claim Form must be completed in full and signed.

If you do not submit a Claim Form or submit an incomplete or invalid Claim Form, your Settlement Payment will remain with BOTW.

### 9. When will I get my Settlement Payment?

The Court will hold a hearing on August 9, 2018, at 12:00 p.m. CT to determine whether to give final approval to the Settlement. If the Court approves the Settlement, and there are no appeals, settlement checks will be mailed within 10 days after the expiration date of the time for an appeal to have been filed. If there is an appeal, settlement checks will be mailed within 10 days after the date of the final affirmance on appeal of the Settlement or after the date of final dismissal of the appeal, whichever is later. Please be patient.

### 10. What am I giving up by releasing my claims?

Releasing your claims means that you cannot sue, continue to sue, or be part of any other legal action against BOTW based on alleged violations of federal and/or California wage and hour laws and related laws with regard to your work as a BOTW salary-paid Customer Service Managers from October 1, 2013 up through April 16, 2018. The full language of the release is included on the final page of this Notice.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not wish to release your California state law claims, then you must take steps to exclude yourself. This is sometimes referred to as "opting out" of the settlement.

### 11. How do I opt out of the Settlement?

If you wish to exclude yourself from the Settlement, you must submit a written Opt-Out Request to the Claims Administrator, stating: (i) your name, address and telephone number; and (ii) that "I hereby request to exclude myself from the settlement in *Meller v. Bank of the West*." The Opt-out Request must be postmarked by or otherwise received on or before **July 15, 2018**.

If you submit an Opt-Out Request, you will not be eligible to receive a Settlement Payment. You will retain the right to bring your own legal action against BOTW based on the claims that are covered by this Settlement, should you choose. You should be aware that your claims are subject to a statute of limitations, which means that they will expire on a certain date.

If you ask to be excluded, you cannot object to the settlement.

### 12. If I exclude myself, can I get money from this Settlement?

No. If you exclude yourself, you will not be eligible to receive a Settlement Payment.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has decided that the lawyers at the law firms of Outten & Golden LLP and Shavitz Law Group, P.A. are qualified to represent you and all class members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. You do not need to retain your own attorney in order to participate as a Class Member. If you do not opt out of the class and want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to one-third of the Maximum Settlement Amount ($873,333.33) for their attorneys' fees. These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment of up to $40,000 for the out-of-pocket costs they incurred litigating the case. The Court may award less than these amounts. BOTW has agreed not to oppose the fee and cost requests provided the request is consistent with the Settlement Agreement.

## OBJECTING TO THE SETTLEMENT

As a California Class Member, you can tell the Court that you do not agree with the settlement or some part of it.

### 15. How do I tell the Court that I disapprove of the Settlement?

If you are a California Class Member and have not submitted an Opt-Out Request, you can object to any portion of the Settlement with which you disapprove. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object to the Settlement, send a letter to the Claims Administrator saying that you object to the Settlement which includes all of the following: (i) all reasons for objecting to the Settlement, and any supporting documentation; (ii) your name, address and telephone number; and (iii) the case name as it appears in the caption of the Complaint and the assigned case number.

As an objector, you also have the right to appear at the Fairness Hearing before the Court (explained in Sections 17 and 18 below) either in person or through your own counsel. If you wish to appear at the Fairness Hearing, you should state your intention to do so in your letter to the Claims Administrator.

Objections should be mailed to the Claims Administrator at:

Meller v. Bank of the West
c/o Rust Consulting, Inc. – 6097
P.O. Box 54
Minneapolis, MN 55440-0054

Your objection must be postmarked by or otherwise received on or before **July 15, 2018**.

### 16. What's the difference between objecting and opting out?

Objecting is telling the Court that you do not like something about the Settlement and asking the Court not to approve the Settlement as is. You can object only if you are a California Class Member and only if you stay in the Class.

Opting out (also known as excluding yourself) is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you. If you submit both an objection and an Opt-Out Request, the Claims Administrator will attempt to contact you to determine whether you intended to object or exclude yourself. If the Claims Administrator cannot reach you, it will be presumed that you intended to exclude yourself, and your objection will not be considered.

## THE COURT'S FAIRNESS HEARING

### 17. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Fairness Hearing on August 9, 2018, at 12:00 p.m. CT, at the United States District Court for Iowa Eastern District.

At the hearing, the Court will determine whether the settlement is fair, adequate, and reasonable and will consider any properly submitted objections.

