Dorothy A. O'Brien
O'Brien & Marquard, P.L.C.
2322 E. Kimberly Road Ste. 100E
Davenport, IA 52807
Telephone: (563) 355-6060
Fax: (563) 355-6666
E-mail: dao@emprights.com

Justin M. Swartz (*pro hac vice* admitted)
Sally J. Abrahamson (*pro hac vice* admitted)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Fax: (212) 977-4005
E-mail: jms@outtengolden.com
E-mail: sabrahamson@outtengolden.com

Gregg I. Shavitz (*pro hac vice* admitted)
Paolo Meireles (*pro hac vice* admitted)
SHAVITZ LAW GROUP, P.A.
951 Yamato Rd, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
E-mail: gshavitz@shavitzlaw.com
E-mail: pmeireles@shavitzlaw.com

*Attorneys for Plaintiffs and proposed Collective and Class Members*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| MARIA MELLER, DEBRA ANDERSON, CYNTHIA PASH, and EDDIE CAPOVILLA, on behalf of themselves and those similarly situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>BANK OF THE WEST,<br><br>             Defendant. | Case No.: 3:18-cv-00033-JAJ-RAW<br><br>**AFFIDAVIT OF GREGG I. SHAVITZ IN SUPPORT OF MOTIONS FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE PAYMENTS** |

I, Gregg I. Shavitz, declare as follows:

1.      I am a partner and founder of the Shavitz Law Group, P.A. ("SLG") in Boca Raton, Florida.  SLG is a seven attorney firm based in Boca Raton, Florida with an office in New York, New York, that focuses on representing workers as plaintiffs in employment-related matters, including claims based upon individual and class-wide violations of state and federal wage and hour laws.  Along with lawyers from Outten & Golden LLP ("O&G") and O'Brien & Marquard, P.L.C. ("O&M"), SLG serves as Plaintiffs' Counsel in this matter.

2.      I have been one of the lawyers primarily responsible for prosecuting Plaintiffs' claims on behalf of the collective and class.

3.      I make these statements based on personal knowledge and would so testify if called as a witness.

**Firm and Attorney Background**

4.      I am a graduate of the University of Miami School of Law with an undergraduate degree from Tufts University.

5.      I am an experienced trial attorney and member of the bar of the U.S. District Court for the Southern District of Florida and the Florida Bar since 1994, and am also admitted to U.S. District Courts for the Middle and Northern Districts of Florida, the United States Eleventh Circuit Court of Appeals, and United States Third Circuit Court of Appeals.

6.      Additionally, I have lectured in the past at seminars sponsored by the Labor and Employment Section of the Florida Bar, and have spoken at the Labor and Employment Section Certification Review Seminar on two separate occasions as well as the Academy of Florida Trial Lawyers Workhorse Seminars.  I have also been awarded Florida Trend Magazine's Legal Elite for various years including 2014 and 2015 in the area of Labor & Employment law; Florida Super Lawyers – Super Lawyer, Employment & Labor – 2013-2017; Top Lawyer Up and Comer

– Wage and Hour law – 2004, 2006 and 2009; and South Florida Legal Guide – Top Lawyers List – 2009-2018, among other awards and honors.  I have also earned the distinction of Top Lawyer in Palm Beach Illustrated (2011) and am a lifelong fellow of the Florida Bar Foundation.

7.      I have held the highest AV Peer Review Rating from LexisNexis Martindale-Hubbell for preeminent attorneys from 2000 to the present.

8.      My practice concentrates on representing plaintiffs in FLSA cases.  Since the founding of SLG in 1999, the firm has represented employees in employment-related matters, including claims based upon individual and class-wide violations of state and federal wage and hour laws in Florida and across the United States.

9.      Attorney Paolo C. Meireles became an Associate Attorney with SLG in 2012, and became a Partner in January 2018.  After receiving his Juris Doctor degree from Fordham University in 2010, he was admitted to the New Jersey and New York Bars in November 2010 and February 2011, respectively.  Mr. Meireles relocated to Florida and became a member of the Florida Bar in September 2011.  Mr. Meireles is also admitted to the Second Circuit Court of Appeals and the U.S. District Courts for the Southern District of Florida, the Middle District of Florida, the Northern District of Florida, the Northern District of New York, the Southern District of New York, the District of New Jersey, the Eastern District of Michigan, the Northern District of Ohio, and the District of Colorado.

