## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| MARIA MELLER, DEBRA ANDERSON, CYNTHIA PASH, and EDDIE CAPOVILLA, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>BANK OF THE WEST,<br><br>    Defendant. | Case No.: 18-cv-00033-JAJ-RAW |

## ORDER GRANTING PLAINTIFFS' MOTIONS FOR CERTIFICATION OF THE CALIFORNIA SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE PAYMENTS

This matter came before the Court on Plaintiffs' Motions for Certification of the California Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement; Motion for Approval of Service Payments; and Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Final Approval Motions"). Defendant does not oppose the Motions.

1.  Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of Certification of the California Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement, the Declaration of Justin M. Swartz ("Swartz Decl."), all other papers submitted in connection with Plaintiffs' Final Approval Motions, and the arguments of counsel during the August 9, 2018 Fairness Hearing, the Court grants final approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement"), attached to the Swartz Decl. as Exhibit A, which provides for a Maximum Settlement Amount of

$2,620,000.00, and "so orders" all of the terms of the Settlement Agreement which are incorporated herein.  Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2.      For the reasons set forth in Plaintiffs' Memorandum of Law, this Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met warranting class certification of the California Class for purposes of effectuating the settlement.

3.      Outten & Golden LLP, Shavitz Law Group, P.A., and O'Brien & Marquard, P.L.C., whom the Court previously appointed as Class Counsel, satisfy the adequacy requirements of Rule 23(a)(4).

4.      The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the release of claims.  Based on its review of the Settlement Agreement, Plaintiffs' Memorandum of Law, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the parties after Plaintiffs' Counsel and Defendant's Counsel had fully investigated the claims and became familiar with the strengths and weaknesses of the claims.  The assistance of a neutral mediator supports the Court's finding that the settlement is not collusive.  Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of settlement approval.

5.      The Court finds that the Settlement Agreement satisfies all the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3).

6.      The Parties' dissemination of the Notices to the Class via First Class United States Mail to the last known address of each Class Member was in accordance with Sections

2

4(B) and 4(C) of the Settlement Agreement. The Court finds that the procedures for notifying the Class Members about the settlement constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Notice to the Class Members provided adequate, due, sufficient and valid notice of the settlement.

7.  The Court approves the settlement and all terms set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding on all members of the California Class who have not timely and properly opted out pursuant to Section 5 of the Settlement Agreement.

8.  Based on the foregoing, the Court certifies the California Class for purposes of effectuating this settlement.

9.  Based on the foregoing, the Court grants final approval of the Class Action Settlement.

10.  For the reasons set forth in Plaintiffs' Memorandum of Law in Support of Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement, the potential opt-in FLSA Plaintiff's objections are overruled. The potential opt-in FLSA Plaintiff does not have standing to object and, even if he did, his objections are without merit.

11.  Based on the foregoing, the Court grants approval of the Fair Labor Standards Act Settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes.

12.  The Court finds reasonable the Service Awards for Class Plaintiffs Maria Meller, Eddie Capovilla, Cynthia Pash, and Debra Anderson in the amount of $8,000 each in recognition of the services they rendered on behalf of the class. This amount shall be paid from the

3

Qualified Settlement Fund.

13.     The attorneys at Outten & Golden LLP, Shavitz Law Group, P.A., and O'Brien & Marquard, P.L.C. who prosecuted this case are experienced class action employment lawyers with good reputations among the employment law bar.  The Court grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $873,333.33 in attorneys' fees, which is one-third of the Maximum Settlement Amount, plus $31,375.72 in costs and expenses reasonably expended litigating and resolving the lawsuit.  The proposed expenses and fees are fair and reasonable and adequately reflect the risk counsel took in pursuing the case and a fair market value for the services provided.  This conclusion is supported by the tangible benefits conferred on the class as a result of the legal services provided by Plaintiffs' Counsel, the complex nature of the litigation, the substantial risks involved, the quality of work performed, and the efficient manner in which this litigation was resolved.  These amounts shall be paid from the Qualified Settlement Fund.

14.     The Court approves the Settlement Claims Administrator's fees of $22,000.00. This amount shall be paid from the Qualified Settlement Fund.

15.     If no individual or party appeals this Order, the Final Effective Date of the settlement will be 30 days after the Order is entered.  If such an appeal is timely filed, the latest of the following, if applicable, becomes the Final Effective Date: (1) any appeal from the Final Approval Order has been finally dismissed; (2) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form entered by the Court.

4

16.    The Settlement Claims Administrator will mail Settlement Checks to Authorized

Claimants, Service Awards to Class Plaintiffs, and the California Private Attorneys General Act

penalty to California's Labor and Workforce Development Agency, and shall wire Class

Counsel's Fee and Expense Award to Class Counsel 10 days after the Final Effective Date.

17.    Upon the fulfillment of all settlement terms, the entire Litigation will be

dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as

provided in the Settlement Agreement and this Order.

18.    The Court retains jurisdiction over the interpretation and implementation of the

Settlement Agreement, as well as any and all matters arising out of, or related to, the

interpretation or implementation of this Settlement Agreement and of the Settlement

contemplated thereby.

19.    The parties shall abide by all terms of the Settlement Agreement.

**DATED** this 1st day of October, 2018.

John A. Jarvey, Chief Judge
United States District Court
Southern District of Iowa