### 18. Do I have to come to the Fairness Hearing?

No. Class Counsel will attend to answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court in person. As long as you have not excluded yourself and have mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## GETTING MORE INFORMATION

### 19. Are there more details about the Settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from the Claims Administrator or Class Counsel using the contact information below.

### 20. How do I get more information?

If you have other questions about the settlement, you can contact the Claims Administrator at:

Meller v. Bank of the West
c/o Rust Consulting, Inc. – 6097
P.O. Box 54
Minneapolis, MN 55440-0054
Facsimile: (877) 740-6991
Phone: (877) 625-9429
Email: Info@BOTWsettlement.com

You can also contact Class Counsel at the addresses and/or telephone numbers below.

| | | |
|---|---|---|
| Justin M. Swartz | | Gregg I. Shavitz |
| Outten & Golden LLP | | Paolo C. Meireles |
| 695 Third Avenue, 25th Floor | -or- | Shavitz Law Group, P.A. |
| New York, NY 10017 | | 1515 S. Federal Hwy, Suite 404 |
| Telephone: (212) 245-1000 | | Boca Raton, FL 33432 |
| BOTWFALawsuit@outtengolden.com | | shavitz@shavitzlaw.com |

DATED: May 16, 2018

**Do not contact the Court directly for any reason**

*Meller, et al. v. Bank of the West*

## SETTLEMENT AGREEMENT AND RELEASE

(You can get a complete copy of the Settlement Agreement from the Claims Administrator or Class Counsel.)

**Section 1.37**

Released California Claims. "Released California Claims" means all wage and hour claims under California law arising from California Class Members' employment by BOTW as exempt Customer Service Managers, excluding California Class Members who opt-out of the Settlement, for the period October 1, 2013 through the date of the Preliminary Approval Order, inclusive, including all claims for interest, penalties, liquidated damages, attorneys' fees, costs, and expenses, and claims under the California Private Attorneys General Act.

**Section 1.38**

Released Federal Claims. "Released Federal Claims" means all wage and hour claims under federal law arising from the employment by BOTW of Class Members who timely submit a Claim Form (and thus become Authorized Claimants) as exempt Customer Service Managers, for the period October 1, 2013 through the date of the Preliminary Approval Order, inclusive, including all claims for interest, penalties, liquidated damages, attorneys' fees, costs, and expenses.

**Section 10.1(A)**

By operation of the entry of the Final Approval Order, each California Class Member who does not timely opt-out pursuant to this Agreement forever and fully releases, on his or her behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, BOTW and all Releasees from the Released California Claims (as defined in Section 1.37 above). California Class Members who are also Authorized Claimants will also release the Releasees from the Released Federal Claims (as defined in Section 1.38 above).

# EXHIBIT B

MELLER V. BANK OF THE WEST
C/O RUST CONSULTING INC – 6097
PO BOX 54
MINNEAPOLIS MN 55440-0054

## IMPORTANT LEGAL MATERIALS

```
* C L M N T   I D N O *
```
- UAA - <<SequenceNo>>

FOR OFFICIAL USE ONLY

01

Page 1 of 1

<<Name 1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address 1>>
<<Address2>>
<<City>> <<State>> <<Zip 10>>
<<CountryName>>

# CLAIM FORM

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF IOWA

MARIA MELLER, EDDIE CAPOVILLA, CYNTHIA PASH, and DEBRA ANDERSON, individually and on behalf of all others similarly situated,

      Plaintiffs,

    v.

BANK OF THE WEST,

      Defendant.

**CIVIL ACTION NO.**
3:18-CV-00033-JAJ-RAW

I hereby consent to join and participate as a plaintiff for settlement purposes in the above-captioned lawsuit (the "Litigation") against Bank of the West, and to be bound by any adjudication in the Litigation. I further agree that the Plaintiffs in the Litigation shall act as my agents and make all decisions on my behalf concerning the Litigation, including the settlement thereof. I also agree to be bound by the class and collective action settlement described in the accompanying Notice. I hereby designate the law firms Outten & Golden LLP and Shavitz Law Group, P.A. to represent me in the Litigation.

Signature: _____   Date: ____ ____ / ____ ____ / ____ ____

Full Legal Name (print): _____

Maiden or other names worked under: _____

StreetAddress*:_____

City*: _____   State*: ____ ____   Zip*: ____ ____ ____ ____ ____

Home Telephone Number*: (____ ____ ____) ____ ____ ____ - ____ ____ ____ ____

Cell Phone*: (____ ____ ____) ____ ____ ____ - ____ ____ ____ ____

E-mail Address*: _____

*This information will be redacted and will not be filed in the public record. This information will be used solely for Plaintiffs' Counsel to communicate with you.