10.     Attorney Susan H. Stern was Of Counsel to SLG from 2011 through mid-2017.  Ms. Stern is an employment attorney with 25 years' experience litigating complex commercial and employment matters as well as wage and hour class/collective cases.  She has represented both employees and management in federal and state courts throughout the United States and before various administrative agencies.   Ms. Stern has been a member of the Florida Bar since

1990 when she received her Juris Doctor degree, *cum laude*, from Georgetown University Law Center.  She joined SLG in 2011 after garnering years of experience in complex employment litigation with Jackson Lewis LLP in Miami, Florida, and Proskauer Rose in Boca Raton, Florida.  Ms. Stern is admitted to the Florida Bar, the U.S. District Courts for the Southern District of Florida, the Middle District of Florida, the Northern District of Florida, and the District of Colorado, as well as the Eleventh Circuit Court of Appeals.  Ms. Stern also is AV rated by Martindale Hubble.

11.   SLG has significant experience prosecuting wage and hour class and collective actions such as this one.  In recent years, the firm has served or been appointed as class counsel or co-class counsel in the following cases, among others:

*Aboud v. Charles Schwab & Co.*, No. 14 Civ. 2712 (S.D.N.Y.)

*Amador v. Morgan Stanley & Co, LLC.*, Case 11 Civ 4326 (S.D.N.Y.)

*Beckman v. KeyBank, N.A.*, Case No. 12 Civ. 7836 (S.D.N.Y.)

*Besic v. Byline Bank, Inc., et al.*, Case No.15 C 8003 (N.D. Ill.)

*Biscoe-Grey v. Sears Holding Corp.*, Case No. 09-81408-Civ-Marra / Johnson (S.D. Fla.)

*Blum, et al. v. Merrill Lynch & Co., Inc.*, Case No. 15-cv-1636 (S.D.N.Y.)

*Briggs v. PNC Fin. Servs. Gr.*, No. 15 Civ. 10447 (N.D. Ill.)

*Calabresi  v. TD Bank, N.A.,* Case No. 13 Civ. 0637 (E.D.N.Y.)

*Cerrone v. KB Home Florida, LLC et al.*, Case No. 07-14402-Civ-Martinez (S.D. Fla.)

*Clem v. Keybank, N.A.*, Case No. 13 Civ. 789 (S.D.N.Y.)

*Danley v. Office Depot, Inc., et al.*, Case No. 9:14-cv-81469-KAM (S.D. Fla)

*Davis v. Armed Forces Bank, N.A.,* Case No. 562015 CA 000814 (July 29, 2015 Order – Circuit Court 19th Judicial Circuit in & for St. Lucie County).

*Ellerd v. County of Los Angeles,* Case No. CV05-1211 SVW (CWX) (C.D. Cal.)

*Fiore v. Goodyear Tire & Rubber Co.*, Case No. 2:09-CV-843-FtM-29SPC (M.D. Fla.)

*Heitzenrater, et al. v. Officemax, Inc., et al.,* No. 12 Civ. 900S (W.D.N.Y.)

*Hernandez v. Merrill Lynch & Co., Inc., et al.*, Case No. 11 Civ. 8472 (S.D.N.Y.)

*Hirst, et al. v. M&T Bank, et al.*, No. 511428/2015 (N.Y. Sup. Ct.)

*Hosier v. Mattress Firm, Inc.*, Case No. 3:10-cv-00294-TJC-JRK (M.D. Fla.)

*Koszyk v. Country Fin.*, No. 16 Civ. 3571 (N.D. Ill.)

*Lewis v. Iowa College Acq. Corp. & Kaplan Higher Educ. Corp.*, Case No. 08-61011-Civ-Jordan (S. D. Fla.)

*Long v. HSBC USA Inc.*, Case No. 14-cv-6233 (S.D.N.Y.)

*Mancia V. HSBC Securities (USA) Inc.,* No. 9400/2015 (S. Ct. NY)

*Mayfield v. Lennar Corp.*, Case No. 6:08-cv-426-Orl-31-DAB (M.D. Fla.)

*McCue v. MB Financial, Inc. et al.*, Case No. 15 cv 988 (E.D. Ill.)

*Nash v. CVS Caremark Corp.*, Case No. 09 Civ. 79 (D.R.I.)

*Palacio v. E*TRADE Financial Corp., et al.*, Case No. 10 Civ. 4030 (S.D.N.Y.)

*Patterson v. Palm Beach County School Board*, No. 07 Civ. 80240 (S.D. Fla.)

*Prena v. BMO Financial Corp.*, et al., Case No. 1:14-cv-09175 (N.D. Ill.)

*Puglisi v. TD Bank N.A.*, Case 13 Civ 6037 (E.D.N.Y.)

*Raley v. Kohl's Corporation, et al.*, Case No. 8:09-cv-2340 (M.D. Fla.)

*Reiburn, et al. v. Merrill Lynch & Co., Inc.*, Case No. 15-cv-2960 (S.D.N.Y.)