## U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA

*Meller, et al. v. Bank of the West*, **Case No. 3:18-cv-00033-JAJ-RAW**

**Please read this Notice carefully. If you worked for Bank of the West ("BOTW") as a Customer Service Manager, you may be entitled to a payment from a class and collective action lawsuit settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- On April 16, 2018, the Honorable John A. Jarvey of the United States District Court for the Southern District of Iowa granted preliminary approval of a proposed class and collective action settlement in the above-referenced Litigation. The Court has authorized the dissemination of this Notice to inform you of your options under the Settlement.

- Former BOTW Customer Service Managers filed a lawsuit against BOTW alleging that BOTW misclassified them and other BOTW Customer Service Managers as employees "exempt" from overtime and failed to pay BOTW Customer Service Managers overtime compensation for the hours they worked in excess of forty hours per week. These employees filed the lawsuit as a class action under state law and as a collective action under the Fair Labor Standards Act ("FLSA").

- You have received this notice because BOTW's records indicate that you were employed as a Customer Service Manager in the United States on or after October 1, 2013.

- BOTW has denied and continues to deny the factual and legal allegations in the Litigation and believes that it has valid defenses to Plaintiffs' claims. By agreeing to settle, BOTW is not admitting either liability on any of the factual allegations or claims in the Litigation or that the Litigation can or should proceed as a class or collective action. The Settling Parties entered into this settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense. The Court has not made any final ruling on the merits of the claims, and no party has prevailed in this action.

- Under the allocation formula created by the Settlement, your Settlement Payment is estimated to be approximately $<<EstimatedAward>>. Half of the Settlement Payment will be subject to payroll deductions for applicable taxes and withholdings, like any other paycheck, for which you will receive a W-2, and the other half will not be subject to deductions and will be reported on a 1099.

- You have a choice to make now, which will affect your legal rights::

| NON-CALIFORNIA COLLECTIVE MEMBERS<br>YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM AND OBTAIN A PAYMENT** | If you wish to participate in the Settlement and be eligible to receive a Settlement Payment, complete and mail back the enclosed "Claim Form", to the Claims Administrator, as discussed in Section 8 below. The Claim Form must be postmarked by or otherwise received on or before **July 15, 2018**.<br><br>If you choose to participate in the settlement, you will release the Released Federal Law Claims and Released State Claims discussed in Section 10 below. |
| **DO NOTHING** | If you do nothing and the Court grants final approval of the Settlement, you will not be eligible to receive a Settlement Payment. You will retain your right to file your own legal action against BOTW under federal law and some state laws, should you choose, assuming that the time period to sue has not expired. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Settlement Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this notice?

The Court ordered that you be sent this notice because you have a right to know about the proposed class and collective action settlement of the Litigation, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections and appeals are heard, Settlement Payments will be mailed to Authorized Claimants who returned Claim Forms.

This notice explains the lawsuit, the Settlement, your legal rights, and what benefits are available.

The Court overseeing this case is the United States District Court for Southern District of Iowa. The Litigation is *Meller, et al. v. Bank of the West*, Case No. 3:18-cv-00033-JAJ-RAW.

### 2. Am I covered by this Settlement?

BOTW's records state that you were employed by BOTW as an exempt (i.e., salary paid) Customer Service Manager anywhere in the United States except California at any time between October 1, 2013 and April 16, 2018 (if you are in this group, you are considered a "**Collective Members**"). Some aspects of the Settlement are different for Customer Service Managers who worked in California as opposed to other states in the United States; the information contained in this Notice is specific to Collective Members from states/jurisdictions other than California.

### 3. What is the Litigation about?

The Litigation is about whether BOTW misclassified BOTW Customer Service Managers as exempt from federal and state overtime protections and failed to pay BOTW Customer Service Managers all of their wages, including overtime compensation for the hours they worked in excess of 40 hours per week.

BOTW denies these allegations and believes that its BOTW Customer Service Managers were properly classified and received all wages, including overtime compensation, to which they were entitled. The Parties have entered into this Settlement solely with the intention to avoid further dispute and litigation with the attendant inconvenience and expense.