*Robbins v. Abercrombie & Fitch Co.*, Case No. 15-cv-6187 (W.D.N.Y.)

*Roberts v. TJX Companies, Inc., et al.*, Case No. 13-cv-13142 (D. Mass)

*Romero v. Florida Power & Light Company*, Case No. 6:09-cv-1401-Orl-35-GJK (M.D.

Fla.)

*Saliford v. Regions Financial Corp. et al.*, Case No. 10-610310-CIV-Torres (S.D. Fla.)

*Simpkins v. Pulte Home Corporation*, 6:08-cv-00130-PCF-DAB (M.D. Fla.)

*Snodgrass v. Bob Evans Farms, Inc.*, No. 12-cv-768 (S.D. Ohio)

*Stallard v. Fifth Third Bank, et al*, Case No. 2:12-cv-01092 (W.D. Pa.)

*Stewart v. Prince Telecom, et al.*, Case No. 10-civ-4881 (S.D.N.Y.)

*Waggoner v. U.S. Bancorp. et al.*, No. 14-cv-1626 (N.D. Ohio)

*Watson v. BMO Financial Corp., et al.*, No. 15 cv 11881 (E.D. Ill.)

*Wright v. Flagstar Bank FSB et al.*, Case No. 13 Civ. 15069 (E.D. MI.)

*Yuzary v. HSBC Bank USA, N.A.*, Case No. 12 Civ. 3693 (S.D.N.Y.)

*Zeltser v. Merrill Lynch & Co., Inc., et al.*, Case No. 13 Civ 1531 (S.D.N.Y.)

*Zolkos v. Scriptfleet, Inc.*, No. 12 Civ. 8230 (N.D. Ill.)

**Time Spent on the Litigation**

12.     Plaintiff's Counsel is requesting one-third of the settlement fund for attorneys' fees.  In our experience, law firms that represent plaintiffs in employment matters like this matter typically charge their clients legal fees of at least one-third of their gross recoveries when they represent them on a contingency fee basis.

13.     Counsel's skill and experience were directly responsible for bringing about the positive settlement in the instant case and weigh in favor of granting the requested fees.

14.     As of July 26, 2018, SLG has spent more than 354.6 hours investigating, researching, mediating, and settling this case.  This number includes approximately 327.3 attorney hours and 27.3 paralegal hours.  As of July 26, 2018, SLG's lodestar on the case was $158,440.00.

15.     Due to the experience of its attorneys in representing workers in litigation of this type, SLG is adept at minimizing duplication of efforts and maximizing billing judgment.  SLG makes every effort to have the work performed by the attorney or paralegal with the lowest hourly rate who is able to effectively perform each task.

16.     The hours reported are reasonable for a case of this complexity and size and were compiled from contemporaneous time records maintained by each attorney and paralegal participating in the case.

17.     SLG ordinarily and regularly bills legal time on an hourly fee basis by the tenth of an hour, based upon each attorney's standard hourly rate.   Currently, SLG's complex litigation rates range from $350 to $600 per counsel's hour, $150 per law clerk's hours, and $150 per hour for paralegals and legal assistants.  The rates of the SLG attorneys who worked on this matter are as follows:

Gregg I. Shavitz, Esq.          $600

Susan H. Stern, Esq.          $550

Paolo C. Meireles, Esq.          $350

18.     When SLG lawyers spend time on selected contingency matters, they do so at significant risk and opportunity cost for the firm.  SLG frequently turns away additional cases, including hourly litigation matters and other contingency matters, in order to enable its attorneys to work on pending contingency matters, primarily (though not exclusively) class or collective actions.

19.     The requested attorneys' fees are not based solely on time and effort already expended; they are also meant to compensate Plaintiff's Counsel for time that they will be required to spend administering the settlement in the future.  In our experience, administering

class settlements of this nature and size requires a substantial and ongoing commitment. Plaintiff's Counsel expects to respond to more inquiries after final approval.

**<u>Costs Incurred in the Litigation</u>**

20.     In addition to its fees, SLG has incurred approximately $4,644.51 in out-of-pocket costs prosecuting this litigation, which were incidental and necessary to the representation of the class and which include investigation of Plaintiffs' claims and travel to and from out-of-state mediation.  *See* Exhibit A (costs summary).

*     *     *

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: July 26, 2018

Respectfully submitted,

_____
Gregg I. Shavitz

# Exhibit A

# Exhibit A

**Shavitz Law Group, P.A. Costs**

| | |
|---|---:|
| **Travel** | $1,962.17 |
| **Lodging and Meals** | $2,532.34 |
| **Filing Fees** | $150.00 |

| | |
|---|---:|
| **TOTAL** | $4,644.51 |