The Court has not made any ruling on the merits of the claims, and no party has prevailed in this action.

### 4. Why is this a class/collective action?

In a class action, one or more people called "class representatives" sue not only for themselves, but on behalf of other people who have similar claims. The people are called "class members" and together are the "class." Similarly, in a collective action, one or more people can seek to represent a "collective" of similarly situated people. The individuals who initiated this class/collective action are called the "Plaintiffs." In a class/collective action, the Plaintiffs ask the court to resolve the issues for every member the class and collective.

### 5. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or BOTW. Both sides believe they will prevail in the Litigation, but there was no decision in favor of either party. Instead, the Parties have agreed to resolve this matter solely in order to avoid the burden, expense and risks associated with continued litigation. The Plaintiffs and Class Counsel think the settlement is in the best interests of all Class Members.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6. What does the Settlement provide?

BOTW has agreed to pay a total of up to $2,620,000.00 (the "Maximum Settlement Amount"). The Maximum Settlement Amount will be used to pay: (1) the Authorized Claimants; (2) Class Counsel's approved attorneys' fees of up to $873,333.33 (one-third of the Maximum Settlement Amount) and costs of approximately $40,000; (3) awards of $8,000 each to the four Class Representatives and 11 Individual Plaintiffs; (4) $7,500 to the California Labor and Workforce Development Agency; and (5) the Claims Administrator's fees and costs of approximately $22,000.00.

**7. How much will my Settlement Payment be?**

Based on the formula that has been preliminarily approved by the Court, your Settlement Payment is estimated to be $<<EstimatedAward>>, half of which is subject to payroll deductions for applicable taxes and withholdings like any other paycheck, for which you will receive a W-2, and half of which is not subject to deductions and will be reported on a 1099. Neither Class Counsel nor BOTW's counsel can advise you regarding the tax consequences of the Settlement. You may wish to consult with your own personal tax advisor in connection with the Settlement.

The formula that has been approved by the Court and used to calculate your Settlement Payment considers the number of weeks you worked and whether you worked in California. The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement by contacting the Claims Administrator at 1-(877)-625-9429.

The Claims Administrator used information from BOTW's records to calculate your payment. If you have questions about your calculation, you may contact the Claims Administrator at 1-(877)-625-9429 or using the information in Section 8 below. If you dispute BOTW's records and/or the calculation of your Settlement Payment, you must note your dispute on the Claim Form and provide written documentation supporting your dispute in connection with submitting your Claim Form. BOTW's records are presumed to be correct unless you prove otherwise with documentary evidence. The Claims Administrator will evaluate the information you provide and will make the final decision as to any dispute.

**Settlement checks that are not cashed within 120 days will be null and void.**

## HOW YOU GET A PAYMENT

**8. How can I get my payment?**

You must sign and return the enclosed Claim Form by the deadline to be eligible to receive a Settlement Payment. <u>Your Claim Form must be postmarked by, or otherwise received on or before, **July 15, 2018**</u>.

The Claims Administrator is Rust Consulting, Inc. You may return the Claim Form in the pre-stamped return envelope or by mailing, emailing, or faxing it to:

Meller v. Bank of the West
c/o Rust Consulting, Inc. – 6097
P.O. Box 54
Minneapolis, MN 55440-0054
Facsimile: (877) 740-6991
Phone: (877) 625-9429
Email: Info@BOTWsettlement.com

To be effective, the Claim Form must be completed in full and signed.

If you do not submit a Claim Form or submit an incomplete or invalid Claim Form, your Settlement Payment will remain with BOTW.

**9. When will I get my Settlement Payment?**

The Court will hold a hearing on August 9, 2018, at 12:00 p.m. CT to determine whether to give final approval to the Settlement. If the Court approves the Settlement, and there are no appeals, settlement checks will be mailed within 10 days after the expiration date of the time for an appeal to have been filed. If there is an appeal, settlement checks will be mailed within 10 days after the date of the final affirmance on appeal of the Settlement or after the date of final dismissal of the appeal, whichever is later. Please be patient.

**10. What am I giving up by releasing my claims?**

Releasing your claims means that you cannot sue, continue to sue, or be part of any other legal action against BOTW based on alleged violations of federal and/or various state wage and hour laws and related laws with regard to your work as a BOTW salary-paid Customer Service Managers from October 1, 2013 up through April 16, 2018. The full language of the release is included on the final page of this Notice.

## THE LAWYERS REPRESENTING YOU

**11. Do I have a lawyer in this case?**

The Court has decided that the lawyers at the law firms of Outten & Golden LLP and Shavitz Law Group, P.A. are qualified to represent you and all class members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. You do not need to retain your own attorney in order to participate as a Class Member. If you do not opt out of the class and want to be represented by your own lawyer, you may hire one at your own expense.

**12. How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to one-third of the Maximum Settlement Amount ($873,333.33) for their attorneys' fees. These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment of up to $40,000 for the out-of-pocket costs they incurred litigating the case. The Court may award less than these amounts. BOTW has agreed not to oppose the fee and cost requests provided the request is consistent with the Settlement Agreement.

## THE COURT'S FAIRNESS HEARING

**13. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Fairness Hearing on August 9, 2018 at 12:00 p.m. CT, at the United States District Court for Iowa Eastern Division. At the hearing, the Court will determine whether the settlement is fair, adequate, and reasonable.

**14. Do I have to come to the Fairness Hearing?**

No. Class Counsel will attend to answer questions the Court may have. But, you are welcome to come at your own expense. You may also pay your own lawyer to attend, but it is not necessary.

## GETTING MORE INFORMATION

**15. Are there more details about the Settlement?**

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from the Claims Administrator or Class Counsel using the contact information below.

**16. How do I get more information?**

If you have other questions about the settlement, you can contact the Claims Administrator at:

Meller v. Bank of the West
c/o Rust Consulting, Inc. – 6097
P.O. Box 54
Minneapolis, MN 55440-0054
Facsimile: (877) 740-6991
Phone: (877) 625-9429
Email: Info@BOTWsettlement.com

You can also contact Class Counsel at the addresses and/or telephone numbers below.

| | | |
|---|---|---|
| Justin M. Swartz | | Gregg I. Shavitz |
| Outten & Golden LLP | | Paolo C. Meireles |
| 695 Third Avenue, 25th Floor | -or- | Shavitz Law Group, P.A. |
| New York, NY 10017 | | 1515 S. Federal Hwy, Suite 404 |
| Telephone: (212) 245-1000 | | Boca Raton, FL 33432 |
| BOTWFALawsuit@outtengolden.com | | shavitz@shavitzlaw.com |

DATED: May 16, 2018

**Do not contact the Court directly for any reason**

*Meller, et al. v. Bank of the West*

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

(You can get a complete copy of the Settlement Agreement from the Claims Administrator or Class Counsel.)

**Section 1.38**

Released Federal Claims. "Released Federal Claims" means all wage and hour claims under federal law arising from the employment by BOTW of Class Members who timely submit a Claim Form (and thus become Authorized Claimants) as exempt Customer Service Managers, for the period October 1, 2013 through the date of the Preliminary Approval Order, inclusive, including all claims for interest, penalties, liquidated damages, attorneys' fees, costs, and expenses.

**Section 10.1(B)**

By operation of the entry of the Final Approval Order, each FLSA Collective Opt-In forever and fully releases, on his or her behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, BOTW and all Releasees from the Released Federal Claims (as defined in Section 1.38 above). FLSA Collective Opt-Ins will also release the Releasees from any and all applicable state law wage and hour claims arising from their employment by BOTW as exempt Customer Service Managers, for the period October 1, 2013 through the date of the Preliminary Approval Order, inclusive, including all claims for interest, penalties, liquidated damages, attorneys' fees, costs, and expenses.

# EXHIBIT C



2



* C O R R *



* R U S T *

**Call Center**

Bretley D Hanson, CFE
In Re. Meller v. Bank of the West
18793 Benfield Avenue
Lake Oswego, OR 97035

RECEIVED JUL 5 - 2018

**Meller v. Bank of the West**
**Case No. 3:18-CV-00033-JAJ-RAW**
C/O Rust Consulting Inc. 6097
PO Box 54
Minneapolis, MN 55440-0054

Carbon Copy:
Justin M Swartz
Outten & Golden LLP
695 Third Avenue, 25th floor
New York, NY 10017;

Gregg I Shavitz, Paolo C Meireles
Shavitz Law Group, PA
1515 S Federal Hwy., Suite 404
Boca Raton, FL 33432

To Whom It May Concern:

My name is Bretley Hanson; I was a CSM (Customer Service Manager) for over two years with Bank of the West in the state of Oregon from approximately May 2012 to January 2015. I served the position with pride, as I represented what I believed to be a good bank and worked with honorable colleagues day in and day out. I am, for the time being, avoiding hiring council of my own to avoid unnecessary groundless appeals which could delay the overall legal process and incur additional fees. However, I will not accept the estimated settlement payment of $622.44 as this amount is an insult to me and other nonnamed class members and wish to object with details below.

I would like to state an objection to the furtherance of the class action lawsuit Meller, et al. v. Bank of the West, Case No. 3:18-cv-00033-JAJ-RAW (Meller v. BotW) for reasons related to the overall payment amount being unreasonable and inadequate, and procedural flaws regarding the lack of details related to the case leading to an unclear understanding of the settlement terms. I do not consent to join and participate as a plaintiff, nor bound by any adjudication in the litigation. I do not designate the law firms Outten & Golden LLP and Shavitz Law Group, PA to represent me.

The maximum payment amount seems both grossly and materially understated if the reality of the lawsuit is to consider years of overtime work performed by all CSM's excluding those employed in California. The amount does not provide a reasonable pay-out for the affected employees with an obvious error in the formula utilized to calculate the maximum payout. I realize the court is not overly concerned with the fairness of the payout but rather the proper procedure taken by both the plaintiffs' and defendant's legal counsel, but this issue needed to be highlighted since the class counsel does not appear to be adequately representing the interests of the class nor performing their basic fiduciary obligations, and the district court may serve as a guardian of the rights of all class members.

The breakdown of maximum payouts of one third to the counsel and two thirds to the plaintiffs, or employees, who feel wronged (rightly so, in my opinion) is especially and ironically insulting in this legal matter as it is clear that not only Bank of the West undervalued the worth of the employees' time as well as abused its power as a large employer to convince the employees that the position of CSM (Customer Service Manager) was a promotion as opposed to the more appropriate term – inflated title. Currently, the plaintiffs' counsel has assured to right this previous wrong, but they are repeating the same offence by accepting such a large portion of the payout. In short, if the legal counsel for the plaintiffs were one-third of the total number of individuals (to include legal counsel, named members, and nonnamed members), then a one-third portion would be fair, but this is not the case. I am almost certain plaintiffs' counsel has worked more closely with the defendant as opposed to class members.

The one-page claim form and attached four-page case information did not explain how to object to the case which is by far the most important procedural flaw, nor did the case information include a way to opine

regarding the percentage break-down of the disbursement of maximum settlement amount.  Nor did the case information explain the variances of payouts for long-term CSM's versus CSM who were in the position for less than one year as well as different pay-scales pertaining to CSM class members.

I strongly urge you to throw out the current agreement based on these material, objective, measurable flaws forcing counsel for both the plaintiffs and defendant to agree upon terms that put the former CSM's grievances first, above the payout portion to the lawyers as well as the pride of BotW who wishes to avoid the admittance of abuse.

Thank you so much for taking the time to hear my concern, as well as your expertise in the matter of monitoring this matter with the diligence and due care so heavily needed and relied upon.

Bretley Hanson, CFE

July 3rd, 2018

This letter is intended to be sent to the Honorable John A Jarvey of the United States District Court for the Southern District of Iowa on or before July 9th, 2018 pending further communication with the plaintiffs' legal counsel.

**Bullard, Kristen**

| | |
|---|---|
| **From:** | Bret Hanson <brethanson@consultbluewater.com> |
| **Sent:** | Tuesday, July 03, 2018 11:48 AM |
| **To:** | botwsettlement |
| **Cc:** | botwfalawsuit@outtengolden.com; shavitz@shavitzlaw.com |
| **Subject:** | Objection to Meller v Bank of the West Case No 3:18-CV-00033-JAJ-RAW |
| **Attachments:** | Objection Letter BotW.pdf |

Please see attached.


Kind Regards,
Bretley Hanson, CFE



**Bluewater Transaction Advisors LLC**
Bretley Hanson
Field Examiner, Lender Analytics Group
**Direct: 503.504.9344**
**Office: 586.558.8888**
Fax: 586.279.0709
**Email:** brethanson@consultbluewater.com
**Website:** https://consultbluewater.com [consultbluewater.com]

[twitter.com] [linkedin.com]

Confidential: No, really. This message and attachments contain confidential information from **Bluewater Transaction Advisors LLC** intended for the addressee only. If you are not the addressee, any disclosure, duplication, distribution or use of the contents of this message is prohibited. If you have received this message in error, please notify us immediately and destroy the original message and all copies. Neither the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.